UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60591-DAMIAN

CONSWALLO TURNER, TIESHA
FOREMAN, ANGELINA WELLS,
VERONICA KING, NAVAQUOTE, LLC
and WINN INSURANCE AGENCY, LLC,
individually and on behalf of all others
similarly situated,

**CLASS ACTION**
(Jury Trial Demanded)

      Plaintiffs,

v.

ENHANCE HEALTH, LLC,
TRUECOVERAGE, LLC,
SPERIDIAN TECHNOLOGIES, LLC,
NUMBER ONE PROSPECTING, LLC
d/b/a MINERVA MARKETING,
MATTHEW B. HERMAN and
BRANDON BOWSKY,

      Defendants.
_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT TRUECOVERAGE, LLC**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs serve their First Request for Production of Documents to Defendant TD Ameritrade, Inc., and requests that it produce the documents and communication described below within the time prescribed by the Rules of Civil Procedure.

**DEFINITIONS**

1. The terms "You," "Your," "Yours" or "TrueCoverage" mean Defendant TrueCoverage, LLC including its present and former officers, directors, employees, agents,

affiliates, associated or related companies, and any persons or entities acting or authorized to act on its behalf.

2.      "Communication(s)" means the transmittal of information (in the form of acts, ideas,  inquiries or otherwise, either orally or in writing), including but not limited to correspondence, packages, conversations, meetings, discussions, telephone calls, telegrams, telexes, telecopies, seminars, conferences, text messages (whether by SMS, applications such as "WhatsApp," Skype, Rackspace, Slack, MME, or otherwise), group chats, messages, notes, e-mails and memoranda. The transmission of documents or things by mail, courier or electronic service or otherwise is included, without limitation, in the definition of "Communication(s)."

3.      "Document(s)" shall include electronically stored information ("ESI") and is used in its customary broad sense. It shall not be limited in any way with respect to the process by which any Document was created, generated, or reproduced, or with respect to the medium in which the Document is embodied; and shall include, by way of example and without any limitation, all "documents," "electronically stored information," or "tangible thing" as contained in Rule 34 of the Federal Rules of Civil Procedure, as well as all "writings," "recordings," and "photographs" as defined by Rule 1001 of the Federal Rules of Evidence, and any kind of tangible material in any medium of any type, upon which intelligence or information is recorded, or from which intelligence or information can be perceived, whether in writing, recorded, stored, microfilmed, microfiched, photographed, computerized, reduced to electronic or magnetic impulse, or otherwise preserved or rendered. Documents further include, without limitation, materials maintained in electronic, magnetic or other storage media, including those maintained in computers, electronic or magnetic tapes or diskettes, and any on-site or off-site backup or so- called "erased" or "deleted" computer information that may be susceptible to retrieval.

## INSTRUCTIONS

1. Documents should include all attachments, exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

2. All Documents shall be provided in either native file ("native") or single-page 300 dpi- resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry- standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

3. Database load files shall consist of: (i) a comma-delimited values (.dat) file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (.opt) file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder. If any of the Documents produced in response to these Requests are designated as confidential pursuant to a Protective Order or Confidentiality Agreement between You and Plaintiffs, in addition to marking the Documents with the brand

"CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

4. Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Plaintiffs, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

5. All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Plaintiffs.

6. With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables Plaintiffs to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

      a. XML format file(s);

      b. Microsoft SQL database(s);

      c. Access database(s); and/or

      d. fixed or variable length ASCII delimited files.

7. All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

8. All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

9. Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent document/child attachment boundaries, folder

boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

10. Unless otherwise indicated, the time period for the Requests is Time Period" means January 1, 2022, through the present.

### REQUESTS FOR PRODUCTION

1. All internal communications, including but not limited to emails, text messages, Microsoft Teams Group Chats recorded Teams meetings or video conferences to or from your call centers in Deerfield Beach, Florida, Miami, Florida, Boca Raton, Florida, Savannah, Georgia, Dallas, Texas, and/or Albuquerque, New Mexico discussing or relating to agent training, agent termination(s), complaints by agents, consumer complaints, switching customers health plans, reenrolling consumers with or without consent, advertisements, leads, compensation, bonuses, cash benefits, cash cards, checks, CMS, state insurance regualtors, subsidies and/or sales scripts.

2. All communications to or from any third party, including but not limited to text messages, emails, Microsoft Teams Group Chats recorded Teams meetings or video conferences to or from your call centers in Deerfield Beach, Florida, Miami, Florida, Boca Raton, Florida, Savannah, Georgia, Dallas, Texas, and/or Albuquerque, New Mexico discussing or relating to agent training, agent termination(s), complaints by agents, consumer complaints, switching customers health plans with or without consent, reenrolling consumers with or without consent, advertisements, leads, compensation, bonuses, cash benefits, cash cards, $0 health insurance, checks, CMS, state insurance regulators, subsidies and/or sales scripts.

3. All communications discussing or relating to CMS income attestation forms between January 31, 2024, through the present.

4. All communications from January 1, 2024 by and between Matthew Goldfuss, Gabriel Harrison, Evelyn Harrison, Kevin Hale, Michele Wilson, Donna Silver, Mario Roca, Michael Richardson, Lanette Alonso, Garish Panicker, Julie Whitener, Jordon Moe, Trevor (IT employee at Deerfield Beach call center), Kenny Goldfuss, and/or Ali Hassan discussing or relating to discussing or relating to agent training, consumer complaints, switching customers health plans, reenrolling consumers with or without consent, advertisements, leads, compensation, bonuses, cash benefits, cash cards, $0 health insurance, checks, CMS, state insurance regualtors, subsidies and/or sales scripts.

5. All documents that were altered, deleted or destroyed from January 1, 2024 to the present.

6. All data in your dialer systems, including Total Leads Domination (TLD) and your internal dialer, MME.

7. All documents and communications to and from Matthew Goldfuss related to the purchase and/or sale of leads and advertisements used to generate consumer leads to your agents or to your downline agencies listed in Exhibit A.

8. All documents sufficient to identify your downline agencies including but not necessarily limited to those listed in Exhibit A, including any agreements between the downline agencies and you.

9. All communications between Matthew Goldfuss and any the downline agencies listed in Exhibit A.

10. All documents and communications between Gabriel Harrison and any the downline agencies listed in Exhibit A, including training materials.

# EXHIBIT A

ACA Helpline LLC
Axis Health Group, Inc.
CContreras Insurance
Compass Health Agency LLC d/b/a Atlantic Senior Benefits
Empire Marketing and Events LLC d/b/a HVO Insurance Services
HVO Insurance Services
Engage Health Insurance LLC
Ensure Health Group Corp.
Envoy Benefits Solutions LLC
Every Health Group Inc.
Family Health First LLC
Health Coverage Helpers LLC
Health Coverage Plus, Inc.
Health Process Center Insurance Agency, Inc.
Healthy Streets Healthcare Services, Inc.
Insurance Line One, LLC
Licensed Insurance Advisor LLC
N&J Associates, Inc.
No Cost ACA LLC d/b/a NCA Insurance Group
No Cost ACA Dos LLC d/b/a NCAD Insurance Group
Nsure Now Insurance Agency Inc.
Prince Health Group LLC
Digital Media Solutions LLC dba Protect Health Insurance Agency
Smart Care LLC
SRA Healthcare Corp
The Healthcare Tutor
Tobias & Associates LLC
TSO Insurance Group, Inc.
United Branch Services Inc.
Your Health Solutions LLC