UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60591-DAMIAN

CONSWALLO TURNER, TIESHA
FOREMAN, ANGELINA WELLS,
VERONICA KING, NAVAQUOTE, LLC
and WINN INSURANCE AGENCY, LLC,
individually and on behalf of all others
similarly situated,

**CLASS ACTION**
(Jury Trial Demanded)

        Plaintiffs,

v.

ENHANCE HEALTH, LLC,
TRUECOVERAGE, LLC,
SPERIDIAN TECHNOLOGIES, LLC,
NUMBER ONE PROSPECTING, LLC
d/b/a MINERVA MARKETING,
MATTHEW B. HERMAN and
BRANDON BOWSKY,

        Defendants.
_____/

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY DIRECTED TO DEFENDANTS TRUECOVERAGE AND SPERIDIAN

Plaintiffs file their reply in support of their Motion for Expedited Discovery [ECF No. 27] (the "Motion").

### INTRODUCTION

Plaintiffs filed this putative class action against Defendants TrueCoverage, LLC and Speridian Technologies, LLC ("Defendants") and others for engaging in a health insurance scheme that captured victims through fraudulent ads on social media. Significantly, Plaintiffs believe this scheme is ***ongoing***. Plaintiffs filed the Motion after they came across material and alarming evidence that Defendants have failed to preserve and/or intentionally deleted critical electronic

evidence. Plaintiffs were fortunate to discover this information—they were not actively seeking out evidence of spoliation. Instead, agents and consumers who came forward to share information about the scheme described the disappearance of documents and intentional deletion of documents.

As a result, in the Motion, Plaintiffs request leave to serve discovery on Defendants prior to the Rule 26(f) discovery conference to prevent spoliation and alteration of evidence. In their response to the Motion [ECF No. 36] (the "Response"), Defendants argue (1) the evidence of destruction of relevant documents is not substantial enough to warrant expedited discovery; (2) expedited discovery is not necessary because Defendants have self-implemented a technological litigation hold; and (3) the proposed discovery is too broad. Significantly, Defendants do not appear to deny that the Regional Manager of TrueCoverage's Deerfield office at least ***attempted*** to delete documents. And they do not indicate whether they have recovered the chat he attempted to delete.

As set forth below, Defendants fail to refute that expedited discovery is warranted and the Motion should be granted.

## ARGUMENT

According to a case Defendants cite, "[t]he primary purpose of 'expedited discovery is to allow a party to obtain specific, limited, and identifiable pieces of information, particularly when there is ***some risk*** of spoliation or when the suit cannot reasonably proceed without the information.'" *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021) (quoting *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021)) (emphasis added). Plaintiffs have shown more than "some risk" of spoliation here. Defendants incorrectly suggest that Plaintiffs must show irreparable harm. (Resp. at 6) ("Plaintiffs do not identify any irreparable harm that expedited discovery would address, nor do they claim that this case cannot progress without it."). But his

Court has rejected the "irreparable harm" standard and adopted the less rigid "good cause" or "reasonableness standard." *In re Chiquita Brands Int'l, Inc.*, No. 07-60821-CV, 2015 WL 12601043, at *4 (S.D. Fla. Apr. 7, 2015)

A.  **Plaintiffs Have Shown a Substantial Risk that Evidence Has or Will Be Destroyed**

Defendants' attempt to downplay the significance of the evidence of spoliation fails. Defendants dismissively argue that "Plaintiffs assert that a single TrueCoverage employee attempted to delete a single Microsoft Teams chat." (Resp. at 7). As an initial matter, ***any*** evidence of some risk of spoliation is sufficient good cause to warrant expedited discovery. *See*, *e.g.*, *Mullane*, 339 F.R.D. at 663. Moreover, Plaintiffs' supplemental declarations do not just implicate spoliation by any "employee"—that "employee" is Gabriel Harrison, ***the Regional Director of the Deerfield Beach office***. Two witnesses heard Mr. Harrison say, "of course I'm gonna cover my ass and I deleted the group chat." *See* Declaration of Isaac Cruz at ¶ 5 [ECF No. 31-1]; Declaration of Daren Davis at ¶ 5 [ECF No. 31-2]. Moreover, a "single" group chat can cover a significant time period.

In addition to the admission by the Regional Director, Plaintiffs submitted declarations from two other witnesses, Bayla Smith and Albert Mabry, providing that TrueCoverage and a downline destroyed, failed to preserve, and/or altered evidence after the duty to preserve arose. *See* Declaration of Bayla Smith [ECF No. 27-1] ("Smith Decl."); Declaration of Albert Mabry [ECF No. 27-5] ("Mabry Decl."). Accordingly, Plaintiffs have shown more that "some risk" of spoliation.

B.  **The Purported Technological Hold Does Not Obviate the Need for Expedited Discovery**

Defendants argue that expedited discovery is not necessary because any attempts to delete evidence would supposedly be unsuccessful because Defendants have implemented a

3

technological litigation hold. (Resp. at 3-4, 7). However, Defendants' claim that such a hold is in place does not alleviate Plaintiffs' concerns about the destruction of evidence.

First, the scope of the purported technological hold does not appear to be as broad as Defendants claim. Defendants incorrectly argue that "the company had instituted a legal hold at **all locations**, including Deerfield Beach, both by instructing personnel to preserve information and by implementing technological controls that prevented electronic information from being deleted." (Resp. at 3) (emphasis added). But their supporting declaration states *only* that a technological litigation hold was placed on user mailboxes "associated with the Deerfield Beach office." Declaration of Sugeesh Subrahmanian at ¶ 4 [ECF No. 36-1] ("Subrahmanian Decl.").

Additionally, according to Mr. Subrahmanian, the "hold" only covers emails, Microsoft Teams one-on-one chat messages, and Microsoft Teams group chat messages. *See id.* That does not cover all categories of documents that Plaintiffs believe may have been spoliated. For example, Plaintiffs have submitted an affidavit indicating that recordings of video conferences had been deleted. *See* Smith Decl. at ¶ 18.

Defendants also do not provide any information whatsoever as to what the technological hold entails with respect to active users, how it prevents deletion, or who has access to the purportedly preserved documents. That is particularly significant because the litigation hold has only been implemented in the Deerfield office—whose Regional Manager is the one who admitted to deleting documents.[1] Plaintiffs are not reassured by a vaguely described purported technological hold overseen by the very people Plaintiffs allege are involved in an ongoing scheme

---

[1] As to former employees, Mr. Subrahmanian notes that the "user mailboxes are converted to a shared mailbox, which no one except administrators can access." Subrahmanian Decl. at ¶ 5. Defendants do not identify the administrators with access to those documents.

4

and who have already tried to delete evidence. In other words, Plaintiffs have concerns about the fox guarding the henhouse, so to speak.

Finally, even if there were an objectively reliable technological hold in place that were broad enough in scope—which there is not—the fact that there is evidence of documents disappearing after the duty to preserve arose and of a high-level employee even **attempting** to delete evidence to "cover [his] ass" warrants expedited discovery. *See*, *e.g.*, *Mullane*, 339 F.R.D. at 663.

C.   **The Expedited Discovery Should Include Defendants' Downlines**

Defendants choose not to address the arguments regarding their downlines because they claim "Plaintiffs do not allege that any downline agency deleted any materials." (Resp. at 4).[2] That argument misses the mark. First, Plaintiffs presented evidence that at least one downline has engaged in efforts to **alter** evidence. *See* Mabry Decl. at ¶¶ 14-15. Additionally, Mr. Harrison— the Regional Director who admitted to deleting documents to "cover [his] ass"—was heavily involved in the downlines, including the employment of agents and sales training. *See* Declaration of Francisco Morales at ¶ 16 [ECF No. 27-4]. Plaintiffs have every reason to be concerned that he (and possibly others) would delete the downlines' documents.

Moreover, Plaintiffs seek expedited discovery of those downlines for the additional reason that TrueCoverage admitted that it has not placed any litigation hold on those downlines. In

---

[2]   By failing to respond on this issue, Plaintiffs' arguments should be deemed conceded. *See*, *.e.g, Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)); *Carter v. BPCL Mgmt., LLC*, 19-60887-CIV, 2021 WL 7502562, at *1 (S.D. Fla. Sept. 22, 2021) ("Plaintiff's refusal to refute any arguments in Defendant's Motion operates as a waiver of those arguments and is akin to a failure to respond."); *Hartford Steam Boiler Inspection & Ins. Co. v. Brickellhouse Condo. Ass'n, Inc.*, 2016 WL 5661636, at *3 (S.D. Fla. Sept. 30, 2016) (holding that plaintiff "impliedly concede[d]" a point by failing to address defendant's argument).

*TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019), this Court found good cause existed to warrant expedited discovery of third parties where there were allegations of an ongoing scheme and the third parties "in possession of relevant information are under no duty to preserve that information." *Id.* at 615. Plaintiffs believe that Defendants do have a duty to preserve the documents of its downlines. But the TracFone case is instructive here because Plaintiffs allege the scheme is ongoing, the third-party downlines are in possession of critical information, and it appears no litigation hold is in place.

**D.     The Proposed Discovery Requests are Targeted**

Finally, Defendants argue that the requests are overly broad. (Resp. at 5-6). Not so. The requests are tailored to the very type of documents Plaintiffs have evidence that Defendants have deleted and/or failed to preserve, namely, internal communications and communications with downlines regarding sales practices. Plaintiffs did not choose the necessary scope of expedited discovery—Defendants did so when they intentionally deleted and/or failed to preserve these categories of critical electronic documents.

Accordingly, for the foregoing reasons and the reasons set forth in the Motion, the Motion should be granted.

| | |
|---|---|
| Dated: July 12, 2024 | Respectfully submitted, |
| By: /s/*Victoria J. Wilson* <br> Jason K. Kellogg, P.A. <br> Florida Bar No. 0578401 <br> Primary email: jk@lklsg.com <br> Secondary email: ame@lklsg.com <br> Victoria J. Wilson <br> Florida Bar No. 92157 <br> Primary email: vjw@lklsg.com <br> Secondary email: service@lklsg.com <br> 100 Southeast Second Street <br> Miami Tower, 36th Floor <br> Miami, Florida 33131 <br> Telephone: (305) 403-8788 <br> Facsimile: (305) 403-8789 | By: /s/ *Jason R. Doss* <br> Jason R. Doss <br> Florida Bar No. 0569496 <br> Primary email: jasondoss@dossfirm.com <br> 1827 Powers Ferry Road Southeast <br> Atlanta, Georgia 30339 <br> Telephone: (770) 578-1314 <br> Facsimile: (770) 578-1302 |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 12, 2024, a true and correct copy of the foregoing was filed via CM/ECF and served upon parties registered with CM/ECF in this case.

By: */s/ Victoria J. Wilson*