UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CONSWALLO TURNER, TIESHA
FOREMAN, ANGELINA WELLS,
VERONICA KING, NAVAQUOTE, LLC and
WINN INSURANCE AGENCY, LLC,
individually and on behalf of all others
similarly situated,

     Plaintiffs,

v.

ENHANCE HEALTH, LLC,
TRUECOVERAGE, LLC, SPERIDIAN
TECHNOLOGIES, LLC, NUMBER ONE
PROSPECTING, LLC d/b/a MINERVA
MARKETING, MATTHEW B. HERMAN
and BRANDON BOWSKY,

     Defendants.

Case No.: 0:24-cv-60591-MD

## JOINT STATUS REPORT OF PLAINTIFFS AND DEFENDANT ENHANCE HEALTH LLC

Pursuant to the Court's Order Setting a Telephonic Hearing on the Discovery Motion [ECF Nos. 30, 41], Plaintiffs Conswallo Turner, Tiesha Foreman, Angelina Wells, Veronica King, Navaquote, LLC, and Winn Insurance Agency, LLC, (collectively, "Plaintiffs"), and Defendant Enhance Health, LLC ("Enhance") (collectively, the "Parties"), by and through their undersigned counsel, respectfully submit this Joint Status Report setting forth the unresolved issues identified in Plaintiffs' Motion for Expedited Discovery Directed to Enhance (the "Motion" or "Mot.") [ECF No. 35].

The Parties have not come to a consensus regarding the issues raised in the Motion as of the date of this filing.

JOINT STATUS REPORT

| Issue No. 1: Whether Plaintiffs have demonstrated "good cause" to warrant expedited discovery from Enhance, attached as Exhibits 4 (requests for production) and 5 (interrogatories) to Plaintiffs' Motion.<br><br>Response: Enhance maintains that Plaintiffs have not met their burden to show good cause for discovery sought in advance of an operative complaint, Rule 26(f) conference, or motion to dismiss: Plaintiffs have not argued or presented evidence of spoliation. Enhance instructed its downlines and employees to preserve evidence, and the burden associated with Plaintiffs' requests is significant. | | |
|---|---|---|
| Movant's Position: Enhance is incorrect that there is no operative complaint. Until the amended complaint is filed, discovery is framed by the existing Complaint. Additional discovery can be served to address any issues raised in an amended complaint or defenses.<br><br>Importantly, there has been no Rule 26(f) conference only because Defendants have declined to participate in the conference. Plaintiffs have filed a motion to compel the Rule 26(f) conference [ECF No. 49]. This<br><br>Plaintiffs have shown good cause (which would not even be necessary if Defendants participated in the Rule 26(f) conference). Plaintiffs are concerned about spoliation because key communications were made on personal cell phones, there has been substantial employee turnover, and Plaintiffs have uncovered evidence of spoliation of this very type of evidence by Enhance's upline agency.<br><br>Finally, the proposed discovery requests are narrowly tailored to address Plaintiffs' concerns. At the July 23, 2024 meet and confer, Plaintiffs asked if the parties could possibly agree on even narrower requests, but Enhance stated that it would not agree to | Opponent's Position: Plaintiffs have not satisfied their burden to that show good cause warrants discovery at this stage—particularly because Plaintiffs have now sought multiple extensions to file an amended complaint and ask Defendants to delay their motion to dismiss until Plaintiffs' amended pleading is filed. Plaintiffs' promised amended complaint seems likely to entirely alter the scope of discovery, given that the allegations, causes of action, and defenses define relevance. Plaintiffs' desire for expedited discovery prior to fully placing Defendants on notice of the claims against them suggests Plaintiffs are fishing.<br><br>Plaintiffs cited the "potential for loss or spoliation" because some business was conducted on cell phones, but that does not show that evidence has been lost since the complaint was filed. Plaintiffs previously represented, and have not retracted, that they have no information to believe that Enhance has destroyed evidence. When asked, Enhance repeatedly confirmed that it requested its downlines and employees to preserve evidence, including text messages and personal devices. Plaintiffs speculate that there has been turnover, but cite no instances of turnover (or spoliation) since the | [LEAVE BLANK FOR COURT USE] |

| | | |
|---|---|---|
| produce any documents. | Complaint was filed. Plaintiffs' "evidence" of spoliation is a declaration that some business communications were conducted on personal cell phones—nothing more.<br><br>Plaintiffs' discovery requests are highly burdensome and disproportionate, seeking collection and production of an untold number of sales agents and employees. Discovery requests that seek collection, review, and production of the personal devices from ***every sales agent and employee*** cannot possibly be considered "narrowly tailored" under any definition. | |
| Issue No. 2:  Whether Plaintiffs are entitled to discovery of Enhance's preservation letters.<br><br>Response:  Enhance maintains that Plaintiffs have not met their burden to show they are entitled to Enhance's privileged preservation letters. | | |
| Movant's Position:  At the July 23, 2024 meet and confer, Plaintiffs offered to limit this request to the dates of the preservation letters and the names of the downlines to whom Enhance sent the preservation letters. Enhance has not agreed to provide that information.  That limited information is not subject to any privilege and should be produced.<br><br>Enhance is incorrect that a Rule 26(f) conference is impracticable at this time.  Rule 26(f) requires the parties to "confer as soon as practicable—and ***in any event*** at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." (emphasis added).  Rule 16(b) in turn states that the Court must issue a scheduling order under Rule 16(b) "within the earlier of 90 days after any defendant has been served with the complaint or 60 days | Opponent's Position:  Established precedent recognizes that litigation hold letters are privileged and not discoverable absent "a credible allegation of spoliation." The circumstances surrounding litigation hold letters—including dates and recipients—are also not proper subjects for discovery absent evidence of spoliation.<br><br>Plaintiffs present no evidence, argument, or credible allegation that spoliation has occurred. Plaintiffs have also offered no basis to conclude that Enhance's preservation measures were ineffective or inadequate.<br><br>Plaintiffs' cases to the contrary concern general document retention policies for an organization—not preservation letters sent in anticipation of litigation. Plaintiffs have cited no cases holding that dates and recipients of preservation letters are subject to production | [LEAVE BLANK FOR COURT USE] |

| | | |
|---|---|---|
| after any defendant has appeared." The first Defendant filed a notice of appearance on May 15, 2024 [ECF No. 19].<br><br>Nothing in the Rule requires a final iteration of a complaint before the Rule 26(f) conference is held and discovery begins. Discovery is framed by the existing Complaint and additional discovery can be served to address any additional issues raised in an amended complaint or defenses. | at a litigant's whim.<br><br>A Rule 26(f) conference is impracticable at this time. Plaintiffs have not filed their promised amended complaint. The parties thus have no notice of the allegations, claims, or defenses in this action, and cannot form a discovery plan at this time. Plaintiffs cannot have it both ways: purposefully delaying Enhance's motion to dismiss by promising an amendment (and then taking three months to amend), while simultaneously seeking to begin litigation and serve discovery based on the argument that their current complaint is operative. Enhance also opposes Plaintiffs' Motion to Compel a Rule 26(f) conference, *see* [ECF No. 52]. | |

4

Respectfully submitted,

| | |
|---|---|
| LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By: /s/ *Victoria J. Wilson*   Dated: July 26, 2024
Jason K. Kellogg, P.A.
Florida Bar No. 0578401
Primary email: jk@lklsg.com
Secondary email: ame@lklsg.com
Victoria J. Wilson
Florida Bar No. 92157
Primary email: vjw@lklsg.com
Secondary email: service@lklsg.com
100 Southeast Second Street
Miami Tower, 36th Floor
Miami, Florida 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789
*Attorney for Plaintiffs*

By: /s/ *Olga Vieira*   Dated: July 26, 2024
Samuel G. Williamson
Fla. Bar No. 1033817
Olga M. Vieira
Fla. Bar No. 29783
2601 South Bayshore Dr., Suite 1550
Miami, FL 33133
Telephone: (305) 496-2988
samwilliamson@quinnemanuel.com
olgavieira@quinnemanuel.com
*Attorneys for Enhance Health LLC*

THE DOSS FIRM, LLC

By: /s/ *Jason R. Doss*   Dated: July 26, 2024
Jason R. Doss
Florida Bar No. 0569496
Primary email: jasondoss@dossfirm.com
1827 Powers Ferry Road Southeast
Atlanta, Georgia 30339
Telephone: (770) 578-1314
Facsimile: (770) 578-1302
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

    I certify that on July 26, 2024, I electronically filed the foregoing document with the clerk of the Court using the CM/ECF system, which will provide notice to the counsel of record.

/s/ *Olga Vieira*
Attorney
