UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60591-DAMIAN/Valle

CONSWALLO TURNER, et al.

      Plaintiffs,

v.

ENHANCE HEALTH, LLC, et al,

      Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE SEPARATE, INDIVIDUAL MOTIONS TO DISMISS AND FOR LEAVE TO FILE OVERSIZED BRIEFS**

Plaintiffs Conswallo Turner, Tiesha Forman, Angelina Wells, Veronica King, Navaquote, LLC, Winn Insurance Agency, LLC and Paula Langley individually and on behalf of all others similarly situated, ("Plaintiffs"), respond in opposition to Defendants' Joint Motion for Leave to File Separate, Individual Motions to Dismiss and for Leave to File Oversized Briefs (the "Motion") [D.E. 73].

Plaintiffs agree that "[t]his case is complex." (Mot. at 9). But Defendants' request for a total of 120 pages for their motion(s) to dismiss is excessive.

While it is true that Plaintiffs' Amended Complaint is 185 pages, more than half of those pages are comprised of recitations of counts (71 pages) and jurisdictional allegations (23 pages). Plaintiffs core allegations span 55 pages (pages 36 through 91). Those core allegations are organized in sections that focus on the various Defendants and their roles. So while the case is complex, the Amended Complaint is structured. A similarly structured response should not

require 120 pages.  Defendants should be reasonably constrained so as ensure focused arguments and minimal repetition.

There are really only three core claims that each Defendant need address: RICO, aiding and abetting and negligence (data breach).  Defendants' arguments in response to these core claims will almost certainly overlap.  If 120 pages are provided, those overlapping arguments are certain to be repeated.

Also, this is not a summary judgment brief where Defendants can bring in pages and pages of outside evidence.  They are constrained by the four corners of the Amended Complaint.  And those four corners contain about 55 pages of organized and structured allegations.  There is no need for dozens of pages of factual recitations, and therefore no real justification for 120 pages in response.

Finally, because three 40-page briefs (or a 40-page omnibus brief with three 20-page mini-briefs) would allow Defendants to be unnecessarily repetitive and to take a "kitchen sink" approach to their arguments, it would likely unduly burden Plaintiffs.  A more efficient motion constrained by a reasonable amount of pages will allow Plaintiffs to present an efficient response without the need for time-consuming or confusing cross-referencing between briefs.

That, in turn, will benefit and create more efficiency for the Court.  Plaintiffs propose that a 60-page omnibus Motion to Dismiss will meet those ends without prejudicing Defendants.

WHEREFORE, Plaintiffs respectfully request that the Court grant in part and deny in part Defendants' Motion, and allow Defendants to file a 60-page omnibus Motion to Dismiss in response to Plaintiffs' Amended Complaint, and/or any further or other relief as the Court deems reasonable.

CASE NO. 0:24-cv-60591-DAMIAN/Valle

| | |
|---|---|
| Dated: August 30, 2024. | Respectfully submitted, |
| LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP | THE DOSS FIRM, LLC |
| By: /s/Jason Kellogg<br>Jason K. Kellogg, P.A..<br>Florida Bar No. 0578401<br>Primary email: jk@lklsg.com<br>Secondary email: ame@lklsg.com<br>100 Southeast Second Street<br>Miami Tower, 36th Floor<br>Miami, Florida 33131 | By: /s/Jason Doss<br>Jason R. Doss<br>Florida Bar No. 0569496<br>Primary email: jasondoss@dossfirm.com<br>1827 Powers Ferry Road Southeast<br>Atlanta, Georgia 30339<br>Telephone: (770) 578-1314<br>Facsimile: (770) 578-1302 |