UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60591-DAMIAN/Valle

CONSWALLO TURNER, TIESHA FOREMAN, ANGELINA WELLS, PAULA LANGLEY, VERONICA KING, NAVAQUOTE, LLC and WINN INSURANCE AGENCY, LLC, individually and on behalf of all others similarly situated,

           Plaintiffs,

v.

ENHANCE HEALTH, LLC, TRUECOVERAGE, LLC, SPERIDIAN TECHNOLOGIES, LLC, BENEFITALIGN, LLC, NUMBER ONE PROSPECTING, LLC d/b/a MINERVA MARKETING, BAIN CAPITAL INSURANCE FUND L.P., DIGITAL MEDIA SOLUTIONS LLC, NET HEALTH AFFILIATES, INC., MATTHEW B. HERMAN, BRANDON BOWSKY, GIRISH PANICKER, AND MATTHEW GOLDFUSS.

           Defendants.

**DEFENDANTS' JOINT REPLY IN SUPPORT OF
THEIR MOTION FOR LEAVE TO FILE SEPARATE, INDIVIDUAL
MOTIONS TO DISMISS AND FOR LEAVE TO FILE OVERSIZED BRIEFS**

Defendants Enhance Health LLC ("Enhance Health"), TrueCoverage, LLC ("TrueCoverage"), Speridian Technologies, LLC ("Speridian"), Benefitalign, LLC ("Benefitalign"), Number One Prospecting, LLC ("Minerva"), Matthew B. Herman ("Herman"), Brandon Bowsky ("Bowsky"), Girish Panicker ("Panicker"), and Matthew Goldfuss ("Goldfuss") (collectively "Defendants") respectfully file this reply in support of their request to file three motions to dismiss, of 40 pages each, based upon three specified defendant groups as aligned upon their respective corporate affiliations (totaling 120 pages) (the "Motion").

Plaintiffs' response misunderstands the individualized nature of their claims. Plaintiffs wrongly suggest that Defendants only "need address" "three core claims." Defendants are entitled to challenge each of the six claims pled against them. Plaintiffs' position misapprehends the individualized nature of each of these counts and ignores entirely Plaintiffs' breach of fiduciary duty claim (which alone accounts for over 300 paragraphs, *see, e.g.*, Amended Compl. ¶ 765 (listing paragraphs relevant to the alleged breach of fiduciary duty count)). Each of the four claims that sound in fraud must satisfy Rule 9(b)'s individualized particularity requirements *as to each* Defendant. Mot. 5-9. In other words, Plaintiffs must plead "the who, what, and when elements" of each fraud predicate with specificity as to each defendant to satisfy Rule 9(b). *Muller et al. v. Zaibet et al.*, No. 23-22276-CIV, 2024 WL 1054389, at *5 (S.D. Fla. Jan. 23, 2024), *report and recommendation adopted,* No. 23-CV-22276, 2024 WL 688497 (S.D. Fla. Feb. 20, 2024) (dismissing civil RICO claim where defendants' motions to dismiss exposed impermissible "lumping"); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (holding that plaintiffs cannot "simply 'lump[] together' all of the Defendants in their allegations of fraud, . . .[but rather must make] specific allegations with respect to the separate Defendants").

Courts in this district routinely permit separate briefing in civil RICO cases that sound in fraud likely for this very reason. *E.g.*, *United States ex rel. Lewis v. Cmty. Health Sys., Inc.*, No. 18-20394-RNS, 2020 WL 3103994, at *18 (S.D. Fla. June 11, 2020) (dismissing civil RICO complaint after defendants filed four individual motions to dismiss and their challenges laid bare that "complaint[s] alleging fraud perpetrated by multiple defendants must differentiate among them, with allegations particular to each defendant, in order to survive dismissal"); *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) (dismissing civil RICO complaint after defendants' motions to dismiss exposed lack of particularity as to "inform each

defendant of the nature of his alleged participation in the fraud"); *Brooks, et al. v. Blue Cross, et al.*, Case No. 95-405-SM (S.D. Fla. 1995) (docketing four individual motions to dismiss in a civil RICO case); *Ambrosia Coal v. Pages Morales, et al.*, Case No. 99-cv-07677-DTKH (S.D. Fla. 2000) (permitting two defendant groups to file individual motions to dismiss in a civil RICO case); *Jackson, et al. v. Bellsouth, et al.*, Case No. 00-cv-07558-KAM (S.D. Fla. 2000) (same, permitting three separate motions to dismiss); *United States ex rel. Lewis v. Cmty. Health Sys., Inc.*, No. 18-20394-RNS (S.D. Fla. 2020) (same, permitting four separate motions to dismiss and granting additional pages); *Dixon v. Green Tree Servicing, LLC*, Case No. 19-80022-KAM (S.D. Fla. 2019) (docketing two individual motions to dismiss to challenge civil RICO claims); *Muller et al. v. Zaibet et al.*, No. 23-22276-JB (S.D. Fla. 2023) (docketing three individual motions to dismiss in civil RICO case).  The Court should do the same here.

Far from necessitating "dozens of pages of factual recitations," Resp. 2, Defendants' briefing request takes into account each claim's different legal standards.  As explained, Mot. 5-9, each claim carries a unique set of elements that must be pled individually as to each Defendant. In addition to the Rule 9(b) issues (and the RICO and fraud claims carry other individualized elements, too), Plaintiffs must plead separate duty and breach allegations for each Defendant for their civil negligence and aiding and abetting a breach of fiduciary duty claims to survive.  Mot. 3-4, 8. These elements are subject to different tests and legal requirements.  *Id.*  Moreover, Plaintiffs' 23 pages of jurisdictional allegations are themselves subject to challenge (in personal jurisdiction, venue, subject matter jurisdiction, or other gate keeping forms)—to imply that those pages should be omitted from consideration is nonsensical.  Resp. 1.

Plaintiffs' complaint of burden and prejudice falls flat.  Plaintiffs filed this multi-count multi-defendant lawsuit and must now litigate its issues.  Defendants proposed briefing structure

3

will also increase efficiency by permitting the Court to assess the claims against each Defendant succinctly at the motion to dismiss phase. Defendants will also endeavor to limit any duplicity in their responses.

## CONCLUSION

For the reasons set forth above and in their original motion, Defendants respectfully request that the Court permit them to file three separate 40-page briefs when they move to dismiss. In the alternative, Defendants request that the Court allow them to file an oversized omnibus brief supporting their motion to dismiss of no more than 60 pages, with each group of defendants reserving an additional 20 pages to assert their individualized arguments, for a total length of 120 pages.

Dated: September 3, 2024

By: /s/ *Olga M. Vieira*
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Olga M. Vieira (FBN: 29783)
Samuel G. Williamson (FBN: 1033817)
2601 South Bayshore Dr., Suite 1550
Miami, Florida 33133
Tel: (305) 496-2988
olgavieira@quinnemanuel.com
samwilliamson@quinnemanuel.com

*Attorneys for Enhance Health LLC, and Matthew B. Heman*

Respectfully submitted,

By: /s/ *Ryan H. Lehrer*
TRIPP SCOTT, P.A.
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Tel: (954) 525 7500

Ryan H. Lehrer, Esq. (FBN: 0084423)
rhl@trippscott.com
sxc@trippscott.com
cab@trippscott.com
eservice@trippscott.com
Seth J. Donahoe, Esq. (FBN: 1004133)
sjd@trippscott.com
sgc@trippscott.com
Jennifer H. Wahba, Esq. (FBN: 1010093)
jmh@trippscott.com
jam@trippscott.com

*Attorneys for Defendants Number One Prospecting, LLC d/b/a Minerva Marketing, and Brandon Bowsky*

By: /s/   Guy A. Rasco

DEVINE GOODMAN & RASCO, LLP
2800 Ponce de Leon Blvd., Suite 1400
Coral Gables, Florida 33134
Tel: 305-374-8200
grasco@devinegoodman.com

Guy A. Rasco, Esq. (F.B.N.: 727520)
Amy E. Richardson, Esq.
HWG, LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601

Patrick P. O'Donnell, Esq.
Walter E. Anderson, Esq.
HWG, LLP
1919 M. Street N.W., Suite 800
Washington, D.C. 20036

*Attorneys for TrueCoverage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed by CM/ECF on September 3, 2024.

/s/   Olga M. Vieira
Olga M. Vieira (FBN: 29783)