UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  0:24-cv-60591-MD/Valle

CONSWALLO TURNER, TIESHA
FOREMAN, ANGELINA WELLS,
VERONICA KING, NAVAQUOTE, LLC
and WINN INSURANCE AGENCY, LLC,
individually and on behalf of all others
similarly situated,

CLASS ACTION
(Jury Trial Demanded)

      Plaintiffs,

v.

ENHANCE HEALTH, LLC, TRUECOVERAGE, LLC,
SPERIDIAN TECHNOLOGIES, LLC,
BENEFITALIGN, LLC, NUMBER ONE
PROSPECTING, LLC d/b/a MINERVA MARKETING,
BAIN CAPITAL INSURANCE FUND L.P.,
DIGITAL MEDIA SOLUTIONS LLC, NET HEALTH
AFFILIATES, INC., MATTHEW B. HERMAN,
BRANDON BOWSKY, GIRISH PANICKER,
and MATTHEW GOLDFUSS,

      Defendants.
_____/

## DECLARATION OF BRANDON BOWSKY

I, Brandon Bowsky, hereby declare and state under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.    I am over 18 years of age and have personal knowledge of all the facts in this Declaration.

2.    I am the owner and manager of Defendant Number One Prospecting LLC, which operates under the name Minerva Marketing. Minerva provides leads to health insurance brokers across the United States for the sale of health insurance policies to consumers under the Affordable Care Act ("ACA").

3.    I understand that on August 27, 2024, Plaintiffs in this lawsuit served Monica Reed with a subpoena in her individual capacity to produce financial records and documents that belong to Minerva ("Reed Subpoena").

4.    Ms. Reed was a bookkeeper for Minerva from 2019 until the end of 2021. Minerva

began phasing Ms. Reed out of her services beginning in early 2022. Ms. Reed has not provided bookkeeping services to Minerva at all since the end of 2022.

5. After Ms. Reed's termination, she was not authorized to retain any of Minerva's corporate books or records, whether in electronic or paper format, and Ms. Reed's access to Minerva's records was cut off.

6. In December 2022, Minerva discovered that Ms. Reed had in fact retained certain documents belonging to Minerva when she improperly attempted to obtain a loan for her own benefit using Minerva's financial records and name. In this process, she falsely claimed to be the owner of Minerva.

7. Minerva sent an individual to meet with her and physically retake custody of Minerva's documents, which she turned over.

8. She did not, however, reveal that she retained digital copies of various documents on her own devices, and she was not authorized to retain such copies.

9. Ms. Reed does not currently, nor has she previously, exercised control over Minerva. She has never been an officer, director, manager, or otherwise in any position of authority with Minerva.

10. Plaintiffs' access to Minerva's entire financial records, including its QuickBooks files, would infringe on Minerva's confidential business records and financial information.

11. Insofar as Plaintiffs seek to understand who Minerva acquired leads from, or the creative that Minerva generated leads with or otherwise approved, such information is not on Minerva's tax returns, bank statements, or other financial records.

## ATTESTATION

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, I declare on September 16, 2024 that I have read this Declaration. The facts stated in it are true and based on my own knowledge and all information available to me at this time.

_____
BRANDON BOWSKY

#2939742v1-998944.0007