# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CONSWALLO TURNER, TIESHA FOREMAN, ANGELINA WELLS, PAULA LANGLEY, VERONICA KING, NAVAQUOTE, LLC and WINN INSURANCE AGENCY, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENHANCE HEALTH, LLC, TRUECOVERAGE, LLC, SPERIDIAN TECHNOLOGIES, LLC, BENEFITALIGN, LLC, NUMBER ONE PROSPECTING, LLC d/b/a MINERVA MARKETING, BAIN CAPITAL INSURANCE FUND L.P., DIGITAL MEDIA SOLUTIONS LLC, NET HEALTH AFFILIATES, INC., MATTHEW B. HERMAN, BRANDON BOWSKY, GIRISH PANICKER, and MATTHEW GOLDFUSS,<br><br>Defendants. | CASE NO. 0:24-cv-60591-DAMIAN/Valle |

**DEFENDANT BAIN CAPITAL INSURANCE FUND L.P.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE A MOTION TO DISMISS**

Defendant Bain Capital Insurance Fund L.P. ("Bain"), by and through its undersigned counsel, respectfully moves pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Southern District of Florida Local Rule 7.1(a)(1)(J), for a 16-day extension of time to file its motion to dismiss Plaintiffs' amended complaint, to and including October 16, 2024, for the good cause set forth herein. This is Bain's first request for an extension of time and Plaintiffs do not oppose an extension of time. In support of this Motion, Bain states as follows:

1. Plaintiffs commenced this putative class action lawsuit on April 12, 2024 by filing a complaint alleging a RICO enterprise, among other claims, against six defendants, including Brandon Bowsky, Enhance Health LLC, Matthew B. Herman, Number One Prospecting, LLC d/b/a Minerva Marketing, Speridian Technologies, LLC, and TrueCoverage, LLC (collectively the "Original Defendants"). Dkt. 1. The complaint did not name Bain as a defendant and was not served on Bain. *Id.*

2. On August 16, 2024, Plaintiffs filed an amended complaint naming six additional defendants, including Bain, Benefitalign, LLC, Digital Media Solutions LLC, Net Health Affiliates, Inc., Girish Panicker, and Matthew Goldfuss (collectively the "Additional Defendants"). Dkt. 63.

3. On August 28, 2024, three of the Additional Defendants—Benefitalign, LLC, Girish Panicker, and Matthew Goldfuss—executed waivers of the service of summons through counsel, noting that they had received copies of the amended complaint and were represented by counsel. Dkts. 74, 75, and 76.

4. Also on August 28, 2024, the Original Defendants, along with the three Additional Defendants that had received the amended complaint and waived service through counsel (Benefitalign, Panicker, and Goldfuss) (collectively the "Moving Defendants"), filed a joint motion for leave to file separate, individual motions to dismiss and for leave to file an oversized brief. Dkt. 73. The Moving Defendants noted in their motion that "Bain Capital Insurance Fund, L.P. ha[s] not yet been served nor appeared in this action" and "take[s] no part in this motion." *Id.* at 2 n.1. The Moving Defendants further asked that they be permitted to submit motions to dismiss "without [] Bain Capital" because "multiple additional pages" would be necessary for Bain to articulate its unique defenses, including "challenges to personal jurisdiction." *Id.* The Moving

Defendants "respectfully request[ed] that the Court permit Bain Capital to serve a separate motion to dismiss of 20 pages if and when it is served." *Id.*

5. On September 6, 2024, the Court granted the Moving Defendants' motion in part, permitting the Moving Defendants to file a single, combined motion to dismiss not to exceed 60 pages in length. Dkt. 80.

6. Bain was not served with the amended complaint until three days later on September 9, 2024. Upon being served, Bain considered outside representation and engaged undersigned counsel seven days later on September 16, 2024.

7. Under the Federal Rules of Civil Procedure, the default deadline for Bain to file its motion to dismiss the amended complaint is September 30, 2024. Fed. R. Civ. P. 12(a)-(b). Bain respectfully seeks a brief extension of time until October 16, 2024 and permission to file its own brief, not to exceed 20 pages.

8. Bain's requested relief is warranted here for a number of reasons. First, having just retained its own counsel, Bain requires a reasonable amount of time to review and investigate the amended complaint, which includes 882 paragraphs alleging a sprawling RICO conspiracy involving dozens of individuals and entities (some named as defendants, and others not). Second, Bain anticipates asserting grounds for dismissal that are unique to Bain, including based on well-established veil-piercing defenses and bedrock limitations on the exercise of personal jurisdiction by federal courts. Third, undersigned counsel has several court-imposed deadlines in other pending cases between now and September 30th.

9. In requesting the relief sought herein, Bain does not wish to cause undue complication for the Court or other parties. Accordingly, Bain respectfully submits that the Court should maintain the schedule that it put in place for the Moving Defendants on September 6,

2024—which Bain understands those defendants are relying on and plan to meet—and permit Bain to file its own brief on October 16, 2024 and to agree with Plaintiffs on a briefing schedule that will focus on Bain's unique arguments.

## CONCLUSION

Accordingly, Bain respectfully requests that the Court extend the deadline for Bain to move to dismiss the amended complaint, to and including October 16, 2024. A proposed order granting this motion is attached hereto as Exhibit A.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Undersigned counsel for Bain conferred with Plaintiffs' counsel before filing this motion. Plaintiffs' counsel does not oppose Bain's request for an extension of time, to and including October 16, 2024, to move to dismiss. Plaintiffs' counsel, however, stated that Plaintiffs' position is that Bain should be made subject to the Court's September 6, 2024 order issued before Bain was served, which would require Bain to fit its arguments for dismissal within the 60 pages that the Court allotted to the Moving Defendants. Undersigned counsel noted Bain's disagreement. Bain does not wish to disrupt the schedule that the Court set for the Moving Defendants to brief the Court on their motion to dismiss arguments. Moreover, as explained above and in the Moving Defendants' August 28, 2024 motion to file an enlarged brief, Bain reasonably requires additional space to articulate its unique defenses, including concerning veil-piercing and personal jurisdiction.

Dated: September 20, 2024

Kirkland & Ellis LLP

/s/ *Ariel Deitchman*
Ariel Deitchman
KIRKLAND & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
Telephone: +1 305 432 5600
Facsimile: + 1 305 432 5601

Jay P. Lefkowitz *pro hac vice pending*
Josh Greenblatt *pro hac vice pending*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: +1 212 446 4800
Facsimile: +1 212 446 4900

John M. Robinson *pro hac vice pending*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: +1 312 862 2000
Facsimile: +1 312 862 2200

*Attorneys for Defendant Bain Capital Insurance Fund L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by ECF on September 20, 2024 on all counsel or parties of record.

/s/ Ariel Deitchman
Ariel Deitchman
KIRKLAND & ELLIS LLP
