**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CONSWALLO TURNER, TIESHA FOREMAN, ANGELINA WELLS, PAULA LANGLEY, VERONICA KING, NAVAQUOTE, LLC and WINN INSURANCE AGENCY, LLC, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>ENHANCE HEALTH, LLC, TRUECOVERAGE, LLC, SPERIDIAN TECHNOLOGIES, LLC, BENEFITALIGN, LLC, NUMBER ONE PROSPECTING, LLC d/b/a MINERVA MARKETING, BAIN CAPITAL INSURANCE FUND L.P., DIGITAL MEDIA SOLUTIONS LLC, NET HEALTH AFFILIATES, INC., MATTHEW B. HERMAN, BRANDON BOWSKY, GIRISH PANICKER, and MATTHEW GOLDFUSS.<br><br>                Defendants. | Case No.: 0:24-cv-60591-MD |

**DEFENDANTS ENHANCE HEALTH LLC AND MATTHEW B. HERMAN'S MOTION TO QUASH PLAINTIFFS' SUBPOENAS ON NON-PARTIES MICHAEL CUGINI, BAIN CAPITAL DISTRIBUTORS, AND BAIN CAPITAL INSURANCE FUND <u>GENERAL PARTNER, OR, ALTERNATIVELY, MOTION FOR PROTECTIVE ORDER</u>**

Defendants Enhance Health LLC ("Enhance Health") and Matthew B. Herman move pursuant to Federal Rules of Civil Procedure 45(d)(3)(A)(iii) to quash Plaintiffs' subpoena *duces tecum* on non-parties Michael Cugini ("Cugini Subpoena"), Bain Capital Distributors, and Bain Capital Insurance Fund General Partner (collectively, the "Non-Party Subpoenas"). Alternatively, and pursuant Federal Rule 26(c)(1), Enhance Health and Mr. Herman move for a protective order staying disclosure of the requested materials.

## **INTRODUCTION**

Plaintiffs filed their Amended Complaint asserting RICO and common law claims against Enhance Health, Mr. Herman, and ten other defendants on August 16, 2024. Eleven days later, and before promulgating any discovery upon the named parties, Plaintiffs noticed their intent to serve a non-party subpoena on Michael Cugini. One week later, they noticed their intent to serve non-party subpoenas on Bain Capital Distributors, and Bain Capital Insurance Fund General Partner.

The Non-Party Subpoenas are improper and should be quashed, or alternatively, this Court should impose a protective order staying disclosure of the requested materials.[1] First, the Cugini Subpoena asks Mr. Cugini, a former Enhance Health employee, to turn over documents to which he does not have proper possession, custody, or control. Second, the Non-Party Subpoenas seek confidential business and personal records of Enhance Health and Mr. Herman. This will harm Enhance Health, whose competitors are parties in this suit. Third, the Non-Party Subpoenas seek documents and communications beyond the allegations or time-period applicable to this case, and so they too are irrelevant. Finally, Plaintiffs are unable to show they have a substantial need to

---

[1] Defendants will be filing a case dispositive motion to dismiss on September 30, 2024, and anticipate requesting the Court to stay discovery pending its deposition.

1

obtain this information from the non-parties, particularly where, as here, they have failed to seek the information from the named parties before turning to third parties.

## BACKGROUND

On April 12, 2024, Plaintiffs filed the instant action. [ECF No. 1 (Compl.).] On August 16, 2024, Plaintiffs filed a 185-page Amended Complaint alleging wrongdoing by twelve defendants, including RICO Act violations, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and negligence. Plaintiffs allege that Defendants are part of a RICO enterprise that improperly enrolled in or switched consumers' healthcare insurance plans under the Affordable Care Act ("ACA"). *See generally* Amended Compl. Plaintiffs allege Enhance Health purchased leads that were generated through misleading ads offering cash cards, which, under Mr. Herman's leadership, Enhance Health used to improperly enroll or switch consumers' ACA healthcare plans. Defendants' motion to dismiss is due on September 30, 2024. [ECF No. 80.]

On August 27, 2024, before serving their first discovery requests on Enhance Health or any other defendant, Plaintiffs served a Notice of Intent to Serve Subpoena on Non-Party Michael Cugini, a former Enhance employee. Exhibit A. On September 5, 2024, Plaintiffs served Notices of Intent to Serve Subpoenas on Non-Parties Bain Capital Distributors, which they amended the same day, Exhibit B, and Bain Capital Insurance Fund General Partner, Exhibit C. After meeting and conferring, Plaintiffs issued revised Non-Party Subpoenas on September 19, 2024. Exhibit D (Revised Cugini Subpoena); Exhibit E (Revised Bain Capital Distributors Subpoena); Exhibit F (Revised Bain Capital Insurance Fund General Partner Subpoena). The parties agreed to extend Enhance Health's and Mr. Herman's deadlines by which to object to the Non-Party Subpoenas until September 23, 2024.

### A. Cugini Subpoena

Mr. Cugini was employed with Enhance Health for approximately 13 months, from September 2021, to May 2022, and again from August 2022, to November 2022. From Mr. Cugini, Plaintiffs seek to obtain Enhance Health's corporate records and Mr. Cugini's work product, created in the scope of his employment at Enhance, from November 1, 2021 to present. Ex. D at 8-9. Plaintiffs request all communications with Mr. Herman, Enhance Health, or anyone acting on its behalf, Enhance Health's downlines, and Bain Capital Insurance L.P., or "any of its affiliates, subsidiaries, members of related entities, and anyone acting on its behalf," on the following topics: "ACA Health Insurance;"[2] "AOR [Agent of Record] Swaps;"[3] TrueCoverage; and Minerva. Ex. D at 4, 8-9. "Communication" includes "Documents," including "any writing," "correspondence, memoranda," "reports, notes, minutes, accounting records, financial statements, . . . invoices, bills. . . ." Ex. D at 4-5. The Cugini Subpoena calls for production of "[d]ocuments . . . relating to meetings where one or more Bain Capital employees were present." Ex. D at 9. "Bain Capital" means "Bain Capital Insurance L.P. or any of its affiliates, subsidiaries, members or related entities, and anyone acting on its behalf." Ex. D at 4. Finally, Plaintiffs seek "[r]ecordings of phone calls between consumers on the one hand and Enhance Health or its downline agencies on the other. . . ." Ex. D. at 8. In short, the Cugini Subpoena seeks Enhance Health's corporate records in Mr. Cugini's "possession, custody, or control." Ex. D. at 6, 8-9.

### B. Bain Entities Subpoenas

The remaining two subpoenas request information from Bain Capital Distributors and Bain Capital Insurance Fund General Partner, non-parties connected to named defendant Bain Capital Insurance Fund. Bain Capital Insurance Fund General Partner founded Bain Capital Insurance

---

[2] "ACA Health Insurance" means "Affordable Care Act health insurance." Ex. D. at 6.
[3] "AOR Swaps" means the changing of consumer's agent of record." Ex. D at 6.

3

Fund in 2021, and Bain Capital Distributors has served as the distributor of interests in Bain Capital Insurance Fund since then. *See* Sec. & Exch. Comm'n, Form D filing for Bain Capital Insurance Fund, L.P. (08/23/2022). According to Plaintiffs, Bain Capital Insurance Fund invested $150 million in Enhance Health in fall 2021 to "create a retail agency to sell *Medicare* products," which are not the subject of this litigation; this litigation relates to the Affordable Care Act. Amended Compl. ¶¶ 21 (emphasis added), 211.

The subpoena requests to Bain Capital Distributors and Bain Capital Insurance Fund General Partner are identical, and thus will be referred to collectively as the "Bain Entities Subpoenas." The Bain Entities Subpoenas seek documents and communications from November 1, 2021 to present. Exs. E, F. at 7. Despite the fact that Enhance Health did not enter the ACA insurance space for nine months[4] after the date requested on the subpoenas and Bain Capital Insurance Fund's motivation to invest being irrelevant to the allegations in this case,[5] Plaintiffs seek sensitive business information about Enhance Health, including non-public investor communications that refer to Enhance Health, confidential financial information regarding Enhance Health and its valuation, and sensitive due diligence documentation, including "analysis, review or investigation conducted or performed" about Enhance Health. Exs. E, F. at 7-8.

\* \* \*

Enhance Health and Mr. Herman request that this Court quash the overbroad Non-Party Subpoenas, or, alternatively, grant a protective order staying production of the requested materials.

---

[4] According to Plaintiffs, Enhance Health was not involved in the ACA insurance space until July 2022. Amended Compl. ¶¶ 211-217 (describing Enhance Health's pivot "away from Medicare toward the ACA space").

[5] By Plaintiffs' own admission, Bain Capital Insurance Fund invested in Enhance Health to "create a retail agency to sell *Medicare* products." Amended Compl. ¶¶ 21 (emphasis added), 211. None of Plaintiffs' allegations relate to Medicare products or Bain Capital Insurance Fund's investment or involvement in the Medicare space.

# ARGUMENT

To survive a motion to quash, or alternatively, for a protective order, a Rule 45 subpoena must not (1) seek production of documents from a person without possession, custody or control of the material, Fed. R. Civ. P. 45(a)(1)(A)(iii); (2) seek "disclosure of privileged or other protected matter, if no exception or waiver applies," Fed. R. Civ. P. 45; or (3) seek irrelevant information, *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020) ("[A] subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information."); *Belcher v. A & M Business Properties, Inc.*, No. 8:10-CV-02898-23AEP, 2015 WL 4527575, at *2 (M.D. Fla. July 27, 2015) (noting that parties in the 11th Circuit may move to quash a non-party subpoena where they have a privilege or personal right in the materials sought). The Non-Party Subpoenas offend all three requirements.[6]

**I. The Cugini Subpoena should be quashed because it seeks information from someone who lacks the legal right to produce the subpoenaed material**.

A party may only seek production of documents in another's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). "Control is defined not only as possession, but as the *legal right* to obtain the documents requested[.]" *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) (emphasis added). A party seeking production "bears the burden of establishing that the [producing party] has control over the documents sought." *Al-Saadi v. Annchery Fajas USA, Inc.*, No. 20-23937-CIV, 2021 WL 8773350, at *3 (S.D. Fla. Nov. 29, 2021)).

---

[6] Courts construe arguments to quash a subpoena under Rule 45 as arguments for a protective order under Rule 26(c). *See, e.g.*, *Gian Biologics, LLC v. Cellmedix Holdings, LLC*, No. 2:15-cv-645-FtM-99CM, 2016 WL 6568014, at *5 (M.D. Fla. Nov. 4, 2016) ("[T]he court may construe a motion to quash a subpoena as a motion for a protective order under Rule 26(c)."); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Defendants' motion to quash [under Rule 45] also is based on Rule 26. The Court may, and it does, deem Defendants' motion to quash as a motion for a protective order under Rule 26(c).").

5

"That which" an employee "has been employed and paid to accomplish becomes, when accomplished, the property of his employer." *Solomons v. United States*, 137 U.S. 342, 346 (1890); *City of Cocoa, Florida v. Leffler*, 762 So. 2d 1052, 1055-56 (Fla. Dist. Ct. App. 2000) (same) (quoting *State Board of Education v. Bourne*, 7 So. 2d 838, 839-40 (Fla. 1942)). However, that is precisely what Plaintiffs seek through Mr. Cugini.

The Cugini Subpoena requests Enhance Health business records to which Mr. Cugini had access or created in the scope of his employment, and that he would have retained without Enhance Health's or Mr. Herman's knowledge or approval. For example, Request 1 seeks production of "[r]ecordings of phone calls between *consumers* on the one hand and Enhance Health or its downline agencies on the other. . . ." Ex. D. at 8 (emphasis added). Only Enhance has "consumers;" Mr. Cugini, in his individual capacity, does not. Mr. Cugini has no legal right to possess, let alone produce, Enhance Health's corporate records. *Modern Engineering, Inc. v. Peterson*, No. 07-CV-1055, 2007 WL 2680563, at *3 (C.D. Ill. 2007) (denying motion to compel in part because individual defendant cannot "produce corporate documents that 'belong' to" a corporate entity); *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 502 (D. Kan. 2001) (holding that "the proper vehicle" for obtaining corporate documents is by requesting them directly from the corporation rather than through individuals because a party "cannot properly seek to obtain from one entity or individual what belongs to another"); *cf. Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, 280 F.R.D. 639, 640 (M.D. Fla. 2012) (granting employee's motion for protective order related to a subpoena requesting documents that belonged to the non-party's employer). The Cugini Subpoena "direct[s] [Mr. Cugini] to produce documents not in [his] possession, custody, or control." *Developmental Technologies, LLC v. Valmont Industries, Inc.*,

No. 8:14-cv-2796-T-35JSS, 2015 WL 12844286, at *3 (M.D. Fla. Sept. 2, 2015) (quoting *In re Grand Jury Subpoena*, 646 F.2d 963, 969 (5th Cir. 1981)).  It should be quashed.

**II.   The Court should quash the Non-Party Subpoenas, or grant a protective order, because they seek production of irrelevant but protected business and personal information regarding Enhance Health and Mr. Herman**.

Much of the information Plaintiffs seek is irrelevant.  For example, Plaintiffs request all documents related to non-parties' due diligence regarding Enhance Health.  Exs. E, F at 8.  Due diligence is a "prospective buyer's or broker's investigation and analysis of a target company, a piece of property, or a newly issued security." *Diligence*, *Black's Law Dictionary* (12th ed. 2024).  None of Plaintiffs' underlying claims pertain to non-parties Bain Capital Distributors' and Bain Capital Insurance Fund General Partner's investigation and analysis of Enhance Health.  Plaintiffs do not even allege these non-parties invested in Enhance Health, only that Bain Capital Insurance Fund, which is a named party, was an investor.  Amended Compl.  ¶¶ 21, 211.  Any claim of relevance is belied by Plaintiffs' own timeline.  Applied here, Plaintiffs are asking two non-parties for analyses and investigations, to the extent they exist, of Enhance Health that pre-date any wrongdoing by at least nine months[7] and during a time, per Plaintiffs' own allegations, that Enhance Health was not even in the ACA insurance space.  Amended Compl. ¶¶ 21-22, 211-216.  Similarly, the Cugini Subpoena covers a nine-month period during which Enhance Health was not selling ACA insurance.  Ex. D at 8; Amended Compl. ¶¶ 21-22, 211-216.

**A.   The Non-Party Subpoenas impermissibly seek sensitive financial and commercial information, which, without court intervention, would be disclosed to Enhance Health's competitors**.

The Bain Entities Subpoenas request all documents "reflecting any due diligence, analysis, review or investigation conducted or performed . . . on Enhance Health LLC."  Exs. E, F at 8.  This

---

[7] The Bain Entities Subpoenas request production of documents from November 1, 2021 to present. Exs. E, F. at 7.

7

request, along with those for communications with investors in Bain Capital Insurance Fund that refer to Enhance Health, Exs. E, F at 7, documents used in the connection with the sale of investments in Bain Capital Insurance Fund, Exs. E, F at 7, and audited and unaudited financial statements related to the value of Enhance Health, Exs. E, F at 8, seek disclosure of protected financial and business information. These requests necessarily sweep in confidential financial information and analysis, sensitive details about the commercial operations of Enhance Health, evaluations and descriptions of sensitive business information, such as a detailed descriptions of consumers and the processes by which Enhance identifies and retains its consumers. Since, by Plaintiffs' own admission, Bain Capital Insurance Fund's investment allegedly sought to create a retail agency for Medicare products and not ACA products, the requests are also irrelevant. The expansive requests are even more problematic because the parties include Enhance Health's competitors. Amended Compl. ¶¶ 384-392, 393-403 (describing Navaquote and WINN Insurance Agency as Enhance Health's competitors). These requests should therefore be quashed. Fed. R. Civ. P. 45(d)(3)(A)(iii).

The Cugini Subpoena is similarly flawed. It, too, lacks meaningful date or subject-matter restrictions, and calls for production of confidential commercial information. For example, the subpoena requires disclosure of all communications between Mr. Cugini and Enhance Health or Mr. Herman about "ACA Health Insurance" and "AOR Swaps," without further limitation. Ex. D at 8. Just as with the Bain Entities Subpoenas, Plaintiffs' definition of "communication" is virtually boundless, including direct messages on social media, emails, whether sent or received from Mr. Cugini's personal accounts, and text messages. Ex. D. at 3-4, 8. Similarly, the definitions of "ACA Health Insurance" and "AOR Swaps" is not tethered to or limited to the allegations in this case,

8

either. Ex. D. at 6. This request will require disclosure of sensitive business and operational information to Enhance Health's competitors that goes beyond what is discoverable in this case.

**B.     Mr. Herman has a personal right to safeguard his communications, which should be shielded from disclosure via the Non-Party Subpoenas**.

The Cugini Subpoena is also improper because it calls for communications between Mr. Cugini and Mr. Herman. Ex. D at 8. Mr. Herman has an indisputable personal interest in protecting the contents of his communications from non-party subpoenas. *See, e.g.*, *Mancuso v. Florida Metro. Univ., Inc.*, No. 09-61984-CIV, 2011 WL 310726, at *1-3 (S.D. Fla. Jan. 28, 2011) (granting moving party's request to modify third-party subpoena where "the substance of Plaintiff's text messages (or telephone calls)" were reasonably interpreted to be sought by the subpoena); *Cellairis Franchise, Inc. v. Duarte*, 193 F. Supp. 3d 1379, 1381 (N.D. Ga. 2016) ("Courts have found a 'personal right' to subpoenaed materials" in, for example, "webmail inboxes") (citing *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965 (C.D. Cal. 2010)). Since the Cugini Subpoena's definitions are not meaningfully limited to the allegations or time-period relevant to this case, it necessarily seeks the substance of Mr. Herman's personal communication with Mr. Cugini. On that basis, this request should be quashed. *See Mancuso*, 2011 WL 310726, at *3 (striking non-party subpoena's definitions where the substance of Plaintiff's communications were not relevant to the claims at issue).

**C.     Plaintiffs cannot demonstrate the requested materials are unavailable through the named parties, and thus a protective order staying the subpoenas should be granted**.

Where parties, like Enhance Health and Mr. Herman, have a privilege or personal right with respect to materials sought by a third-party subpoena, they may move to quash. *See Belcher*, 2015 WL 4527575, at *2 (M.D. Fla. July 27, 2015) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). "[C]ourts weigh the claim to privacy against the need for disclosure." *Jordan*,

9

947 F.3d at 1335-36 (11th Cir. 2020) (citing *Festus & Helen Stacy Found., Inc. v. Merrill Lynch, Pierce Fenner & Smith Inc.*, 432 F. Supp. 2d 1375, 1380 (N.D. Ga. 2006)). Enhance Health's and Mr. Herman's personal rights in these documents exist even if a non-party creates or maintains them. *See, e.g.*, *SouthernCare, Inc.*, 2015 WL 5604367, at *2 (S.D. Ga. Sept. 23, 2015) (finding that corporate entity has "a personal right to its own documents," even if created and held by a non-party, and weighing the claim for privacy against plaintiffs' need). Moreover, although Rule 45 does not specifically address relevance as a requirement, it is "generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement[.]" *Jordan*, 947 F.3d at 1329 (11th Cir. 2020). Information is relevant if it pertains to the claims in an underlying action or the legal standards that govern those claims. *Id.*

Since Enhance Health and Mr. Herman have an interest in preventing disclosure of confidential information and communications, plaintiffs must "show a substantial need for the testimony or material that *cannot be otherwise met* without undue hardship." *Rose v. T-Mobile U.S., Inc.*, No. 2:24-cv-473, 2024 WL 3103662, at *3 (M.D. Fla. June 24, 2024) (quoting *Wachovia Ins. Servs., Inc. v. Paddison*, No. 406CV083, 2006 WL 8435309, at *18 (S.D. Ga. July 18, 2006) (emphasis added)). They are unable to do so, particularly where, as here, Plaintiffs have failed to seek the information from the named parties before turning to third parties.[8] *See, e.g.*, *Serrala US Corp. v. Paschke*, No. 3:21-CV-907/TKW/ZCB, 2022 WL 19333286, at *2 (N.D. Fla. Sept. 7, 2022) ("It appears that Plaintiff should be able to obtain the information it requested in the third-party subpoenas from Defendants themselves. Thus, the Court does not believe it is appropriate to allow Plaintiff to seek this information from Defendants' customers via third-party subpoenas at

---

[8] Plaintiffs should first seek the requested information from the named parties as provided under the applicable rules. As explained in their forthcoming motion to stay, Defendants' position is that discovery should be stayed pending their case dispositive motion to dismiss, which will be filed on or before September 30, 2024.

this time."). "As plaintiff[s] seek[] correspondence" between Enhance Health, Mr. Herman, and non-parties, "Plaintiff[s] can necessarily obtain that information from Defendants," at the appropriate time in the litigation instead of burdening non-parties. *Scrum All. Inc. v. Scrum, Inc.*, No. 4:20-CV-00227, 2020 WL 6559625, at *3 (E.D. Tex. Nov. 9, 2020).

## CONCLUSION

For the reasons outlined above, Defendants Enhance Health and Mr. Herman respectfully request that this Court quash the Non-Party Subpoenas or, in the alternative, issue a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) staying the Non-Party Subpoenas.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Defendants conferred with counsel for the Plaintiffs, who oppose the request to quash and stay execution of the subpoenas.

Dated: September 23, 2024

Respectfully submitted,

By: /s/ *Olga M. Vieira*
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Olga M. Vieira (FBN: 29783)
Samuel G. Williamson (FBN: 1033817)
2601 South Bayshore Dr., Suite 1550
Miami, FL 33133
Telephone: (305) 496-2988
samwilliamson@quinnemanuel.com
olgavieira@quinnemanuel.com

*Attorneys for Enhance Health LLC, and Matthew B. Herman*

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was electronically filed by CM/ECF on September 23, 2024.

/s/  *Olga M. Vieira*
Olga M. Vieira  (FBN: 29783)
