# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60591-DAMIAN/Valle

CONSWALLO TURNER, TIESHA
FOREMAN, ANGELINA WELLS,
PAULA LANGLEY, VERONICA
KING, NAVAQUOTE, LLC
and WINN INSURANCE AGENCY, LLC,
individually and on behalf of all others
similarly situated,

**CLASS ACTION**

(Jury Trial Demanded)

   Plaintiffs,

v.

ENHANCE HEALTH, LLC,
TRUECOVERAGE, LLC,
SPERIDIAN TECHNOLOGIES, LLC,
NUMBER ONE PROSPECTING, LLC
d/b/a MINERVA MARKETING,
BAIN CAPITAL INSURANCE FUND L.P.,
DIGITAL MEDIA SOLUTIONS LLC,
NET HEALTH AFFILIATES, INC.,
BENEFITALIGN, LLC,
MATTHEW B. HERMAN,
BRANDON BOWSKY, GIRISH PANICKER,
and MATTHEW GOLDFUSS,

   Defendants.
_____/

**PLAINTIFFS' NOTICE OF INTENT TO SERVE SUBPOENA
ON NON-PARTY MICHAEL CUGINI**

Pursuant to Fed. R. Civ. P. 45, Plaintiffs notify Defendants of their intent to serve the attached subpoena on non-party Michael Cugini.

CASE NO. 0:24-cv-60591-DAMIAN/Valle

Dated August 27, 2024

By: /s/ *Jason K. Kellogg*
Jason K. Kellogg, P.A.
Florida Bar No. 0578401
Primary email: jk@lklsg.com
Secondary email: ame@lklsg.com
Victoria J. Wilson
Florida Bar No. 92157
Primary email: vjw@lklsg.com
Secondary email: service@lklsg.com
Peter J. Sitaras
Florida Bar No. 1039141
Primary email: pjs@lklsg.com
Secondary email: acd@lklsg.com
100 Southeast Second Street
Miami Tower, 36th Floor
Miami, Florida 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By: /s/ *Jason R. Doss*
Jason R. Doss
Florida Bar No. 0569496
Primary email: jasondoss@dossfirm.com
1827 Powers Ferry Road Southeast
Atlanta, Georgia 30339
Telephone: (770) 578-1314
Facsimile: (770) 578-1302

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 27, 2024, a true and correct copy of the foregoing was served upon parties registered with CM/ECF in this case.

By: */s/ Jason Kellogg*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| Conswallo Turner et al., )<br>*Plaintiff* )<br>v. )<br>Enhance Health LLC et al., )<br>*Defendant* ) | Civil Action No. 0:24-cv-60591-DAMIAN/Valle |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Michael Cugini
1710 Middle River Drive, Ft. Lauderdale, FL 33305

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Levine Kellogg Lehman Schneider + Grossman LLP<br>100 SE Second St., 36th Floor, Miami, FL 33131 | Date and Time:<br>09/13/2024 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/27/2024

*CLERK OF COURT*

OR

_____          /s/Jason Kellogg, Esq.
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
, who issues or requests this subpoena, are:

Jason Kellogg, 100 SE 2nd St., 36th Floor, Miami, FL 33131, jk@lklsg.com, 305/722-8891

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**003**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 0:24-cv-60591-DAMIAN/Valle

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**004**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

# EXHIBIT A

# DEFINITIONS

The following list of definitions shall apply, and be used and referenced by the person complying with this discovery request solely for the purposes of answering this Request for Production of Documents:

1. **"Action"** means this action captioned *Conswallo Turner, et. al. v. Enhance Health, LLC, et al.,* S.D. Florida, 0:24-cv-60591-DAMIAN/Valle.

2. **"Amended Complaint"** refers to the Amended Complaint filed in this Action on August 16, 2024.

3. **"Communication"** means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, including Documents, emails, correspondence, recorded telephone calls, packages, conversations, meetings, discussions, telegrams, telexes, telecopies, seminars, conferences, messages, notes, emails, and memoranda. As defined herein, **"Communication"** shall include any Document, and apply to the use of any medium, including text or social media messaging or chat platform or service, such as Facebook, LinkedIn, Twitter, iMessage, WhatsApp, Blackberry Instant Messenger, and Gmail chat.

4. **"Enhance Health"** means Enhance Health LLC and anyone acting on its behalf.

5. **"Bain Capital"** means Bain Capital Insurance L.P. or any of its affiliates, subsidiaries, members or related entities, and anyone acting on its behalf.

6. **"Herman"** means Matthew Herman.

7. **"Bowsky"** means Defendant Brandon Bowsky and anyone acting on his behalf.

8. **"Minerva Marketing"** means Number One Prospecting, Inc. and/or Number One Prospecting, LLC and anyone acting on its behalf.

9. **"Bowsky"** means Defendant Brandon Bowsky and anyone acting on his behalf.

10. **"TrueCoverage"** means Defendant TrueCoverage, Speridian Technologies, LLC, Speridian Global Holdings, LLC and anyone acting on their behalf.

11. **"Garish Panicker"** means Defendant Garish Panicker and anyone acting on his behalf.

12. **"Matthew Goldfuss"** means Matthew Goldfuss and anyone acting on his behalf.

13. **"Document"** means the original, any non-identical copy or draft, and, if applicable, both sides of any writing or recording of whatever nature, whether written, typed, printed, photocopied, filmed, videotaped, or mechanically or electronically sorted or recorded, whether prepared by Defendants or any other person, and is in Defendants' possession, custody, or control. Without limiting the foregoing, **"Document"** includes correspondence, memoranda, faxes, emails, text messages, reports, notes, minutes, or records of telephone conversations, meetings, or conferences, diaries, logs, calendars, calendar notes, accounting records, financial statements, books of account, vouchers, invoices, bills, computer tapes, diskettes, electronically stored information or print-outs, writings, drawings, graphs, charts, photographs, phono-records, videotape recordings, and data compilations from which information can be obtained or translated. The term shall be given the broadest meaning possible under any applicable rules, and shall include information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

14. **"Identify,"** when used with respect to an individual, animal, or entity, means to state the name of that person. **"Identify,"** when used with respect to a Document, means to state the date of the Document, the author(s) and recipient(s) of the Document, and the subject matter

of the Document.

15. The words **"Person"** and **"Individual"** shall mean any natural person, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, or governmental, public, legal, or business entity, or group of natural persons or entities, whether *sui juris* or otherwise.

16. **"Class Plaintiffs"** refers to Conswallo Turner, Tiesha Foreman, Angelina Wells, Paula Langley, Veronica King, Navaquote, LLC and Winn Insurance Agency, LLC.

17. **"Regarding," "Related to," "Relating to,"** and **"Pertaining to"** include, but are not limited to, anything concerning, arising out of, or evidencing the subject of the Request.

18. The terms **"And"** and **"Or"** shall be both conjunctive and disjunctive; the term **"Including"** means "including without limitation;" and **"Each," "Any,"** and **"All"** mean "each and every."

19. **"You"** and/or **"Your"** refers to Paul Montgomery.

20. The term **"free cash card"** advertisements mean the types of advertisements at issue in this Action.

21. The term "**AOR Swaps**" means the changing of a consumer's agent of record.

22. "**ACA health insurance**" means Affordable Care Act health insurance.

## INSTRUCTIONS

1. Each of the Requests seeks all Documents, wherever located, which are in Your possession, custody, or control, or in the actual or constructive possession, custody, or control of You or any of Your affiliates or present or former attorneys, agents, representatives, advisors, or employees, as well as any third-party service providers with which You have an account, including, for example, telephone and cable carriers, Internet service providers, email carriers, banks,

008

insurance companies, or any other institution with which You have an account and the right to access Your account records.

2. If You believe that any person or entity might have possession, custody, or control of any Document that is not within Your custody or control but is otherwise responsive to any part of the Requests, You shall so state and shall identify the person or entity that You believe might have custody or control of that Document.

3. You shall produce all Documents in the order and manner that they are kept in the usual course of business. You shall produce all physical Documents in their original folders, binders, covers, or containers (or You shall provide properly sequenced photocopies thereof).

4. Documents produced shall be organized so that the files in which they were located can be ascertained, as well as their relative order in such files and how such files were maintained. Electronically stored information shall be produced in the same electronic form as it exists in Your computers, original files, or other storage media, and the production shall preserve the integrity of the underlying electronically stored information, *i.e.*, the original formatting, email header and family information, and the revision history. Metadata shall be included with all files. Spreadsheet files such as those created using the Microsoft Excel software application, and database files such as those created using the Microsoft Access or QuickBooks software application, shall be produced in <u>native</u> format.

5. Any Document that is attached electronically or physically, by staple, clip or otherwise, to a Document requested herein shall also be produced (attached in the same manner as the original) regardless of whether the production of that Document is otherwise requested herein.

6. If You have no Documents that are responsive to a Request, You shall so state.

7. You shall respond to the Requests reasonably and not strain to interpret them in an artificially restrictive manner to avoid disclosure of relevant and non-privileged Documents. You shall not produce Documents in a manner designed to hide or obscure the existence of particular Documents, or to accomplish any other improper purpose. You shall base Your discovery objections on a good-faith belief in their merit and shall not object solely for the purpose of withholding or delaying the disclosure of relevant information, or for any other improper purpose.

8. Unless otherwise specified below, the Relevant Period of these Requests is from July 2020 through the present.

9. All Requests for Documents include email communications found in any mailbox, including but not limited to personal mailboxes

## REQUESTS

1. Recordings of phone calls between consumers on the one hand and Enhance Health or its downline agencies on the other, including but not limited to calls recorded on the TLD dialer system.

2. Communications with Herman.

3. Communications with Enhance Health.

4. Communications with Bain Capital.

5. Documents, including but not limited to personal notes, texts, emails, calendar entries or agendas, relating to meetings where one or more Bain Capital employees were present.

6. Communications with Enhance Health downlines.