**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CONSWALLO TURNER, TIESHA
FOREMAN, ANGELINA WELLS,
PAULA LANGLEY, VERONICA KING,
NAVAQUOTE, LLC and WINN
INSURANCE AGENCY, LLC, individually
and on behalf of all others similarly situated,

        Plaintiffs,

v.

ENHANCE HEALTH, LLC,
TRUECOVERAGE, LLC, SPERIDIAN
TECHNOLOGIES, LLC, BENEFITALIGN,
LLC, NUMBER ONE PROSPECTING, LLC
d/b/a MINERVA MARKETING, BAIN
CAPITAL INSURANCE FUND L.P.,
DIGITAL MEDIA SOLUTIONS LLC, NET
HEALTH AFFILIATES, INC., MATTHEW
B. HERMAN, BRANDON BOWSKY,
GIRISH PANICKER, AND MATTHEW
GOLDFUSS.

        Defendants.

Case No.: 0:24-cv-60591-DAMIAN/Valle

**JOINT NOTICE OF DEFENDANTS' POSITION**
**REGARDING MOTION TO DISMISS FILING DEADLINE**

Defendants Enhance Health LLC ("Enhance Health"), TrueCoverage, LLC ("TrueCoverage"), Speridian Technologies, LLC ("Speridian"), Benefitalign, LLC ("Benefitalign"), Number One Prospecting, LLC d/b/a Minerva Marketing ("Minerva"), Matthew B. Herman ("Herman"), Brandon Bowsky ("Bowsky"), Girish Panicker ("Panicker"), and Matthew Goldfuss ("Goldfuss") respectfully request that Court maintain the existing deadline of **September 30, 2024,** to file their joint motion to dismiss the Amended Complaint.

Plaintiffs filed their initial complaint on April 12, 2024, asserting four causes of action against six defendants, Bowsky, Enhance Health, Herman, Minerva, Speridian, and TrueCoverage (the "Original Defendants"). (ECF No. 1). Shortly thereafter, Plaintiffs informed the Original Defendants of their intention to amend the complaint and requested that the Original Defendants delay their response, pending amendment. To preserve resources, the Original Defendants agreed to postpone their response until Plaintiffs filed an amended pleading. In the interim, Plaintiffs sought expedited discovery against Enhance Health and TrueCoverage.[1] (ECF Nos. 27, 35).

On July 18, 2024, the Court granted the Parties' Joint Motion for Revised Pleading Schedule, ordering the Original Defendants to file their response to the Amended Complaint by September 30, 2024. (ECF No. 48). Despite this postponement Plaintiffs continued to push for discovery, and on July 19, 2024, filed a motion to compel a Rule 26(f) conference, which the Court ultimately granted. (ECF Nos. 49, 55).

Four months after filing the Complaint, on August 16, 2024, Plaintiffs filed the operative Amended Complaint, which named six additional defendants, including Defendants Benefitalign, Panicker, Goldfuss, and Bain Capital Insurance Fund L.P. ("Bain Insurance"). (ECF No. 63). On August 28, 2024, Defendants Benefitalign, Panicker, and Goldfuss executed waivers of the service of summons, noting that they had received copies of the amended complaint and were represented by counsel. (ECF Nos. 74-76.) On the same day, the Original Defendants, plus the newly added Defendants Benefitalign, Panicker, and Goldfuss (collectively the "Moving Defendants"), filed a joint motion for leave to file separate, individual motions to dismiss and for leave to file oversized briefs. (ECF No. 73). In their motion, the Moving Defendants noted that certain defendants,

---

[1] Plaintiffs withdrew their motions for expedited discovery on August 5, 2024, following the scheduling of a Rule 26(f) conference. (ECF No. 57).

including Bain Insurance, had not yet been served and took no part in the motion. *Id.* at 2 n.1.  On September 6, 2024, the Court granted the Moving Defendants' motion in part, ordering the Moving Defendants to file a single, combined motion to dismiss not to exceed 60 pages in length.  (ECF 80).  The Court left in place the September 30, 2024, filing deadline for Moving Defendants.  Bain Insurance was served three days later on September 9, 2024.  (ECF No. 86, ¶ 6).

On September 20, 2024, defendant Bain Insurance filed an unopposed motion for extension of time to file its own separate motion to dismiss, noting that it was not named in Plaintiffs' initial complaint and was not served until September 9, 2024.  (ECF No. 86).  On September 23, 2024, Plaintiffs' filed a response to Bain Insurance's unopposed motion.  (ECF No. 87).  Although Plaintiffs did not oppose Bain Insurance's requested extension of time, Plaintiffs requested that the Court "address Bain Insurance's request for an extension by moving back the deadline for all Defendants to file their responsive motions" to October 16, 2024. *Id.* at 2.  Plaintiffs did not confer with the Moving Defendants before requesting this relief from the Court.  Local Rule 7.1(a)(3).

The Moving Defendants respectfully request that the Court maintain the existing briefing schedule for those parties subject to the Court's September 6, 2024, order requiring the Moving Defendants to file a joint motion to dismiss.  Plaintiffs' Amended Complaint spans 185 pages and comprises 426 factual allegations and 55 counts against a dozen defendants, and Plaintiffs have already begun to initiate discovery, propounding discovery requests to both parties and non-parties alike.  From the outset, Plaintiffs have pursued discovery expeditiously and refused to stay discovery pending the Court's ruling on the motion to dismiss.  Yet at the same time, Plaintiffs postponed filing the Amended Complaint—delaying Defendants' motion to dismiss—for four months.  After amending, Plaintiff further delayed in serving new defendants, who may require

additional time to respond, while simultaneously propounding party and non-party discovery. Now, Plaintiffs seek to delay the motion to dismiss even further.

Additional delay without a stay of discovery is prejudicial. Moving Defendants intend to file a motion to stay discovery by the end of this week. As Moving Defendants' forthcoming motions will demonstrate, the Amended Complaint suffers from multiple deficiencies, the resolution of which warrant a stay of discovery while this Court considers the motion to dismiss. To facilitate the Court's consideration of their forthcoming motion to stay and of objections to Plaintiffs' discovery requests, Moving Defendants seek to maintain the existing motion to dismiss deadline such that the two motions can be considered by this Court simultaneously.

The Moving Defendants are prepared to file their joint motion to dismiss on September 30, 2024, as required by the Court's September 6, 2024 order. Their motion to dismiss presents case dispositive arguments that should be resolved as soon as practicable to preserve the resources of the Court and the Parties. The parties agreed months ago to a September 30, 2024, deadline for the Moving Defendants' motion to dismiss, and the Moving Defendants have worked diligently to respect both the Court's deadline and its instructions to coordinate on a joint motion for all the Moving Defendants. Although other recently served defendants may need additional time to respond to the Amended Complaint, Moving Defendants do not. As the Court noted in its July 29, 2024, order setting a Rule 26(f) conference, "[t]his case has been pending on the Court's docket since early April" and "needs to move forward." (ECF No. 55 at 1). That is precisely what Moving Defendants seek to do by filing their motion to dismiss on the agreed upon deadline. Moving Defendants' forthcoming motion to dismiss will be dispositive of all issues, and the Court should have the opportunity to promptly dispose of the entire case prior to an extensive and complex discovery process.

5

For the foregoing reasons, Defendants Enhance Health, TrueCoverage, Speridian, Benefitalign, Minerva, Herman, Bowsky, Panicker, and Goldfuss respectfully request the Court maintain the existing deadline of September 30, 2024 for their joint motion to dismiss.

**[Intentionally left blank.]**

Dated: September 24, 2024

By: /s/ *Olga M. Vieira*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Olga M. Vieira  (FBN: 29783)
Samuel G. Williamson (FBN: 1033817)
Laura N. Ferguson (FBN: 1047701)
2601 South Bayshore Dr., Suite 1550
Miami, FL 33133
Telephone: (305) 496-2988
samwilliamson@quinnemanuel.com
olgavieira@quinnemanuel.com
lauraferguson@quinnemanuel.com

*Attorneys for Enhance Health LLC, and Matthew B. Herman*

By: /s/ *Guy A. Rasco*

DEVINE GOODMAN & RASCO, LLP
2800 Ponce de Leon Blvd., Suite 1400
Coral Gables, FL 33134
Tel.:  305-374-8200
grasco@devinegoodman.com

Guy A. Rasco, Esq. (FBN: 727520)
And of Counsel (*pro hac vice forthcoming*)
Amy E. Richardson, Esq.
HWG, LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601

Patrick P. O'Donnell, Esq.
Walter E. Anderson, Esq.
HWG, LLP
1919 M. Street N.W., Suite 800
Washington, D.C. 20036

*Attorneys for TrueCoverage, LLC*

Respectfully submitted,

By: /s/ *Ryan H. Lehrer*

TRIPP SCOTT, P.A.
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, Florida  33301
Telephone:  (954) 525-7500

RYAN H. LEHRER, ESQ. (FBN: 0084423)
(rhl@trippscott.com; sxc@trippscott.com;
cab@trippscott.com; eservice@trippscott.com)
SETH J. DONAHOE, ESQ. (FBN: 1004133)
(sjd@trippscott.com; sgc@trippscott.com)
JENNIFER  H.  WAHBA,  ESQ.  (FBN:
1010093)
(jmh@trippscott.com; jam@trippscott.com)

*Attorneys  for  Defendants  Number  One Prospecting,  LLC  d/b/a  Minerva  Marketing, and Brandon Bowsky*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed by

CM/ECF on September 24, 2024.

/s/ _Olga M. Vieira_
Olga M. Vieira
FBN: 29783