**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CONSWALLO TURNER, TIESHA FOREMAN, ANGELINA WELLS, PAULA LANGLEY, VERONICA KING, NAVAQUOTE, LLC and WINN INSURANCE AGENCY, LLC, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>ENHANCE HEALTH, LLC, TRUECOVERAGE, LLC, SPERIDIAN TECHNOLOGIES, LLC, BENEFITALIGN, LLC, NUMBER ONE PROSPECTING, LLC d/b/a MINERVA MARKETING, BAIN CAPITAL INSURANCE FUND L.P., DIGITAL MEDIA SOLUTIONS LLC, NET HEALTH AFFILIATES, INC., MATTHEW B. HERMAN, BRANDON BOWSKY, GIRISH PANICKER, and MATTHEW GOLDFUSS.<br><br>                Defendants. | Case No.: 0:24-cv-60591-MD |

**DEFENDANTS' EXPEDITED JOINT MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

**INTRODUCTION**

Courts properly stay discovery pending resolution of a dispositive motion to dismiss when the motion, if granted, may eliminate the entire action as to all Defendants. On Monday, September 30, 2024, Defendants will file a dispositive motion to dismiss that challenges each of Plaintiffs' allegations in its Amended Complaint. The motion will demonstrate that Plaintiffs fail to plead injury-in-fact and traceability, and therefore do not have Article III standing; fail to plead their claims with the necessary specificity, as required under Federal Rule of Civil Procedure 9(b); and fail to state valid claims for relief under Rule 12(b)(6).

After taking into account the dispositive nature of Defendants' motion to dismiss and the significant burden that the discovery process will visit on Defendants, this Court should stay all discovery in this action pending its ruling on possible dismissal, which could obviate or greatly reduce the need for discovery in this matter. Defendants respectfully request this Court issue a ruling on this expedited motion by October 21, 2024.[1]

**FACTUAL BACKGROUND**

Plaintiffs filed their initial Complaint on April 12, 2024, asserting four causes of action against six Defendants. [ECF No. 1.] Shortly after, Plaintiffs asked Defendants to agree not to respond to the Complaint because Plaintiffs intended to amend. In fact, Plaintiffs sought multiple extensions to file their Amended Complaint, each time asking Defendants to delay their motion to dismiss pending amendment. [ECF No. 54 at 2.] However, well before filing the Amended Complaint, and therefore well before Defendants had notice of the allegations against them, Plaintiffs began propounding discovery. This led to a situation Defendants still find themselves in

---

[1] Defendants request a ruling on this expedited motion under Local Rule 7.1(d)(2). Alternatively, Defendants request this Court grant a preliminary stay and keep discovery in abeyance to preserve the status quo until this Court rules on this expedited motion to stay discovery.

today: addressing Plaintiffs' frequent discovery requests before this Court has ruled on the viability of the action itself.  Defendants therefore request that this Court stay discovery until it has ruled on the motion to dismiss which will seek disposition of the entire matter.

*   *   *

On July 16, 2024, the parties jointly moved to revise the pleading schedule, requesting an August 16 filing deadline for Plaintiffs' Amended Complaint and a September 30 deadline for Defendants' response.  [*See* ECF No. 47 at 1.]  To coordinate a motion to dismiss on behalf of— at that time—six Defendants facing wide-ranging allegations, the Defendants requested 45 days in which to file their response to the then-forthcoming Amended Complaint.  On July 18, this Court granted that motion, [ECF No. 48], and the very next day, Plaintiffs moved to compel a Rule 26(f) discovery conference.  [ECF No. 49.]

Plaintiffs began propounding discovery requests even before filing their Amended Complaint.  For example, on June 26 and July 5, 2024, Plaintiffs filed motions for expedited discovery against Defendants TrueCoverage and Enhance Health, respectively.  [ECF Nos. 27, 35.]  The requested discovery consisted of broad interrogatories and requests for production, including TrueCoverage's "internal communications" and Enhance Health's privileged preservation letters.  [ECF No. 27 at 5; ECF No. 35 at 3.]  While Plaintiffs agreed to withdraw their requests for expedited discovery, [ECF No. 57], they did so only after insisting on a scheduling conference to discuss discovery deadlines and after this Court granted their motion to compel a Rule 26(f) conference.  [*See* ECF No. 55 at 2.]

On August 16, 2024, Plaintiffs filed their Amended Complaint ("Am. Compl.").  [ECF No. 63.]  The 185-page complaint features fifty-five claims alleging six unique causes of action: Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §

2

1962(c); Conspiracy to Violate RICO, § 1962(d) ("RICO Conspiracy"); Aiding and Abetting a Violation of RICO, § 1962(c); Aiding and Abetting Fraud; Aiding and Abetting a Breach of Fiduciary Duty; and Negligence. Am. Compl. ¶¶ 427-882. It also includes a new Plaintiff, bringing the total to seven individuals seeking relief for two separate classes. Am. Compl. ¶ 41.

After filing the Amended Complaint, Plaintiffs soon returned to their pursuit of discovery and, in roughly two weeks, propounded subpoena notices on ten non-parties. On August 27, 2024, Plaintiffs served notices of intent to serve subpoenas on three non-parties: Paul Montgomery, a former TrueCoverage employee; Monica Reed, a former bookkeeper of Defendant Minerva Marketing; and Michael Cugini, a former Enhance Health employee. Ex. A-C. From these non-parties, Plaintiffs seek documents and communications related to multiple Defendants—for instance, from Mr. Cugini, Plaintiffs seek Enhance Health's corporate records and Mr. Cugini's work product, created in the scope of his employment at Enhance. *See id.* Plaintiffs make similar requests, with respect to TrueCoverage's corporate records, from Mr. Montgomery. Ex. A. On September 5, 2024, Plaintiffs served additional notices of intent to serve subpoenas on five more non-parties: Bain Capital Distributors, LLC; Bain Capital Insurance Fund General Partner, LLC; Ensure Health; Gabriel Harrison (later withdrawn); and Instant Health. Ex. D-I. Presently, third-party subpoenas are the subject of pending motions to quash brought by Defendants Minerva Marketing, Brandon Bowsky, Enhance Health, and Matthew Herman. [*See* ECF Nos. 81, 91.]

On August 28, 2024, Plaintiffs served their First Set of Interrogatories to Defendant Enhance Health, Ex. J, and First Requests for Production of Documents to Defendants TrueCoverage and Enhance Health, Ex. K-L, making Enhance Health's and TrueCoverage's responses due one business day before Defendants' motion to dismiss.

3

All of these discovery requests, propounded before this Court has determined the merit of Plaintiffs' action, may be mooted by Defendants' joint motion to dismiss the entirety of Plaintiffs' Amended Complaint, with prejudice, which Defendants will file on Monday, September 30, 2024.

## LEGAL STANDARD

"A temporary stay of discovery is" proper where a "broad class action complaint" faces "legitimate challenges" from a motion to dismiss. *See Goldstein v. Costco Wholesale Corp.*, No. 21-CV-80601-RAR, 2021 WL 2827757, *2 (S.D. Fla. July 8, 2021) (staying discovery in class action pending resolution of motion to dismiss). When determining "whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Lewis v. Mercedes-Benz USA, LLC*, No. 19-CIV-81220-RAR, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020) (citation omitted) (staying discovery in RICO class action, pending resolution of motion to dismiss, when defendants substantively "challenged the viability of all sixteen claims" under Rules 12(b)(6) and 9(b)). This Court should take a "preliminary peek at the merits of [Defendants'] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive"; it may do so without offering "any substantive opinion on the merits" of that motion. *Id.* at *2, *3 n.2  (citation omitted). A "preliminary peek" at Defendants' motion will make clear that it fits those requirements—it is both meritorious and dispositive. *Id.* at *2. Consequently, a discovery stay is appropriate here.

## ARGUMENT

I. **DEFENDANTS' MOTION TO DISMISS PRESENTS CASE DISPOSITIVE ARGUMENTS THAT SHOULD BE RESOLVED PRIOR TO DISCOVERY**

As this Court has recognized, when "disclosures and discovery" are not "necessary to the determination of the Motion," a stay is appropriate. *See Oriental Republic of Uru. v. Italba Corp.*,

4

No. 21-CV-24264-MGC, 2022 U.S. Dist. LEXIS 68563, at *3-4 (S.D. Fla. Apr. 13, 2022) (Damian, M.J.) (staying discovery pending resolution of motion seeking judgment as a matter of law). Here, a stay is appropriate because Defendants challenge the legal sufficiency of all Plaintiffs' claims.

Similarly, Courts regularly stay discovery in multi-litigant civil RICO actions pending resolution of a case-dispositive motion to dismiss. *See, e.g*, *Lewis*, 2020 WL 4923640, at *4 (granting stay in RICO class action); *Khan v. Bankunited, Inc.*, No. 8:15-CV-2632-T-23TGW, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) (multi-party RICO action) (granting discovery stay, except as to exchanging initial disclosures and ESI protocol); *James v. Hunt*, 761 F. App'x 975, 981-82 (11th Cir. 2018) (affirming discovery stay in RICO action); *In re Managed Care Litig.*, No. 1334, 00-1334, 2001 WL 664391, at *1, *3 (S.D. Fla. June 12, 2001) (granting stay in RICO class action to resolve pending and "anticipated motions to dismiss").

Further, courts regularly grant discovery stays in class actions. For example, in the multi-district class action *In re Mednax Services, Inc., Customer Data Security Breach Litigation*, the court stayed discovery after defendants challenged plaintiffs' Article III standing and all counts in the complaint pursuant to Rule 12(b)(6), finding "facial challenges to all of Plaintiffs' claims" warranted "a temporary stay." No. 21-MD-02994-RAR, 2021 WL 10428229, at *1-3 (S.D. Fla. Oct. 9, 2021). The court noted "threshold issues related to standing are case dispositive" and "properly resolved before discovery." *Id.* at *2. Similarly, in *Skuraskis v. NationsBenefits Holdings, LLC*, a class action, the court found defendants' "colorable challenges to Plaintiffs' Article III standing" and "all 27 counts [] in Plaintiffs' Amended Complaint" pursuant to Rule 12(b)(6) warranted staying discovery. No. 23-CV-60830-RAR, 2023 WL 8698324, at *1, *3, *5-

5

6 (S.D. Fla. Dec. 15, 2023) (reasoning "potentially fatal pleading deficiencies" counseled a temporary stay).

Here, a "preliminary peek" at Defendants' forthcoming motion to dismiss will demonstrate that each of Plaintiffs' claims suffers multiple dispositive deficiencies.[2] *Lewis*, 2020 WL 4923640, at *2. These deficiencies include material flaws in each Consumer Plaintiff's constitutional standing and two Consumer Plaintiffs' prudential standing. Defendants' standing challenges present particular reasons to dismiss the Amended Complaint with prejudice—and thus grant a discovery stay—because "standing issues are threshold legal issues that are case-dispositive." *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398-CIV-FAM, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (granting stay). Therefore, "[i]t is appropriate to stay discovery pending resolution of a motion to dismiss where such an issue is raised." *Id.*

In addition to these pleading failures, the Amended Complaint does not sufficiently state plausible claims for relief under Rule 12(b)(6) and fails to meet the exacting standards of Rule 9(b), which applies to the fraud claims on which this complaint and its RICO allegations rely. As a result, Defendants will raise case-dispositive legal challenges to Plaintiffs' RICO (Counts 1-10), RICO Conspiracy (Counts 11-22), aiding and abetting RICO (Counts 23-34), aiding and abetting fraud (Counts 35-44), aiding and abetting a breach of fiduciary duty (Counts 45-54), and negligence (Count 55) claims, all of which will be before this Court during the pendency of this motion to stay discovery. If Plaintiffs lack a cognizable legal theory on these claims, the entire Amended Complaint will be subject to dismissal. *See, e.g.*, *In re Mednax Servs., Inc.*, 2021 WL 10428229, at *2 (staying discovery when motion to dismiss challenged "all nine counts" under

---

[2] To preserve privilege, given that the motion to dismiss is still being finalized, Defendants cannot discuss their arguments in detail in this brief. Defendants refer to and adopt the to-be-filed motion to dismiss.

Rule 12(b)(6) and identified "notable pleading deficiencies"); *Taylor v. Serv. Corp. Int'l*, No. 20-CIV-60709-RAR, 2020 WL 6118779, at *2, *4 (S.D. Fla. Oct. 16, 2020) (staying discovery in putative class action, in part, because motion to dismiss challenged "all five claims . . . under Rule 12(b)(6)").

Further, Plaintiffs' failure "to specifically allege any precise statements, documents, or misrepresentations the Defendants made to them" represents a pleading deficiency under Rule 9(b) that merits dismissal. *See James*, 761 F. App'x at 979 (citation omitted) (affirming dismissal of RICO claims "because—even assuming arguendo the Plaintiffs pled applicable predicate acts for their RICO claims—they failed to plead the claims with the required level of specificity"). Defendants' motion to dismiss will contend that Plaintiffs fail to allege predicate acts of racketeering because they do not, and cannot, meet the federal pleading standard under Rule 9(b). Consequently, the Court will have a clear basis to dismiss Plaintiffs' fraud-based claims because, as the Eleventh Circuit has recognized, a "plaintiff's [f]ailure to allege a specific element of fraud in a complaint is fatal when challenged by a motion to dismiss." *See Infante v. Bank of America Corp.*, 468 F. App'x 918, 920 (11th Cir. 2012) (citation omitted) (affirming district court's dismissal of fraud claim because the complaint's "bare allegations, standing alone," were "inadequate under federal pleading standards to give rise to an inference" of fraud).

Because Defendants' motion to dismiss presents case dispositive issues and facial challenges that warrant dismissal of the entire complaint, this Court should stay discovery pending resolution of Defendants' motion. *See In re Mednax Servs., Inc.*, 2021 WL 10428229, at *2 (finding "facial challenges"—like those that the Defendants' motion to dismiss will raise—"should be resolved *before* discovery to conserve the resources of the Court, counsel, and all parties") (emphasis in original); *Chevaldina v. Katz*, No. 17-22225-CIV-EGT, 2017 WL 6372620, at *3

(S.D. Fla. Aug. 28, 2017) (noting courts should stay discovery when "a dispositive motion may dispose of an entire case and preserve resources for all parties, including the Court").

## II. PERMITTING DISCOVERY IN LIGHT OF PLAINTIFFS' PLEADING FAILURES WASTES JUDICIAL AND PARTY RESOURCES

A stay is warranted when "requiring the parties to participate in discovery and other litigation activity presents an unnecessary burden." *Oriental Republic of Uru.*, 2022 U.S. Dist. LEXIS 68563, at *3-4. RICO class actions, in particular, present unique and obvious burden issues. For example, RICO actions can last years, leading to numerous discovery disputes requiring judicial intervention. *See, e.g.*, *Allstate Ins., et al v. Palterovich, et al*, No. 1:04-cv-21402-AMS (over five years passed between case filing and close); *Viridis Corp. et al v. TCA Global Credit Master Fund, LP et al*, No. 0:15-CV-61706-UU (three years passed between case filing and close). Moreover, given the "powerful incentive for plaintiffs to attempt to fit garden variety fraud claims within the standard of civil RICO"—which Defendants will contend, in their motion to dismiss, that Plaintiffs are unsuccessfully trying to do—"courts have an obligation to scrutinize civil RICO claims early in the litigation" and "flush out frivolous RICO allegations." *DeBoskey v. SunTrust Mortgage, Inc.*, No: 8:14-cv-1778-MSS-TGW, 2017 WL 4083557, at *7 (M.D. Fla. Sept. 14, 2017) (citation omitted). This obligation supports staying discovery in RICO class actions, pending resolution of dispositive motions to dismiss, to conserve judicial and party resources.

Courts in this district and circuit have issued rulings that reflect this imperative. In *Lewis*, a class action featuring eight named plaintiffs, three defendants, and sixteen counts, including RICO violations, the court recognized that addressing Rule 9(b) facial challenges to plaintiffs' complaint "*before* permitting discovery lessens unnecessary costs, especially" because ruling on the legal sufficiency of claims could alter the scope of the class, "thereby limiting the

8

corresponding scope of discovery." *See* 2020 WL 4923640, at *1, *3-4 (citation omitted) (emphasis added). The *Lewis* court therefore granted defendants' temporary stay of discovery to "save the court, counsel, and the parties significant time and effort." *Id.* at *3. Additionally, in *James*, the Eleventh Circuit affirmed the district court's discovery stay in an action involving two plaintiffs and eight defendants, "especially in light of the fact the Plaintiffs' fraud-based claims [including RICO] would have substantially enlarged the scope of discovery." 761 F. App'x at 981 (granting stay pending ruling on defendants' motions to dismiss and judgment on the pleadings). Similarly, here, Defendants' discovery burden—addressing fifty-five counts posed by seven named Plaintiffs, plus coordinating with twelve Defendants and, potentially, seventy-four "relevant nonparties," Am. Compl. ¶¶ 68-141—meets or exceeds the burdens facing defendants in *Lewis* and *James*, both which involved fewer allegations and fewer total parties.

Further, courts have been particularly sensitive to the "expansive nature of [p]laintiffs['] discovery requests" in putative class actions—like this one—and the resources defendants must expend to respond to such requests. *See Taylor*, 2020 WL 6118779, at *4 (citation omitted). In *Taylor*, a "large putative class action," the court granted a stay, in part, after defendants estimated that plaintiff's discovery requests encompassed "well over one hundred thousand electronic and hard-copy documents (consisting of a total of hundreds of thousands of pages)." *Id.* at *3-4 (citation omitted). Similarly, in *In re Mednax* the court granted a stay, in part, because requiring defendants to respond to discovery requests would involve "significant expenditure . . . to collect, review, and produce large amounts of electronic data." 2021 WL 10428229, at *2 (internal quotation marks and citation omitted).

Here, the effort required for the Defendants to respond to discovery requests for six unique causes of action across fifty-five counts will be time consuming. To date, even though the merits

9

of the Amended Complaint are not yet before this Court, Plaintiffs have sought extremely broad discovery from the Defendants and will likely continue to do so if discovery continues while the motion to dismiss is pending.  For example, in their First Request for Production of Documents to Defendant TrueCoverage, Plaintiffs sought "[a]ll internal communications, including but not limited to emails, text messages, Microsoft Teams Group Chats," and "recorded Teams meetings or video conferences to or from your call centers" regarding a wide swath of topics, from "agent training" to "consumer complaints" to "advertisements, leads, compensation, bonuses, cash benefits, cash cards, checks, CMS, state insurance regualtors [sic], subsidies and/or sales scripts." Ex. K at 6.  Plaintiffs also asked for "all communications between [Defendant] Matthew Goldfuss and any" downline agency—all 30 of them. *See id.* at 7.  Similarly, from Enhance Health, Plaintiffs requested all text messages to all downlines related to "agent training," "agent termination(s)," and "leads."  Ex. L at 6.  "Downlines" includes downline agencies' "present and former officers, directors, employees, agents, affiliates, associated or related companies, and any persons or entities acting or authorized to act on their behalf." *Id.* at 2.  None of these requests are limited to the allegations in this case.  *See* Ex. K at 6-7; Ex. L at 2, 6.[3]

Responding to Plaintiffs' discovery will likely affect Defendants' business operations; it will require significant amounts of their employees' time, pulling them away from their actual jobs.  For example, to comply with just Plaintiffs' first set of discovery requests without accounting for motion practice to rule on objections, which may limit the scope, Enhance Health—one

---

[3]  Minerva Marketing and Mr. Bowsky have not received written discovery requests, yet.  It is reasonable to conclude that any such written discovery will involve the same breadth of documents as those that Enhance Health and TrueCoverage discuss herein.  Further, as discussed herein, Minerva Marketing and Mr. Bowsky were forced to seek court intervention regarding a non-party subpoena to former bookkeeper, Monica Reed, through which Plaintiffs improperly obtained confidential financial information (i.e., tax returns, QuickBooks files, credit card and bank statements) that have no bearing on the issues in this action.  This is exactly the type of issue that discovery stays are meant to address.

10

Defendant—would have to review at least 1.1 terabytes of data[4] shared between approximately 1,400 accounts. Enhance Health would further have to review data from over 2,000 individuals covered by Plaintiffs' requests from June 2022 to the present. Undoubtedly, there will be more requests, requiring expenditure of more resources by Enhance Health and the other Defendants. Enhance Health will have to engage in discussions with Plaintiffs' counsel and likely motion practice in an effort to reduce the scope of the discovery.

In addition, as noted above, Plaintiffs' discovery requests have not been confined to named parties. Plaintiffs already propounded at least ten non-party subpoenas and will likely continue sending third-party discovery demands for confidential or sensitive business information, like the demands Plaintiffs sent to former Defendant employees, such as Mr. Cugini, seeking a potentially large volume of Enhance Health's sensitive corporate records and Mr. Herman's personal communications, and Ms. Reed, seeking Minerva Marketing's confidential business records to which she only had access through her employment with Minerva Marketing. Ex. B-C. In the absence of an order staying discovery, these far-reaching requests will likely keep expanding and, as has already occurred, result in additional motion practice, [*see* ECF Nos. 81, 91], and expenditure of party and judicial resources to resolve discovery disputes that could be mooted by the motion to dismiss.

In the event that some portion of the Plaintiffs' claims survive the motion to dismiss, they will have "ample opportunity to conduct discovery" at that time, which courts have found indicates that the relative equities weigh in favor of a discovery stay while a dispositive motion to dismiss is pending. *See Taylor*, 2020 WL 6118779, at *4. *Cf. Menashe v. Jaoude*, No. 22-22220-Civ-

---

[4] One terabyte of storage equals roughly "6.5 million document pages" and is "equal to 1,300 physical filing cabinets of paper." *How much is 1 TB of storage?*, Dropbox, https://www.dropbox.com/features/cloud-storage/how-much-is-1tb# (last visited Sept. 27, 2024).

11

RNS, 2023 WL 4889395, at *2 (S.D. Fla. Aug. 1, 2023) (same). A stay of discovery is appropriate because discovery in class actions "has the potential to consume vast resources from all litigants," and while a court may prefer to move such cases "at the swift pace" it usually moves other cases, it must be "cognizant of the complexity of the issues involved" and "the amount of time, effort, and money that all parties are expending litigating" the action. *See In re Managed Care Litig.*, 2001 WL 664391, at *3 (staying discovery pending resolution of a motion to dismiss). Therefore, in light of Defendants' "specific and tangible" showing of "the unreasonable discovery burdens they [would] face absent a stay" and in the context of a motion to dismiss that will be filed during the briefing period for this motion to stay, a discovery stay is warranted. *See In re Mednax Servs., Inc.*, 2021 WL 10428229, at *2.

## CONCLUSION

Because an order granting the motion to dismiss that Defendants will file on Monday, September 30, 2024, could either eliminate the need for any discovery or greatly reduce the scope of it, this Court should grant a stay of discovery until it has ruled on that motion. For the foregoing reasons, Defendants respectfully request this Court **GRANT** this motion to stay discovery pending a decision on Defendants' dispositive motion to dismiss. Defendants respectfully request this Court issue a ruling on this expedited motion by October 15, 2024.[5]

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Defendants conferred with counsel for the Plaintiffs, who oppose the request to stay.

---

[5] Defendants request a ruling on this expedited motion under Local Rule 7.1(d)(2). Alternatively, Defendants request this Court grant a preliminary stay and keep discovery in abeyance to preserve the status quo until this Court rules on this expedited motion to stay discovery.

## **LOCAL RULE 7.1(b) REQUEST FOR HEARING**

The undersigned respectfully request a hearing to be held on this Motion because a hearing would assist the parties in arguing their points and applicable case law.

Dated: September 27, 2024                                        Respectfully submitted,

By: /s/ *Olga M. Vieira*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Olga M. Vieira (FBN: 29783)
Samuel G. Williamson (FBN: 1033817)
Laura N. Ferguson (FBN: 1047701)
2601 South Bayshore Dr., Suite 1550
Miami, FL 33133
Telephone: (305) 496-2988
samwilliamson@quinnemanuel.com
olgavieira@quinnemanuel.com
lauraferguson@quinnemanuel.com

*Attorneys for Enhance Health LLC, and Matthew B. Herman*


By: /s/ *Guy A. Rasco*

DEVINE GOODMAN & RASCO, LLP

Guy A. Rasco, Esq. (F.B.N.: 727520)
2800 Ponce de Leon Blvd., Suite 1400
Coral Gables, FL 33134
Tel.: 305-374-8200
grasco@devinegoodman.com

And of Counsel (*admitted pro hac vice*)
Amy E. Richardson, Esq.
HWG, LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601

Patrick P. O'Donnell, Esq.
Walter E. Anderson, Esq.
HWG, LLP
1919 M. Street N.W., Suite 800
Washington, D.C. 20036

*Attorneys for Defendants TrueCoverage, LLC and Speridian Technologies, LLC*

By: /s/ *Ryan A. Lehrer*

TRIPP SCOTT, P.A.
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500

RYAN H. LEHRER, ESQ. (FBN: 0084423)
(rhl@trippscott.com; sxc@trippscott.com; cab@trippscott.com; eservice@trippscott.com)
SETH J. DONAHOE, ESQ. (FBN: 1004133)
(sjd@trippscott.com; sgc@trippscott.com)
JENNIFER H. WAHBA, ESQ. (FBN: 1010093)
(jmh@trippscott.com; jam@trippscott.com)

*Attorneys for Defendants Number One Prospecting, LLC d/b/a Minerva Marketing, and Brandon Bowsky*

14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed by CM/ECF on September 27, 2024.

By: /s/ *Olga M. Vieira*
Olga M. Vieira  (FBN: 29783)