UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60591-DAMIAN/Valle

CONSWALLO TURNER, TIESHA
FOREMAN, ANGELINA WELLS,
PAULA LANGLEY, VERONICA
KING, NAVAQUOTE, LLC
and WINN INSURANCE AGENCY, LLC,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

ENHANCE HEALTH, LLC,
TRUECOVERAGE, LLC,
SPERIDIAN TECHNOLOGIES, LLC,
BENEFITALIGN, LLC,
NUMBER ONE PROSPECTING, LLC
d/b/a MINERVA MARKETING,
BAIN CAPITAL INSURANCE FUND L.P.,
DIGITAL MEDIA SOLUTIONS LLC,
NET HEALTH AFFILIATES, INC.,
MATTHEW B. HERMAN,
BRANDON BOWSKY, GIRISH PANICKER,
and MATTHEW GOLDFUSS,

        Defendants.
_____/

**CLASS ACTION**

(Jury Trial Demanded)

**RESPONSE TO DEFENDANTS' EXPEDITED JOINT
MOTION TO STAY DISCOVERY PENDING RULING ON
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiffs respond to Defendants' Expedited Joint Motion to Stay Discovery Pending Ruling on Defendants' Motion to Dismiss Amended Complaint [D.E. 96] (the "Motion to Stay" or "Mot.").

## **INTRODUCTION**

Defendants' Motion to Stay raises just one argument that is possibly case-dispositive: that Plaintiffs lack Article III standing. (Mot. at 1). In their stay motion, Defendants even cite a series of cases holding that Article III standing represents a threshold- and case-dispositive issue. (*See id.* at 5). But in their Motion to Dismiss filed three days later [D.E. 100] (the "Motion to Dismiss" or "MTD"), Defendants do not attack Article III standing, which allows claims that are "fairly traceable to the challenged conduct."[1] Rather, Defendants make a *statutory* standing argument attacking only Plaintiffs' RICO claims. (Mot. to Dismiss at 11-25). Thus, for the sake of argument only, and ignoring the counterarguments that Plaintiffs will submit in their forthcoming response to the Motion to Dismiss, including that any deficiencies are curable, Defendants' statutory standing argument is limited to Plaintiffs' RICO claims. And Plaintiffs' aiding and abetting and negligence claims remain untargeted by *any* standing argument.[2]

Defendants aim their remaining arguments at typically correctable alleged deficiencies like lack of "specificity" under Rule 9(b) and "fail[ure] to state valid claims" under Rule 12(b)(6). So even ignoring the rebuttals Plaintiffs intend to make in response to Defendants' "pleading deficiency" arguments, none of Defendants' arguments are "clearly meritorious and truly case

---

[1] *See Havana Docks Corp. v. MSC Cruise Lines, Inc.*, 484 F. Supp. 3d 1177, 1193-94 (S.D. Fla. 2020) (Bloom, J.).

[2] Defendants do level prudential (ie., non-Article III or statutory) standing arguments at two Plaintiffs, but that argument even if successful would still leave five plaintiffs.

1

dispositive," and thus do not warrant a stay under the standard applied in this Circuit.[3]

Moreover, Defendants fail to articulate good cause to support a stay. Defendants claim that it would be time consuming and burdensome to respond to discovery, but fail to demonstrate any specific burden or prejudice. They attach no declaration supporting the contention that they would have to review terabytes of data, or divert the tasks of their employees, to respond to discovery such as Plaintiffs' First Request for Production. Defendants ignore the fact that the scope of production can be negotiated through search terms and custodians. Defendants have not responded with any edits or comments to the proposed protocol for electronically stored discovery ("ESI") and confidentiality agreement circulated by Plaintiffs nearly a month ago. Defendants seem intent on preserving any burden rather than reducing it, because it supports their stay request.

On the other hand, Plaintiffs would be prejudiced by a stay. This will be a long and complex case, and Plaintiffs expect Defendants will continue to challenge Plaintiffs' discovery efforts, including subpoenas to third parties who may have information proving the scheme. Defendants have already moved to quash the subpoenas of third parties who have come forward, such as Monica Reed (who has documents showing Minerva's lead sources and purchasers) and Paul Cugini (former Enhance Health employee who was the "liaison" to Enhance Health's downlines). The more time that passes, the increased possibility that information gets lost or destroyed. Indeed, as set forth in previous motions and supported by attached declarations, Plaintiffs have a legitimate concern about the preservation of evidence in this case.

Defendants' Motion to Stay is the latest in a series of early efforts to stonewall Plaintiffs'

---

[3] *See Feldman v. Flood,* 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (denying stay after taking preliminary peek at complaint and failing to see a clearly case-dispositive issue).

discovery of facts supporting their allegations of a now widely reported[4] nationwide scheme to deceive poor Americans and steal clients from other insurance agents.[5] For example, Defendants previously objected to a Rule 26(f) conference allowing the parties to commence discovery, until compelled to do so by the Court on Plaintiffs' motion. [D.E. 55]. They have refused to provide comments or input to Plaintiffs' proposed ESI protocol or Plaintiffs' proposed confidentiality order — proposed agreements that would foster the orderly production of information and protect Defendants' concerns about confidentiality and burden — concerns Defendants have also raised in motions to block the subpoenas of third parties who have key information. TrueCoverage, for example, has failed to file *any* response to Plaintiffs' First Request for Production. Enhance Health has served objections citing this Motion to Stay, but will not participate in a meet-and-confer until the motion is ruled upon.

Continuing the pattern, Defendants now seek to stay discovery based primarily on an argument that was not even raised in their Motion to Dismiss and based on claims of burdensomeness that could be resolved by Plaintiffs' proposed ESI protocol. As set forth below, Defendants have failed to meet their burden of demonstrating a case-dispositive issue and good cause, and any claimed burden is significantly outweighed by Plaintiffs' concerns about the destruction of evidence. No further delay should be permitted. The Court should deny

---

[4] *See, e.g.*, Wall Street Journal, *Americans Clicked Ads to Get Free Cash. Their Health Insurance Changed Instead* (Sept. 13, 2024), at https://www.wsj.com/health/healthcare/social-media-ads-health-insurance-scams-37d1ecfa; NPR, Rogue ACA Insurance Agents Could Face Criminal Charges Under a Proposed Law (July 25, 2024), at https://www.npr.org/sections/shots-health-news/2024/07/25/nx-s1-5050937/aca-obamacare-health-insurance-rogue-agents-wyden-bill

[5] The scheme was brought to light in large part by this lawsuit, which contributed to the bankruptcy of one defendant, Digital Media Solutions, Inc. d/b/a Protect Health, *see In re Digital Media Solutions, Inc.*, No. 24-90468 (ARP) (S.D. Tex.), and the shuttering of another defendant, Net Health Affiliates, Inc. ("NHA"), as well as other downline agencies.

3

Defendants' Motion to Stay.

## LEGAL STANDARD

This Court has made clear that a "stay of discovery pending the determination of a motion to dismiss . . . is the **exception rather than the rule**." *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) (emphasis added). "Indeed, motions to stay discovery pending ruling on a motion to dismiss are **generally disfavored** in the Southern District of Florida." *Schottenstein v. Schottenstein-Pattap*, No. 1:23-CV-20604, 2023 WL 11899125, at *3 (S.D. Fla. Sept. 14, 2023) (emphasis added); *see also JPMCC 2006-CIBC15 FPG-STIP Portfolio, LLC v. ProEquity Asset Mgmt. Corp.*, No. 23-21779, 2023 WL 11885490, at *1 (S.D. Fla. Nov. 9, 2023) ("Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district.") (quoting *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-cv-61422, 2019 WL 6052408, at *1 (S.D. Fla. Nov. 15, 2019)).

Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Cuhaci v. Kouri Group, LP*, 540 F. Supp. 3d 1186 (S.D. Fla. May 14, 2021) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

A motion to stay discovery "is **rarely appropriate** unless resolution of the motion will dispose of the **entire case**." *HNA LH OD, LLC v. Local House Int'l, Inc.*, No. 21-CV-21022, 2021 WL 2767080, at *1 (S.D. Fla. July 2, 2021) (quoting *Bocciolone v. Solowsky*, No. 08-20200, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008)) (emphasis added). Indeed, a stay pending a motion to dismiss may be granted only if the Court's preliminary review of the pleadings show that the "case will **certainly** be dismissed." *Cabrera*, 331 F.R.D. at 187 (emphasis added) (denying motion

4

to stay); *see also MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, No. 17-23961, 2021 WL 4992560, at *1 (S.D. Fla. Mar. 8, 2021) (denying motion to stay because "the Court [could] not say dismissal of the claims against Defendants is a foregone conclusion"). Such relief is thus reserved for claims that are "especially dubious" on their face. *Cuhaci*, 540 F. Supp. 3d at 1187. Absent such a showing, a stay of discovery pending a motion to dismiss is inappropriate.

Further, "discovery stay motions are generally denied except where a **specific showing** of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *HNA LH OD, LLC*, 2021 WL 2767080, at *1 (emphasis added) (quoting *Montoya v. PNC Bank, N.A.*, No. 14-20474, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014)). "The party seeking a stay also 'bears the burden of showing good cause and reasonableness.'" *Id.* (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). "Thus, a defendant who requests a blanket stay of discovery must do more than simply point to the pendency of a dispositive motion; it must also make a 'specific showing of prejudice or burdensomeness.'" *JPMCC*, 2023 WL 11885490, at *1.

In addition to finding whether the proponent of a stay has made the requisite showing of a case-dispositive issue and specific burden and prejudice absent a stay, and evaluating whether dismissal with prejudice is sufficiently certain to warrant a discovery stay, the court "must also weigh 'the harm produced by a delay in discovery' against 'the likely costs and burdens of proceeding with discovery.'" *Cabrera*, 331 F.R.D. at 186 (quoting *Feldman*, 176 F.R.D. at 652-53.

## **THE MOTION SHOULD BE DENIED**

A. <u>The Motion to Dismiss Does Not Raise Case-Dispositive Issues</u>

1. **Defendants' Motion to Dismiss Does Not Raise Article III Standing**

In their Motion to Stay, Defendants claim that their motion to dismiss would raise case-dispositive arguments regarding constitutional Article III standing. (Mot. at 1, 5-6). Indeed, it is Defendants' leading argument for a stay: "The motion will demonstrate that Plaintiffs fail to plead injury-in-fact and traceability, and therefore do not have Article III standing . . . ." (Mot. at 1) Defendants' Motion to Stay cites a series of cases finding Article III standing to be a threshold case-dispositive issue, and claim the same is true with regard to the arguments they will raise in their motion to dismiss. (Mot. at 5).

But Defendants do not raise Article III standing in their Motion to Dismiss. Rather, they argue that all Plaintiffs lack *statutory* standing to assert *RICO* claims and that *two* of the Plaintiffs lack prudential standing for the state law claims. (Mot. to Dismiss at 12-25, 45). Those arguments cannot be case-dispositive because even if successful, they only apply to the RICO claims, and to the state law claims against two Plaintiffs. *See*, *e.g.*, *Renuen Corp. v. Lameira*, No. 6:14-CV-1754, 2015 WL 1138462, at *2 (M.D. Fla. Mar. 13, 2015) ("If the RICO claim is dismissed, that will not dispose of the other claims against Lerman."). Defendants' only potentially case-dispositive argument is not contained within their Motion to Dismiss.

In addition to not being a basis for a stay, Defendants' standing arguments also lack merit for various reasons, as will be set forth in Plaintiffs' response to the Motion to Dismiss. And Defendants fail to demonstrate that any purported pleading deficiencies with respect to standing could not be cured by amendment. Thus, they fail to show any case-dispositive standing issue.

### 2. Any Purported Pleading Deficiencies Under Rules 9(b) and 12(b)(6) Are Not Case-Dispositive

Defendants fail to raise any purported pleading deficiencies that could not be cured.[6] *See, e.g.*, *HNA LH OD, LLC*, 2021 WL 2767080, at *3 ("Defendants also seek dismissal based in part on the sufficiency of the allegations in the Complaint. As such, and should the Motion to Dismiss be granted based on the failure to plead certain claims with specificity, Plaintiff may be granted leave to amend. Thus, Defendants have failed to demonstrate that the resolution of the Motion to Dismiss will be truly case dispositive here."); *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019, 2018 WL 3730868, at *3 (S.D. Fla. Apr. 27, 2018); ("[W]e are unconvinced that Plaintiffs' entire complaint will be dismissed, and even more doubtful that the pleading will be dismissed with prejudice. . . even if most of the Defendants prevailed on their motion to dismiss, there is a strong possibility that (1) some of the claims will survive, and (2) that the others can be cured with leave to amend"); *Renuen Corp.*, 2015 WL 1138462, at *2 ("Even if the Court assumes Lerman's motion to dismiss the RICO count will be granted the likelihood that Plaintiffs will not be given leave to amend is slim and none. Therefore, regardless of their merit, the motions to dismiss are not truly case dispositive."); *Wiand v. ATC Brokers Ltd.*, No. 8:21-cv-01317, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) (denying stay of discovery based on motions to dismiss which argued lack of standing, stating "the court cannot conclude at this time that the motions to dismiss will be granted and, even if so, whether such dismissal would be of the entire amended complaint, against each defendant, and with prejudice"); *Al-Rayes v. Willingham*, No. 3:15-CV-107, 2016 WL 9527957, at *4 (M.D. Fla. June 22, 2016) ("Upon review of the SAC, the Court cannot say that Defendant's argument based on Rule 9(b) is clearly meritorious. The SAC is lengthy, complex,

---

[6] Plaintiffs do not agree that there are pleading deficiencies and will address the specific arguments raised in Defendants' Motion to Dismiss in their response to the Motion to Dismiss.

7

and may well suffer from pleading deficiencies. However, it is unclear whether any such deficiencies might be cured. Thus, this is not a sufficient ground to stay discovery.").[7] Even if one claim survives, discovery must proceed on the same facts and occurrences.

Once again, Defendants' stay motion relies on cases where the primary basis for the stay involved legitimate issues raised as to Article III standing — the same argument Defendants claimed they would make, but did not. (Mot. at 6-7) (citing *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 21-MD-02994, 2021 WL 10428229 (S.D. Fla. Oct. 9, 2021) (finding "legitimate jurisdictional and [Article III] standing challenges") and *Taylor v. Serv. Corp. Int'l*, No. 20-CIV-60709, 2020 WL 6118779 (S.D. Fla. Oct. 16, 2020) (explaining that the defendants raised issues of Article III standing and thus the motion to dismiss did "have the potential to resolve the entire case")).[8]

In addition, as will be set forth in Plaintiffs' response to the Motion to Dismiss, many of Defendants' arguments mischaracterize Plaintiffs' allegations, factual denials or disputes, or construe allegations in **Defendants'** favor. Thus, instead of demonstrating a clear basis for

---

[7] *See also Thomas v. It's A New 10, LLC*, No. 1:22-CV-22149, 2023 WL 418859, at *3 (S.D. Fla. Jan. 6, 2023) ("[T]he Court is not prepared to say that her remaining claims cannot be cured with leave to amend."); *Datto v. Fla. Int'l Univ. Bd. of Trustees*, No. 20-cv-20360, 2020 WL 3576195, at *2 (S.D. Fla. July 1, 2020) ("Here, the Court cannot conclude at this juncture that Defendant's motion to dismiss will be granted and, even if so, whether such dismissal would be of the Complaint its entirety and with prejudice."); *U.S. ex rel. Sedona Partners LLC v. Able Moving & Storage, Inc.*, No. 20-CV-23242, 2021 WL 4749803, at *3 (S.D. Fla. Oct. 12, 2021) ("In this case, each of the Motions to Dismiss raise insufficiencies in Sedona's pleadings, which do not suggest that the Motions to Dismiss are clearly meritorious and truly case dispositive."); *Cabrera*, 331 F.R.D. at 186 ("Having taken a preliminary peak of the motion to dismiss, '[d]ismissal of the case with prejudice is not a foregone conclusion'") (citation omitted).

[8] Defendants also rely on *James v. Hunt*, 761 Fed. App'x 975 (11th Cir. 2018), where the court reviewed the trial court's decision for abuse of discretion and found that the fraud-based claims were "unpersuasive" and that the plaintiffs "had filed a substantial amount of motions and other rulings, many of which were frivolous, within three months of the commencement of the lawsuit." *Id.* at 981. The *Infante v. Bank of Am. Corp.*, 468 F. App'x 918, 920 (11th Cir. 2012) case cited by Defendants does not involve a motion to stay.

dismissal of the entire case with prejudice, the Motion to Dismiss highlights the factual issues into which discovery must proceed.

**B.      Defendants Fail to Show Good Cause**

In addition to failing to show the Motion to Dismiss will be — or even could be — case-dispositive, Defendants fail to meet their burden of making a specific showing of good cause and reasonableness. "A motion to stay discovery is the functional equivalent of a motion for a protective order prohibiting or limiting discovery." *CE-1709 Midland Trail Shelbyville KY, LLC v. Redstone, LLC*, 22-22213-CIV, 2022 WL 22839794, at *6 (S.D. Fla. Nov. 18, 2022). Thus, Defendants must make a ***specific*** showing of prejudice or burdensomeness." *JPMCC*, 2023 WL 11885490, at *1 (emphasis added) (citation omitted). Defendants have not done so.

Defendants cannot carry that burden by simply arguing that stays are generally warranted in class actions. *See, e.g.*, *Joens v. Nationstar Mortgage, LLC*, 8:23-CV-2717, 2024 WL 865879, at *2 (M.D. Fla. Feb. 29, 2024) ("The general proposition that discovery in a putative class action can be time-consuming and expensive does not constitute sufficiently unusual circumstances here."). Indeed, this Circuit is replete with examples of courts denying motions to stay discovery in the class action context. *See, e.g.*, *Keegan v. Minahan,* No. 23-61148, 2023 WL 4546253, at *2 (S.D. Fla. July 14, 2023) (denying motion to stay discovery in putative class action); *Hamad v. Frontier Airlines, Inc.*, No. 6:23-CV-1209, 2024 WL 22031, at *2 (M.D. Fla. Jan. 2, 2024) (finding no special circumstances warranted stay of discovery in putative class action); *Torres v. Wendy's Int'l, LLC*, No. 6:16-cv-210, 2016 WL 7104870, at *3 (M.D. Fla. Nov. 29, 2016) ("The burden argued by Defendant is that of most any large company saddled with a class action complaint, and there are no specific facts or allegations in the Motion [for stay of discovery] that would establish an undue burden upon Defendant."); *Ray v. Spirit Airlines, Inc.*, No. 12-61528, 2012 WL 5471793,

9

at *2 (S.D. Fla. Nov. 9, 2012) (denying defendants' motion to stay discovery in putative class action lawsuit involving RICO claims); *Montoya v. PNC Bank, N.A.*, No. 14-20474, 2014 WL 2807617 (S.D. Fla. June 20, 2014); *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609, 2009 WL 2579307 (M.D. Fla. Aug. 19, 2009).

Indeed, in each of the three cases Defendants rely upon in support of their argument that "courts regularly grant discovery stays in class actions," that was not the basis for the decision to stay. (Mot. at 5, 9). Instead — unlike Defendants' Motion to Dismiss here — each of the three cases Defendants cite involved challenges to Article III standing. *See In re Mednax Servs.*, 2021 WL 10428229, at *3 (finding "legitimate jurisdictional and [Article III] standing challenges" and concluding that "discovery should not commence until such challenges are resolved"); *Skuraskis v. NationsBenefits Holdings, LLC*, No. 23-CV-60830, 2023 WL 8698324, at *3 (S.D. Fla. Dec. 15, 2023) ("A 'preliminary peek' at the pending Motion to Dismiss reveals that Defendants have raised colorable challenges to Plaintiffs' Article III standing, as well as the pleading sufficiency of Plaintiffs' claims."); *Taylor*, 2020 WL 6118779, at *2 (explaining that the defendants raised issues of Article III standing and thus the motion to dismiss did "have the potential to resolve the entire case").[9]

Nor is the fact that this case involves RICO claims dispositive. *See Ray*, 2012 WL 5471793, at *2 ("Spirit also insinuates that discovery should be stayed simply because this a complex RICO case, as cases of this kind always involve burdensome and costly discovery . . . These arguments won't do."); *CE-1709 Midland*, 2022 WL 22839794, at *7 (explaining in a RICO case that "[i]t does not counsel an automatic stay of discovery upon the filing of a motion to compel

---

[9]     Further, in that case, unlike Defendants here, the defendants in *Taylor* supported their assertions of unreasonable discovery burdens in the absence of a stay with declarations. *Id.* at *4

arbitration or to dismiss a complaint, even if the complaint alleges various complex claims against multiple defendants"); *see also Renuen Corp.*, 2015 WL 1138462, at *2 ("Even if the Court assumes Lerman's motion to dismiss the RICO count will be granted the likelihood that Plaintiffs will not be given leave to amend is slim and none. Therefore, regardless of their merit, the motions to dismiss are not truly case dispositive.").

Defendants have not otherwise made the "***specific*** showing of prejudice or burdensomeness" required for the issuance of a stay. *See Ray*, 2012 WL 5471793, at *3 (emphasis added). They have not pointed to a tangible expense or identified any category of document or information that would cause it harm if subject to discovery. Instead, Defendants merely complain that discovery may be time consuming (Mot. at 9-11), which is not sufficient. *See Hamad*, 2024 WL 22031, at *2 ("Generally referencing that discovery is time-consuming and expensive is insufficient."). The only attempt at providing specifics relates to Defendant Enhance Health, and those assertions are insufficient and not supported by any affidavit or declaration. (Mot. at 10-11). No other Defendants have even attempted to identify a specific burden.

With respect to the unsubstantiated concerns raised by Enhance Health that it would have to review "at least 1.1 terabytes of data shared between approximately 1,400 accounts" and "data from over 2,000 individuals covered by Plaintiffs' requests from June 2022 to the present," (Mot. at 11), those concerns fail to justify a stay. Importantly, nearly a month ago Plaintiffs proposed an ESI protocol to all Defendants. **Exhibit A** (Plaintiffs' Proposed ESI Protocol). That proposed ESI protocol gives the producing parties the option to employ search terms and requires the parties to meet and confer in good faith regarding the search terms and search processes. *Id.* at 2. Like any other electronic-document-intensive case, the parties are expected to employ an ESI protocol and to meet and confer in an effort to craft a reasonable production using time- and cost-saving search

11

terms and custodian-based searches. Plaintiffs have no interest in receiving and reviewing 1.1 terabytes of data, for example. To date, however, Defendants have not substantively responded regarding the proposed ESI protocol, despite Plaintiffs' repeated efforts to follow up.

As to the arguments regarding subpoenas purportedly seeking confidential information, Defendants also have proposed a confidentiality order to all Defendants. **Exhibit B** (Plaintiffs' Proposed Confidentiality Order). Again, despite Plaintiffs' repeated efforts to follow up with Defendants on those proposals, Defendants have not provided any substantive response or comments.

Defendants remain "free to seek relief from overbroad or prejudicial discovery through means short of a total stay. They may raise appropriate objections to unduly burdensome discovery requests." *CE-1709 Midland*, 2022 WL 22839794, at *7; *see also Keegan*, 2023 WL 4546253, at *2 (denying motion to stay and stating, "[i]f Minahan has legitimate concerns that Keegan's discovery requests are overly broad, burdensome, or unnecessary, Minahan can raise the issue in the appropriate manner before Magistrate Judge Jonathan Goodman, as set forth in his discovery procedures order"); *Cafe, Gelato & Panini LLC v. Simon Prop. Group, Inc.*, 20-60981, 2021 WL 2037798, at *5 (S.D. Fla. May 21, 2021) ("[T]he Court is unpersuaded by Defendants' argument that an order granting a stay of discovery is warranted due to the burden that will be incurred in responding to Plaintiffs' discovery requests. Defendants may present such arguments, as appropriate, to Magistrate Judge Hunt for resolution according to his discovery procedures and the Federal Rules of Civil Procedure.").

Without any factual showing of a burden Defendants are facing, the Court need not even consider the "balance of interests" and the Motion to Stay should be denied. But as set forth next, any purported burden is outweighed by the prejudice to Plaintiffs.

C. **Plaintiffs Would Be Prejudiced by a Stay of Discovery**

Even if Defendants had met their burden of showing a "clearly meritorious" case-dispositive argument for dismissal and a specific showing of good cause, the prejudice to Plaintiffs warrants a denial of Defendants' Motion to Stay. A delay in discovery would only unfairly hold up the prosecution of this case. *See*, *e.g.*, *Ray*, 2012 WL 5471793, at *1 ("[T[he delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case."). Plaintiffs agree that this may be a long and complex case, which is even more reason to commence what will be a long discovery process. Defendants have and will continue to challenge Plaintiffs' third-party subpoenas directed at witnesses who have come forward to corroborate Plaintiffs' allegations and who have documents that Defendants do not want Plaintiffs to get. This includes outstanding subpoenas of Monica Reed, who has documents showing Minerva's network of suppliers and customers, and Paul Cugini, who communicated with Enhance Health's downlines via text.[10]

Even more significantly here, a delay in discovery could lead to the destruction or alteration of evidence. For example, Plaintiffs have obtained evidence showing that Defendants TrueCoverage LLC and its downline agency, the now-bankrupt Digital Media Solutions LLC ("DMS"), destroyed and/or altered evidence after it was reasonably foreseeable that this litigation and/or regulatory action(s) would commence. Four witnesses, Bayla Smith, Albert Mabry, Isaac Cruz, and Daren Davis provided sworn testimony that TrueCoverage and DMS destroyed and/or altered evidence to conceal their participation in the alleged fraud before and after Plaintiffs filed the original Complaint on April 12, 2024. *See* **Exhibit C** (Declaration of Bayla Smith); **Exhibit**

---

[10] A stay would also affect the subpoenas directed to former TrueCoverage marketing director Paul Montgomery and TrueCoverage downlines Ensure Health Group Corp., Instant Health USA Insurance Agency, Inc. and Prince Health Group, LLC.

13

**D** (Declaration of Albert Mabry); **Exhibit E** (Declaration of Isaac Cruz); **Exhibit F** (Declaration of Daren Davis).

Moreover, Defendants' key communications were made on *personal* cell phones, which heightens the potential for loss or spoliation. *See* **Exhibit G** (Declaration of Elizabeth Novotny); **Exhibit H** (Declaration of Heather Cattaneo); **Exhibit D** (Declaration of Albert Mabry); **Exhibit I** (Declaration of Nazario de Melo). For example, one witness whose texts are included in the Amended Complaint, former Minerva employee Drake Lerma, has told the undersigned that he has deleted his texts.

Plaintiffs have additional concerns that the TrueCoverage Defendants have failed to preserve critical evidence that is being held overseas in India, Pakistan and perhaps other locations.[11] On August 8, 2024, CMS suspended TrueCoverage and Benefitalign's ability to transact information with the ACA Marketplace, citing to "anomalous activity."[12] The suspension resulted in TrueCoverage and Benefitalign filing suit against CMS in federal court in the District of Columbia.[13] TrueCoverage and Benefitalign filed a motion seeking a temporary restraining order and preliminary injunction to enjoin CMS from enforcing the suspension. CMS issued a letter to TrueCoverage and Benefitalign providing the agency's rationale for an immediate suspension. A copy of the letter is attached hereto as **Exhibit J**. CMS states that it suspended the Speridian Companies' "ability to transact information with the Marketplace on August 8, 2024,

---

[11] TrueCoverage Defendants consist of TrueCoverage, LLC, Speridian Technologies, LLC, Benefitalign, LLC, Girish Panicker, and Matthew Goldfuss.

[12] *See* KFF Health News, *Biden Administration Blocks Two Private Sector Enrollment Sites From ACA Marketplace* (Aug. 22, 2024), at https://kffhealthnews.org/news/article/aca-obamacare-plan-switching-fraud-lawsuit-benefitalign-inshura-blocked-access/

[13] *Benefitalign, LLC v. Ctrs. for Medicaid and Medicare Servs.,* No. 1:24-cv-02494-JEB (D.D.C.).

after a CMS analysis identified a serious lapse in the security posture of the Speridian Companies' platforms; namely, that the Speridian Companies' platforms could be accessed by non-CMS-approved systems outside of the United States." *Id.* at 5. The letter went on to state that CMS' initial risk assessment "concluded that there existed critical risk to CMS infrastructure and consumers" because "multiple domains tied to the Speridian Companies are based in India, where they operate a large, dedicated data center, and CMS reasonably believes that CMS data, including consumer PII, is processed and/or stored in this location." On September 30, 2024, the court denied TrueCoverage and Benefitalign's Motion for TRO. See **Exhibit K.** On October 1, 2024, TrueCoverage and Benefitalign voluntarily dismissed their case against CMS.

Thus, Plaintiffs remain concerned about the security of the information they seek from Defendants, and the potential for the destruction of evidence outweighs any purported burden on Defendants. *See, e.g.*, *Colceriu v. Barbary*, No. 8:20-CV-1425, 2021 WL 848155, at *2 (M.D. Fla. Mar. 5, 2021) (holding that "a delay in discovery may lead to the destruction of evidence" and the "possible burden imposed on the defendants in responding to discovery is outweighed by the potentially prejudice to the plaintiff if evidence is destroyed").

## CONCLUSION

For the reasons stated above, Defendants have failed to meet their burden and this Court should deny the Motion to Stay.

CASE NO. 0:24-cv-60591-DAMIAN/Valle

| | |
|---|---|
| Dated: October 8, 2024 | Respectfully submitted, |
| By: /s/*Victoria J. Wilson*<br>Jason K. Kellogg, P.A.<br>Florida Bar No. 0578401<br>Primary email: jk@lklsg.com<br>Secondary email: ame@lklsg.com<br>Victoria J. Wilson<br>Florida Bar No. 92157<br>Primary email: vjw@lklsg.com<br>Secondary email: service@lklsg.com<br>Peter J. Sitaras<br>Florida Bar No. 1039141<br>Primary email: pjs@lklsg.com<br>Secondary email: acd@lklsg.com<br>100 Southeast Second Street<br>Miami Tower, 36th Floor<br>Miami, Florida 33131<br>Telephone: (305) 403-8788<br>Facsimile: (305) 403-8789 | By: /s/ *Jason R. Doss*<br>Jason R. Doss<br>Florida Bar No. 0569496<br>Primary email: jasondoss@dossfirm.com<br>1827 Powers Ferry Road Southeast<br>Atlanta, Georgia 30339<br>Telephone: (770) 578-1314<br>Facsimile: (770) 578-1302 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 8, 2024, a true and correct copy of the foregoing was filed via CM/ECF and served upon parties registered with CM/ECF in this case.

By: /s/*Victoria J. Wilson*