# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CONSWALLO TURNER, TIESHA FOREMAN, ANGELINA WELLS, PAULA LANGLEY, VERONICA KING, NAVAQUOTE, LLC and WINN INSURANCE AGENCY, LLC, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ENHANCE HEALTH, LLC, TRUECOVERAGE, LLC, SPERIDIAN TECHNOLOGIES, LLC, BENEFITALIGN, LLC, NUMBER ONE PROSPECTING, LLC d/b/a MINERVA MARKETING, BAIN CAPITAL INSURANCE FUND L.P., DIGITAL MEDIA SOLUTIONS LLC, NET HEALTH AFFILIATES, INC., MATTHEW B. HERMAN, BRANDON BOWSKY, GIRISH PANICKER, and MATTHEW GOLDFUSS.<br><br>    Defendants. | Case No.: 0:24-cv-60591-MD |

## BAIN CAPITAL INSURANCE FUND GENERAL PARTNER, LLC AND BAIN CAPITAL DISTRIBUTORS, LLC'S MOTION TO QUASH PLAINTIFFS' NON-PARTY SUBPOENAS, OR, ALTERNATIVELY, MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 45(d)(3)(A)(iii) and (iv), non-parties Bain Capital Insurance Fund General Partner, LLC, and Bain Capital Distributors, LLC, (collectively, "Bain Entities"), move to quash Plaintiffs' subpoena *duces tecum*. Alternatively, pursuant to Rule 26(c)(1), the Bain Entities move for a protective order staying disclosure of the requested materials.[1]

## INTRODUCTION

On August 16, 2024, Plaintiffs filed an Amended Complaint alleging civil Racketeer Influenced and Corrupt Organizations Act ("RICO") and common law claims against Bain Capital Insurance Fund L.P. ("BCIF") and eleven other Defendants. One month later, Plaintiffs served notices of intent to subpoena the non-party Bain Entities. The subpoenas are overly broad, not proportional to the needs of the case, and unduly burdensome on non-parties. Moreover, Plaintiffs have failed to show they have a substantial need to obtain the requested information from the non-parties, particularly because Plaintiffs did not seek this information from the named Defendants first. Therefore, the non-party subpoenas should be quashed, or alternatively, this Court should impose a protective order.

## BACKGROUND

Plaintiffs filed this action on April 12, 2024, and amended their complaint on August 16, 2024. Plaintiffs allege that certain Defendants improperly enrolled or switched consumers' healthcare insurance plans under the Affordable Care Act ("ACA"). These Defendants filed a motion to stay discovery on September 27, 2024, and a motion to dismiss on September 30, 2024.[2]

---

[1] The Bain Entities move, through counsel, for the limited purpose of quashing or receiving a protective order with respect to the non-party subpoenas and expressly reserve all rights and remedies, including but not limited to the right to contest the exercise of jurisdiction over the Bain Entities by this Court.

[2] BCIF's response to the Amended Complaint is due on or before October 16, 2024. [ECF No. 95.]

1

On September 23, 2024, Plaintiffs served subpoenas *duces tecum* on the Bain Entities. At a meet and confer on October 2, 2024, Plaintiffs' counsel agreed to extend until October 8, 2024 the deadline by which the non-party Bain Entities must object to the subpoenas.

Bain Capital Distributors distributes interests for Bain Capital entities, including Defendant BCIF. Bain Capital Insurance Fund General Partner founded BCIF in 2021. According to Plaintiffs, BCIF invested in Enhance Health in fall 2021 to "sell Medicare products." Amended Compl. ¶ 21.

The subpoena requests to Bain Capital Distributors and Bain Capital Insurance Fund General Partner are identical and will be referred to collectively as the "Bain Entities Subpoenas." The non-party Bain Entities Subpoenas seek documents and communications from November 1, 2021, to present. Exs. A, B at 7[3] (Instruction No. 8). Plaintiffs seek the Bain Entities' corporate records about their operations, investment materials related to Enhance Health, and internal due diligence materials about Enhance Health. Exs. A, B at 7-8 (Requests 1-8). The requests seek sensitive business information, without any meaningful connection to Plaintiffs' claims, allegations, or timeline in this case.

Accordingly, the Bain Entities request that the Court quash the overbroad subpoenas or grant a protective order staying disclosure.

## ARGUMENT

A subpoena may be quashed if "it seeks irrelevant information," and it must be quashed if it "requires disclosure of 'privileged or other protected matter,' . . . or if the subpoena 'subjects a person to undue burden' (Rule 45(d)(3)(A)(iv))." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329, 1335 (11th Cir. 2020). Further, a subpoena requiring disclosure of

---

[3] Because Plaintiffs failed to number the pages of their subpoenas, the page numbers in the citations herein refer to the page number of the PDF.

2

"commercial" and "confidential information" may also be quashed where the claim to privacy outweighs the need for disclosure. *Id.*; *see Westchester Surplus Lines Ins. Co. v. Portofino Masters Homeowners Assoc.*, 2023 WL 8890834, at *2 n.7 (N.D. Fla. Dec. 26, 2023) (finding a subpoena may be "quashed if it calls for 'clearly irrelevant' matter"). The non-party subpoenas offend all three requirements. They should be quashed.[4]

## I. PLAINTIFFS' REQUESTS ARE IRRELEVANT TO THEIR CLAIMS

Where, as here, the relevance of a Rule 45 subpoena "is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request," and where the party cannot, the subpoena should be quashed. *Feingold v. Cardinale*, No. 22-CV-20375, 2023 WL 4763149, at *3 (S.D. Fla. Apr. 24, 2023).

The relevance of the information sought from the Bain Entities is completely absent from the pleadings. The targets of these subpoenas are not accused of any wrongdoing, nor are their relationships to those accused of wrongdoing alleged in the Amended Complaint. In fact, Plaintiffs fail to make a single allegation in their Amended Complaint connecting the Bain Entities with the named Defendants or any purported wrongdoing. Nor do the Bain Entities appear on the lengthy list of "relevant nonparties" in the Amended Complaint. *See* Amended Compl. ¶¶ 68-141.

Worse, the definitions and requests in Plaintiffs' non-party subpoenas are broad and sweep in virtually every document that the Bain Entities created, received, or maintained related to BCIF or Enhance Health, regardless of subject matter. *See, e.g.,* Exs. A, B at 7 (Request 4) (demanding "[a]ny and all Documents relied on by You to promote [BCIF] to investors, including but not

---

[4] Courts construe arguments to quash a subpoena under Rule 45 as arguments for a protective order under Rule 26(c). *See, e.g.*, *Gian Biologics, LLC v. Cellmedix Holdings, LLC*, 2016 WL 6568014, at *5 (M.D. Fla. Nov. 4, 2016) ("[T]he court may construe a motion to quash a subpoena as a motion for a protective order under Rule 26(c).").

3

limited to marketing materials the refer to Enhance Health, LLC"). Plaintiffs' broad definitions amplify the requests' overbreadth and further call into question the relevance of the requested materials.

### A. The requests are not narrowly tailored to the claims in this case

A court should quash a subpoena where the "requests are not narrowly tailored" to the party's claims or defenses. *See Feingold v. Cardinale*, No. 22-CV-20375, 2023 WL 8476408, at *5 (S.D. Fla. Nov. 1, 2023).

In *Feingold*, the court quashed a non-party subpoena seeking financial and business records from a non-party that the propounding party argued would refute a contested valuation calculation. *Id.* at *6. The court found the subpoena was overly broad, because it required the third party to disclose all its sensitive financial and tax records. *Id.* Disclosure would be "unduly burdensome" and "encompass [information] unrelated to" the claims or issues in the case. *Id.*; *see also G.H. v. Marstiller*, 2020 WL 13228155, at *3 (rejecting argument that "access to a plethora of information may assist them in accurately refuting [opposing party's] claims"). The same is true here.

Requests 4-6[5] seek all documents related to the Bain Entities' engagement and communications with potential and realized investors in Defendant BCIF, including marketing materials, and confidential and competitively sensitive financial analyses and private placement

---

[5] Request 4 requires disclosure of "[a]ny and all Documents relied on by You to promote the Bain Capital Insurance Fund, L.P. to investors, including but not limited to marketing materials that refer to Enhance Health, LLC." Exs. A, B at 7. Request 5 seeks "[e]xemplars of Communications sent to investors in the Bain Capital Insurance Fund, L.P. that refer to Enhance Health. The names of the investors can be redacted." *Id.* Request 6 seeks "[e]xemplars of offering documents used in connection with the sale of investments in Bain Capital Insurance Fund, L.P., including but not limited to private placement memorandum(s)." *Id.* The Bain Entities' Subpoenas do not define "relied on" or "exemplars," leaving the term subject to broad interpretation. *Id.* At 4-5 ("Definitions").

4

documents related to Enhance Health.  Exs. A, B at 7.  These requests therefore seek *all* documents and communications relied on and used to promote, communicate about, and sell investments in Defendant BCIF.  This is regardless of those documents' connection to the ACA health insurance marketplace or the alleged wrongdoing in this action.

Acknowledging the overbreadth of these requests, Plaintiffs agreed during a meet and confer to limit the subject matter of Requests 4 and 6—which call for confidential and sensitive business information about unrelated, non-party portfolio companies—to just Enhance Health.  Though welcome, this does not solve the problem.  The requests remain unrelated to the alleged wrongdoing in the case both topically and, as discussed further below, temporally.  "Unquestionably," Plaintiffs' requests for three years of all of the Bain Entities' investment documents and communications related to Enhance Health "would be burdensome to fulfill," and "encompass [information] unrelated to" Plaintiffs' claims here.  *Feingold*, 2023 WL 8476408, at *5; *see also Cadle v. GEICO Gen. Ins. Co.*, 2014 WL 12621189, at *3 (M.D. Fla. May 28, 2014) (quashing subpoena where a party "made no effort to tailor the Subpoena to the issues in th[e] case").

The remaining requests are similarly flawed.  Requests 1 through 3 seek internal documents on the Bain Entities' "officers and directors," "organizational chart[s]," and "operating agreement[s]."  Exs. A, B at 7.  But Plaintiffs do not allege that any of the Bain Entities' directors, officers, or employees were involved in, let alone directed, the named Defendants' companies or the purported RICO enterprise.  Indeed, the Amended Complaint's 885 paragraphs make no mention of the Bain Entities at all.  Any theory of what "may" be found with non-parties is not enough to "countenance invasive discovery requests to [the Bain Entities] on the off chance that

5

they might result in the production of relevant information." *Santa Rosa Development, LLC v. Santa Rosa Cnty.*, 2022 WL 19333936, at *5 (N.D. Fla. Oct. 31, 2022).

Plaintiffs' other requests are equally problematic, and their purported explanations fare no better. Plaintiffs claim, without any basis or support, that Requests 5 through 8[6] *might* reveal BCIF's knowledge of AOR Swaps and free cash cards, and therefore *may* produce relevant documents to their aiding and abetting or RICO claims. [ECF No. 99 at 4-5.] They also argue that "[t]he financial aspects" of when BCIF—not the Bain Entities here—knew about the purported fraud are relevant to BCIF allegedly allowing "Enhance [Health] to pivot" to ACA health insurance. [*Id.* at 5.]

These arguments are unavailing. First, Plaintiffs' relevancy arguments are undermined by their own allegations. As alleged, BCIF learned about the purportedly fraudulent marketing leads and "plan- and AOR-switching" *after* Enhance Health had entered the ACA health insurance space—*i.e.*, after July 2022. Amended Compl. ¶¶ 301-302. Taking Plaintiffs' allegations at face value, therefore, there is no relevance to documents predating July 2022. Additionally, as to, what Plaintiffs' claim are, "[t]he financial aspects of" Enhance Health's transition to the ACA space, the Amended Complaint provides an outline of Plaintiffs' theory of the case. Importantly, the Bain Entities here are not part of this outline. *Id.* ¶¶ 215, 217.

Plaintiffs postulate—without any basis—that a non-party Bain entity (maybe the Bain Entities, maybe a different entity) conducted due diligence on Enhance Health. Plaintiffs' hypothesis is insufficient to subject the Bain Entities to third-party discovery "on the off chance"

---

[6] Request 5 seeks "[e]xemplars of Communications sent to investors in the Bain Capital Insurance Fund, L.P. that refer to Enhance Health." Exs. A, B at 7. Request 7 seeks "[d]ocuments reflecting any due diligence, analysis, review, or investigation conducted or performed" by the Bain Entities, *id.* at 8, and Request 8 seeks "[a]udited and unaudited financial statements related to the value of Enhance Health." *Id.*

6

the requests might produce relevant information. *Santa Rosa Development*, 2022 WL 19333936, at \*5. However, even assuming Plaintiffs' hunch is true, due diligence documents for a *Medicare sales* company are not relevant to the claims, timeline, or purported conspiracy in this case—which concern ACA health insurance.

Second, and as evidenced by Plaintiffs' Amended Complaint, this information, if it exists, is directly available from the parties. It is not enough for Plaintiffs to drum up a post-*hoc* rationale for why the Bain Entities *might* have relevant information. The mere fact that Plaintiffs may seek third-party discovery before turning to parties does not cure the defects in the Bain Entities' Subpoenas, or satisfy the directive of Rule 26(b)(2)(C) that a court "limit the frequency or extent of discovery otherwise allowed by these rules" where the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C). The Court therefore should quash Plaintiffs' subpoenas.

### B.   Plaintiffs' temporal limit is inadequate

Courts properly quash subpoenas where, as here, the requested time frame is attenuated from the alleged events. *See Feingold*, 2023 WL 8476408, at \*5 (S.D. Fla. Nov. 1, 2023) (quashing subpoenas, finding the "time-period is not justified" because the relevant event ended "nearly two years ago").

The time-period here goes far beyond the relevant events. Plaintiffs seek discovery from the Bain Entities nine months before any alleged wrongdoing. Exs. A, B at 7 (Instruction No. 8). From November 2021 to July 2022, Enhance Health sold Medicare health products. However, the alleged RICO enterprise does not involve Medicare. Amended Compl. ¶¶ 21, 33, 404. Therefore, information sought while Enhance Health sold Medicare products is irrelevant. While Plaintiffs acknowledge that their "request is broader than just pre-July 2022 due diligence," they fail to justify this expanded timeline. [ECF No. 99 at 4.] Nor can they. Like in *Feingold*, Plaintiffs here

7

fail "to establish a need for documents beyond the relevant time frame." *Feingold*, 2023 WL 8476408, at *5; Exs. A, B at 7. No information sought from November 1, 2021, to July 2022 is relevant to the alleged RICO Enterprise, of which the non-party Bain Entities are not a part, nor any of Plaintiffs' claims in the Amended Complaint.

## II.   PLAINTIFFS SEEK CONFIDENTIAL AND PROTECTED INFORMATION

Courts may quash a subpoena if it requires disclosure of "a trade secret or other confidential . . . commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). To determine the relevancy of discovery requests and whether "subpoenas are due to be quashed, this Court must balance [Plaintiffs'] need for discovery against the burden imposed upon [the Bain Entities], along with their interest in keeping the requested information confidential." *Fadalla v. Life Auto. Products, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007). In *Fadalla*, the court modified a third-party subpoena to prevent disclosure of confidential financial information. *Id.* The court reasoned that while the documents sought "may have relevance to the underlying case, [plaintiff] has framed its request too broadly," sweeping in irrelevant and confidential documents. *Id.*; *see Feingold*, 2023 WL 4763149, at *4.

The same is true here. Plaintiffs' generalized requests and broad definitions will require the Bain Entities to disclose documents about how they identify investment opportunities, manage their internal operations, and pursue investigations of target companies. This information is not narrowly tailored to Plaintiffs' claims, and the Bain Entities go to great lengths to keep sensitive business and financial information confidential.[7] The Bain Entities' interest in their confidential and proprietary corporate records outweigh any of Plaintiffs' claimed need.

---

[7]  Specifically, Plaintiffs seek non-public documents relating to ongoing investments (Requests 4 and 6); documents relating to proprietary due diligence procedures (Request 7); internal corporate documents (Requests 1 through 3); and non-public communications with investors (Request 5).

8

### III.   PLAINTIFFS' REQUESTS IMPOSE SIGNIFICANT UNDUE BURDEN

A party issuing a subpoena must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Should a party ignore this duty, "Rule 45(d)(3)(A)(iv) requires the court to quash or modify [the] subpoena." *Hannah v. Armor Correctional Health Services, Inc.*, 2020 WL 3414999, at *3 (M.D. Fla. June 22, 2020); *see Jordan*, 947 F.3d at 1329 (quashing Plaintiffs' subpoena because it subjected non-party to "an 'undue burden,' . . . which mandates the quashing of the subpoena"). Further, "Rule 45(d)(3) explicitly places the burden on the party *serving* the subpoena to show a substantial need for the materials that cannot otherwise be met without undue hardship." *Feingold*, 2023 WL 8476408, at *2 (emphasis in original).

Plaintiffs are unable to show a substantial need that cannot be met without undue hardship. At best, the information Plaintiffs seek from the Bain Entities is duplicative of information directly available from the named Defendants. Plaintiffs' Amended Complaint vests knowledge with Herman, Enhance Health, and BCIF, not the Bain Entities. Further, the Bain Entities' status as non-parties weighs "against disclosure." *Jordan*, 947 F.3d at 1329 (11th Cir. 2020). The subpoena should therefore be quashed or a protective order issued staying disclosure of the requested materials until, at a minimum, Plaintiffs seek the information from the named parties.

Finally, complying with these third-party subpoenas would be onerous, causing the Bain Entities unnecessary expense and inconvenience. *See, e.g.*, *Jordan*, 947 F.3d at 1337 (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004) ("[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience of the non-party.")). The Bain Entities will have to expend significant resources in terms of staff hours, and potentially the hiring of an outside company for assistance, to perform a search and review process in responding to the subpoenas' broad requests, which is a burden that

may be avoided if Plaintiffs were to first seek the requested discovery from the defendant parties. This alone causes an undue burden on the Bain Entities.

## CONCLUSION

For the reasons outlined above, the Bain Entities respectfully request this Court quash the Non-Party Subpoenas or, in the alternative, issue a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) staying the Non-Party Subpoenas until Plaintiffs have sought the information from the named parties.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for the Bain Entities conferred with counsel for the Plaintiffs, who oppose the request to quash and protective order staying execution of the subpoenas.

Dated: October 8, 2024

Respectfully submitted by:

By: *Ariel Deitchman*
Ariel Deitchman
ariel.deitchman@kirkland.com
Fla Bar No. 118163
**KIRKLAND & ELLIS LLP**
Three Brickell City Centre,
98 S.E. 7th St., Suite 700
Miami, FL 33131
Tel: (305) 432-5600

Jay P. Lefkowitz, P.C. (*Pro Hac Vice* pending)
Josh Greenblatt (*Pro Hac Vice* pending)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Tel.: (212) 446-4800
lefkowitz@kirkland.com
josh.greenblatt@kirkland.com

John M. Robinson (*Pro Hac Vice* pending)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel.: (312) 862-2000
john.robinson@kirkland.com
*Counsel for Bain Capital Insurance Fund General Partner, LLC, and Bain Capital Distributors, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed by CM/ECF on October 8, 2024.

By: *Ariel Deitchman*