UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| CONSWALLO TURNER, TIESHA FOREMAN, ANGELINA WELLS, VERONICA KING, NAVAQUOTE, LLC and WINN INSURANCE AGENCY, LLC, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>ENHANCE HEALTH, LLC, TRUECOVERAGE, LLC, SPERIDIAN TECHNOLOGIES, LLC, NUMBER ONE PROSPECTING, LLC d/b/a MINERVA MARKETING, MATTHEW B. HERMAN and BRANDON BOWSKY,<br><br>      Defendants. | Case No.: 0:24-cv-60591-MD |

**MOTION FOR PROTECTIVE ORDER BY TRUECOVERAGE, LLC
REGARDING MATERIAL PRODUCED BY PAUL MONTGOMERY IN
<u>RESPONSE TO THIRD-PARTY SUBPOENA</u>**

  In response to a subpoena that Plaintiffs issued under Rule 45 ("Montgomery Subpoena"), a former employee of Defendant TrueCoverage, LLC ("TrueCoverage") apparently produced a complete copy of his work (i.e, not personal) email records. TrueCoverage surmises that the emails include all of the former employee's communications with anyone, on any subject, while he was employed at TrueCoverage. TrueCoverage has confirmed that the produced material includes communications with TrueCoverage's counsel.

  Accordingly, TrueCoverage requests that the Court order Plaintiffs to destroy this material and seek discovery in the ordinary course from TrueCoverage, including a reasonably limited set

of material requested in the Montgomery Subpoena, as well as any other proper discovery requests Plaintiffs serve on TrueCoverage.

## I. Factual Background

On August 27, 2024, Plaintiffs served notice that they intended to serve a subpoena upon Paul Montgomery, a former employee of TrueCoverage who served as Chief Marketing Officer. A copy of the notice and attached subpoena are included in Exhibit A. On Friday, September 13, Plaintiffs provided TrueCoverage with notice that they had received documents from Mr. Montgomery, and on Monday, September 16, Plaintiffs provided TrueCoverage with access to the material they received. That same day, a Michigan attorney named Stephen Hessen identified himself to counsel for TrueCoverage, by email, as representing Mr. Montgomery.

Upon review, Mr. Montgomery's document production appears to be a very large trove of email messages from his former email account at TrueCoverage. These emails include communications with two in-house counsel for TrueCoverage, Susan Chappell and Mingjie Hoemmen. The next day, September 17, TrueCoverage demanded that Plaintiffs cease any review of the material and destroy it. On September 18, Plaintiffs agreed to sequester the material pursuant to Fed. R. Civ. P. 26(b)(5)(B) pending the resolution of a motion for protective order by TrueCoverage. Plaintiffs confirmed on September 19, 2024 that the material had been sequestered and suggested a meet-and-confer call before TrueCoverage filed its motion. Several calls followed but the parties did not reach agreement concerning this material. On October 9, 2024, Plaintiffs informed TrueCoverage that they intended to move to compel production of the Montgomery documents as produceable pursuant to their first Request for Production of Documents, which cover the same material.

## II. Legal Standard

"[T]he scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Am. Fed'n of State, Cnty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011). The Court therefore applies the familiar Rule 26 discovery standard in evaluating the scope of discovery sought by subpoena under Rule 45. *Id.*

Under Rule 26, the scope of discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The Court "*must* limit the . . . extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added).

Discovery demands "untethered to the claims or defenses actually at issue in the case" are improper. *AFSCME*, 277 F.R.D. at 478. It is also now well established that discovery "must be proportional to the needs of the case." *Continuum on S. Beach Condo. v. QBE Ins. Corp.*, 338 F.R.D. 668, 670 (S.D. Fla. 2021). The Court may therefore limit an overly broad subpoena despite the inclusion of some relevant material in the demand. *Id.* at 670. *See also AFSCME,* 277 F.R.D. 474 (granting in part and denying in part motion to quash subpoena).

To enforce these principles, a party may seek a protective order, and the "court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense . . . ."

Fed. R. Civ. P. 26(c)(1).  A party to a matter has standing under Rule 26 to seek a protective order under Rule 26.  *See Continuum*, 338 F.R.D. at 669.  *See also Arevalo v. Havana Harry's II Inc.*, No. 23-CV-20555, 2023 WL 11845640, at *2 (S.D. Fla. Oct. 10, 2023) (describing standing of a party to challenge a subpoena where it alleges a personal right or privilege with respect to the subpoena).

**III.    Argument**

    A.    <u>Mr. Montgomery Appears to Have Responded to an Overly Broad Subpoena by Tendering His Entire Work Email History</u>

Plaintiffs' subpoena demands several categories of material that are overly broad on their face.  Request number 5 calls for anything related to "TrueCoverage marketing ACA health insurance to consumers in the United States."  But the core purpose of the company is to facilitate the "marketing of ACA health insurance to consumers in the United States," and read literally, the request could call for almost anything or everything about TrueCoverage, particularly in light of the Plaintiffs' definition of "related to" and "relating to" as including, but not limited to, anything "arising out of, or evidencing the subject of the Request."  Montgomery Subpoena, Definitions.  Request number 7 seeks anything that refers or relates to "TrueCoverage's marketing group in India," but with no further specification of subject matter, and so literally calls for all information about an entire unit of employees.  Subpoena, Request 7.  Requests number 8 through 10 ask for all "Communications" between Mr. Montgomery and two specific employees, plus "anyone from TrueCoverage's marketing group in India," on <u>any</u> subject.  Subpoena, Requests 8–10.

The lack of substantive limit in some of the questions is compounded by a carefully created ambiguity concerning the *form* of what is requested.  The subpoena was issued on the Court's pre-printed form AO 88B, "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action."  It therefore invokes the power of the Court to "command

4

[a] person" to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control . . . ." Fed. R. Civ. P. 45(a)(1)(A)(iii). But the Montgomery Subpoena's demands go expressly beyond the defined term "Document" to call for both Documents and "Communications." *See* Montgomery Subpoena, Requests 1-7, 11-12. Three requests demand only "Communications." *Id.*, Requests 8-10. Having already defined "Documents" in extremely broad terms, to include, *inter alia*, "electronically stored information, . . . data compilations from which information can be obtained or translated," and they assert "the broadest meaning possible under any applicable rules," Plaintiffs attempt to sweep even more broadly in their demand for "Communications." Montgomery Subpoena, Definitions. They define that term as expressly going beyond Documents to include, without limit, the "transmittal of information, in the form of facts, ideas, inquiries, or otherwise…." *Id.*, Definitions. It is not obvious what sort of Communication is called for that falls outside the already expansive definition of a Document.

Given the structure of their demands and these complex and expansive definitions, the only thing that can be said with confidence about the scope of these demands is that they are designed to be as broad as possible.

Mr. Montgomery seems to have construed them as calling for anything he had about TrueCoverage. If Mr. Montgomery was in possession of only his own property—such as personal email records, a journal, or the like—the problem presented by the subpoena's breadth would be greatly reduced. But, unbeknownst to TrueCoverage, Mr. Montgomery appears to have retained a copy of his *entire* work (not personal) email box from TrueCoverage. *See* Exhibit B, Declaration of Ashwini Deshpande at ¶ 5.

In any case, Mr. Montgomery, who is not a lawyer and seems to have initially acted without counsel,[1] reacted by sending Plaintiffs what appears to be a copy of his TrueCoverage email box, with no limitation at all as to subject. The copy received from Plaintiffs consists of over 20GB of data, and tens of thousands of emails on a variety of subjects. Thus, if Plaintiffs are allowed unfettered access to Mr. Montgomery's production, the parties will have to review and analyze an extraordinary number of documents, many of which will have no relevance at all to this case. This is, almost by definition, an undue burden and is disproportionate to the needles, if any, that might be sifted from this haystack.

      B.      <u>The Produced Material Includes Communications With Counsel and Must be Reviewed for Privilege</u>

A preliminary review confirms that Mr. Montgomery's production includes scores of emails with in-house counsel for TrueCoverage. TrueCoverage acknowledges its obligation to provide a privilege log for material withheld on the basis of privilege, but it would be an unreasonable burden to conduct a privilege review of the entire production before the subpoena has been narrowed in scope, either by the agreement of the parties or order of the Court.

"The obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'" Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendment, Subdivision (b). The Committee goes on to suggest a common sense approach when asserting both burden and privilege objections: first produce a privilege log concerning documents withheld from the unprivileged portion of the demand, and defer production of a privilege log to the material subject to the burden objection until the Court may later overrule that objection. *Id.; see also S.E.C. v. Merkin*, No. 11-23585-CIV, 2012 WL 3203037, at *4 (S.D. Fla.

---

[1] Undersigned Counsel for TrueCoverage received on September 16, 2024, an email from counsel for Mr. Montgomery relating that he possessed electronic information responsive to the subpoena but not disclosing that Mr. Montgomery had already produced such information.

6

DEVINE GOODMAN & RASCO, LLP     2800 PONCE DE LEON BOULEVARD, SUITE 1400, CORAL GABLES, FLORIDA 33134 P 305.374.8200 F 305.374.8208

Aug. 3, 2012) (rejecting hypothetical possibility that a party responding to an unduly burdensome and overbroad discovery demand would have to incur massive fees and costs to create a privilege log for documents beyond the proper scope of discovery).

TrueCoverage here seeks the Court's relief in order to follow the orderly process suggested by the Advisory Committee Notes: first resolve the appropriate scope of discovery, then address documents withheld from production on the basis of privilege.

      C.    <u>The Court Should Direct Plaintiffs to Destroy the Material Received from Paul Montgomery and Seek Relevant Discovery Directly From TrueCoverage</u>

TrueCoverage does not object to Requests 1–4, 6, 11, or 12, provided the Plaintiffs' ambiguous and overly broad definitions of "Document" and "Communication" are stricken and the requests limited to "documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . ." Fed. R. Civ. P. 34(a)(1)(A). Once the Court has ruled on Defendants' pending motion to stay discovery, TrueCoverage will, if that motion is denied, review and produce material responsive to these demands and provide a privilege log describing any documents withheld on the basis of the attorney-client privilege or work product doctrine. It will also review Mr. Montgomery's email collection for responsiveness to any of Plaintiffs' other discovery demands in the normal course, because they are within the possession, custody, and control of TrueCoverage.

This modest relief would allow discovery to proceed in orderly fashion and avoid the issues raised by Mr. Montgomery's response to Plaintiffs' subpoena.

## CONCLUSION

For the foregoing reasons, TrueCoverage requests that the Court grant this Motion for a Protective Order limiting the discovery requested by Plaintiffs as set forth above.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for TrueCoverage have exchanged multiple phone calls and emails with counsel for Plaintiffs, and have not been able to resolve this dispute.

Dated October 16, 2024.

Respectfully Submitted,

DEVINE GOODMAN & RASCO, LLP
2800 Ponce de Leon Blvd., Suite 1400
Coral Gables, FL 33134
Tel.: (305) 374-8200
Email: grasco@devinegoodman.com

   /s/ Guy A. Rasco
Guy A. Rasco F.B.N.: 727520)

And of Counsel (appearing *pro hac vice*)

Amy E. Richardson
HWG LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601

Patrick P. O'Donnell
Walter E. Anderson
HWG LLP
1919 M. Street N.W., Suite 800
Washington, D.C. 20036

*Attorneys for TrueCoverage, LLC*

8

DEVINE GOODMAN & RASCO, LLP        2800 PONCE DE LEON BOULEVARD, SUITE 1400, CORAL GABLES, FLORIDA 33134 P 305.374.8200 F 305.374.8208

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served on this 16th day of October 2024, via the CM/ECF Filing System, in a manner authorized by the Federal Rules of Civil Procedure to all counsel of record.

                                                    /s Guy A. Rasco
                                                     Guy A. Rasco

9

DEVINE GOODMAN & RASCO, LLP       2800 PONCE DE LEON BOULEVARD, SUITE 1400, CORAL GABLES, FLORIDA 33134 P 305.374.8200 F 305.374.8208