# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| CONSWALLO TURNER, TIESHA FOREMAN, ANGELINA WELLS, PAULA LANGLEY, VERONICA KING, NAVAQUOTE, LLC, and WINN INSURANCE AGENCY, LLC, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>ENHANCE HEALTH, LLC, TRUECOVERAGE, LLC, SPERIDIAN TECHNOLOGIES, LLC, BENEFITALIGN, LLC, NUMBER ONE PROSPECTING, LLC d/b/a MINERVA MARKETING, BAIN CAPITAL INSURANCE FUND, L.P., DIGITAL MEDIA SOLUTIONS LLC, NET HEALTH AFFILIATES, INC., MATTHEW B. HERMAN, BRANDON BOWSKY, GIRISH PANICKER, and MATTHEW GOLDFUSS,<br><br>            Defendants. | CASE NO. 0:24-cv-60591-DAMIAN/Valle |

## DEFENDANT BAIN CAPITAL INSURANCE FUND, LP'S
## MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.    THE COURT LACKS PERSONAL JURISDICTION OVER BCIF ............................... 2

    A.    Plaintiffs Fail To Establish General Jurisdiction ...................................................... 2

    B.    Plaintiffs Fail To Establish Specific Jurisdiction ..................................................... 3

II.   PLAINTIFFS FAIL TO STATE A CLAIM AGAINST BCIF ........................................ 6

    A.    Plaintiffs' RICO Claims Against BCIF Fail ............................................................. 6

        1.    Plaintiffs Fail To Plead The Alleged RICO Fraud With
            Particularity ................................................................................................... 6

        2.    Plaintiffs Fail To Plead That BCIF Violated RICO ..................................... 8

        3.    Plaintiffs Fail To Plead That BCIF Aided And Abetted A RICO
            Violation ........................................................................................................ 8

        4.    Plaintiffs Fail To Plead That BCIF Participated In A RICO
            Conspiracy .................................................................................................... 9

    B.    Plaintiffs' Common Law Claims Against BCIF Fail .............................................. 10

        1.    Plaintiffs Fail To State A Claim For Aiding And Abetting Fraud ............. 10

        2.    Plaintiffs Fail To State A Claim For Aiding And Abetting A
            Breach Of Fiduciary Duty .......................................................................... 12

    C.    Plaintiffs Do Not Assert Agency Or Veil Piercing Claims Against BCIF ........... 14

CONCLUSION ..................................................................................................................... 15

i

## <u>TABLE OF AUTHORITIES</u>

Cases                                                                                                          Page(s)

*Am. Dental Ass'n v. Cigna Corp.*,
   605 F.3d 1283 (11th Cir. 2010) ........................................................................................7, 8

*Ambrosia Coal & Constr. Co. v. Pages Morales*,
   482 F.3d 1309 (11th Cir. 2007) ...........................................................................................7

*Anderson v. Branch Banking & Tr. Co.*,
   2014 WL 11706453 (S.D. Fla. May 19, 2014) ......................................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................................................................6, 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................................6, 7

*Carmouche v. Carnival Corp.*,
   36 F. Supp. 1335 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee
   Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015)........................................................................2

*Chang v. JPMorgan Chase Bank, N.A.*,
   845 F.3d 1087 (11th Cir. 2017) ..........................................................................................12

*Cisneros v. Petland, Inc.*,
   972 F.3d 1204 (11th Cir. 2020) ....................................................................................7, 8, 9

*Diamond Resorts U.S. Collection Dev., LLC v. Neally*,
   2022 WL 2056197 (M.D. Fla. Jan. 27, 2022)........................................................................5

*Edwards v. Prime, Inc.*,
   602 F.3d 1276 (11th Cir. 2010) ...........................................................................................8

*Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*,
   752 So. 2d 582 (Fla. 2000)...................................................................................................5

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
   592 U.S. 351 (2021).........................................................................................................4, 5

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
   218 F.3d 1247 (11th Cir. 2000) ...........................................................................................6

*Gadea v. Star Cruises, Ltd.*,
   949 So. 2d 1143 (Fla. 3d DCA 2007) ..........................................................................2, 3, 14

*Gen. Cigar Holdings, Inc. v. Altadis, S.A.*,
   205 F. Supp. 2d 1335 (S.D. Fla. 2002) ................................................................................3

*Gomez v. Guthy-Renker, LLC*,
 2015 WL 4270042 (C.D. Cal. July 13, 2015) .........................................................................8

*Honig v. Kornfeld*,
 339 F. Supp. 3d 1323 (S.D. Fla. 2018) ...........................................................................12, 13

*Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*,
 421 F.3d 1162 (11th Cir. 2005) ........................................................................................4

*Jessop v. Penn Nat'l Gaming, Inc.*,
 2019 WL 5549143 (M.D. Fla. Oct. 28, 2019) .....................................................................3

*Koch v. Royal Wine Merchs*,
 847 F. Supp. 2d 1370 (S.D. Fla. 2012) ...............................................................................7

*Lamm v. State St. Bank & Tr. Co.*,
 889 F. Supp. 2d 1321 (S.D. Fla. 2012) ..............................................................................10

*MasTec Renewables P.R. LLC v. Mammoth Energy Servs., Inc.*,
 2020 WL 6781823 (S.D. Fla. Nov. 18, 2020) ....................................................................14

*McCullough v. Royal Caribbean Cruises, Ltd.*,
 268 F. Supp. 3d 1336 (S.D. Fla. 2017) ............................................................................2, 3

*Meridian Tr. Co. v. Batista*,
 2018 WL 4693533 (S.D. Fla. Sept. 26, 2018) ...................................................................11

*Molenda v. Hoechst Celanese Corp.*,
 60 F. Supp. 2d 1294 (S.D. Fla. 1999), *aff'd*, 212 F.3d 600 (11th Cir. 2000).........................14

*O'Malley v. O'Neill*,
 887 F.2d 1557 (11th Cir. 1989) .......................................................................................10

*Ocala Breeders' Sales Co. v. Hialeah, Inc.*,
 735 So. 2d 542 (Fla. 3d DCA 1999) .................................................................................15

*Otto Candies, LLC v. Citigroup, Inc.*,
 2023 WL 6418135 (S.D. Fla. Aug. 25, 2023).......................................................................9

*In re Packaged Seafood Prod. Antitrust Litig.*,
 338 F. Supp. 3d 1118 (S.D. Cal. 2018)................................................................................9

*In re Palm Beach Fin. Partners, L.P.*,
 517 B.R. 310 (Bankr. S.D. Fla. 2013) ...............................................................................12

*PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*,
 598 F.3d 802 (11th Cir. 2010) ..........................................................................................2

*Republic of Pan. v. BCCI Holdings (Lux.) S.A.*,
119 F.3d 935 (11th Cir. 1997) ...................................................................9

*Rosenfeld Gallery, LLC v. Truist Bank*,
2024 WL 836789 (S.D. Fla. Feb. 28, 2024) ...................................................10, 11

*Rusty115 Corp. v. Bank of America*,
2023 WL 6064518 (S.D. Fla. Sept. 18, 2023) ..........................................11

*Solomon v. Blue Cross & Blue Shield Ass'n*,
574 F. Supp. 2d 1288 (S.D. Fla. 2008) ...........................................6, 10

*Suroor v. First Inv. Corp.*,
700 So. 2d 139 (Fla. 5th DCA 1997) ...........................................4

*In re Takata Airbag Prods. Liab. Litig.*,
396 F. Supp. 3d 1101 (S.D. Fla. 2019) ...........................................3

*Tippens v. Round Island Plantation L.L.C.*,
2009 WL 2365347 (S.D. Fla. July 31, 2009)..........................................10

*Turnberry Vill. N. Tower Condo. Ass'n, Inc. v. Turnberry Vill. S. Tower Condo.
Ass'n, Inc.*,
224 So. 3d 266 (Fla. 3d DCA 2017) ...........................................13

*Viridis Corp. v. TCA Glob. Credit Master Fund, LP*,
155 F. Supp. 3d 1344 (S.D. Fla. 2015) ...........................................7

*Virtus Pharms., LLC v. Woodfield Distrib., LLC*,
2022 WL 2829634 (M.D. Fla. July 20, 2022) ...........................................15

*Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*,
833 F.2d 1484 (11th Cir. 1987) ...........................................15

*Wiggins v. Tigrent, Inc.*,
147 So. 3d 76 (Fla. 2d DCA 2014) ...........................................5

**Statutes**

18 U.S.C. § 1962(c) ...........................................8

Fla. Stat. 48.193(1)(a) ...........................................4, 5

Fla. Stat. 48.193(2)...........................................3

## INTRODUCTION

Defying fundamental principles limiting the federal judicial power and respecting the separation of corporate affiliates, Plaintiffs seek to hold Bain Capital Insurance Fund, LP ("BCIF"), a Massachusetts-based private investment fund, liable for an alleged Florida-based RICO scheme due to the purported involvement of its resident portfolio company, Enhance Health, LLC ("Enhance"). Plaintiffs' claims against BCIF fail and should be dismissed for three reasons. First, this Court lacks personal jurisdiction over BCIF under Florida's long-arm statute because BCIF is a Delaware limited partnership with its principal place of business in Massachusetts and no business presence in Florida. Second, Plaintiffs fail to state a claim against BCIF under either RICO or Florida's common law because Plaintiffs do not adequately allege the essential elements of their claims and rely on vague, speculative, and conclusory allegations that plausibly describe only industry-standard investment activities by an investment fund (BCIF) with respect to its portfolio company (Enhance). And third, despite leveling bold accusations as to BCIF's purported control over Enhance, funding of its operations, and sharing of its executives, Plaintiffs conspicuously do not bring agency or veil-piercing claims against BCIF to try to establish jurisdiction or liability. This telling maneuver exposes the fact that Plaintiffs know they cannot meet the exceptionally high standards required to hold BCIF responsible for the alleged actions of Enhance and are attempting an impermissible end-run around their burdens by implausibly claiming that BCIF participated *directly* in the purported RICO enterprise through ordinary investment activity.

Accordingly, the Court should reject Plaintiffs' transparent attempt to shoehorn BCIF into their Amended Complaint to serve as a proverbial "deep pocket." Creating civil liability for foreign investment funds based on long-standing investment and oversight practices in their portfolio

companies finds no support in the case law and would be detrimental to Florida's burgeoning business economy. The Court should dismiss Plaintiffs' claims against BCIF with prejudice.

## ARGUMENT[1]

## I.    THE COURT LACKS PERSONAL JURISDICTION OVER BCIF

"[T]he plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010) (citation omitted). Plaintiffs rely on Florida's long-arm statute to meet their burden.[2] Compl. ¶¶ 47–48. Florida's long-arm statute provides for both general and specific personal jurisdiction. *Carmouche v. Carnival Corp.*, 36 F. Supp. 1335, 1340 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015). "[T]he long-arm statute must be strictly construed, and any doubts about applicability of the statute resolved in favor of the defendant and against a conclusion that personal jurisdiction exists[.]" *Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1150 (Fla. 3d DCA 2007).

### A.    Plaintiffs Fail To Establish General Jurisdiction

BCIF is simply not "at home" in Florida. *See, e.g.*, *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1343–44 (S.D. Fla. 2017) (citation omitted). As Plaintiffs themselves allege, BCIF is "a Delaware limited partnership with its principal place of business in Boston, Massachusetts." Compl. ¶ 46. BCIF is neither incorporated nor licensed to do business in Florida, and it maintains no office, property, telephone number, bank account, or registered agent

---

[1]    Pursuant to the Court's September 27, 2024 order [ECF No. 95], BCIF joins the entirety of its co-defendants' Joint Motion to Dismiss and Incorporated Memorandum of Law filed on September 30, 2024 [ECF No. 100].

[2]    BCIF reserves the right to contest alternative allegations of jurisdiction, if any, that Plaintiffs may seek to assert.

in Florida. Ex. A, Declaration of Jack Sun ¶¶ 5–7 ("Sun Decl."). In other words, BCIF engages in no "continuous and systematic activity" in Florida. *See McCullough*, 268 F. Supp. 3d at 1343–44.

Plaintiffs' attempts to complicate this straightforward analysis are unavailing. Plaintiffs' factual claims describe nothing more than a fund/portfolio-company relationship between Massachusetts-based BCIF and Florida-based Enhance—a relationship in which BCIF invested money in Enhance and a BCIF executive served on Enhance's Board and participated in certain high-level management decisions. *See* Compl. ¶ 48. Even if true, these allegations of limited, industry-standard interactions between a foreign investment fund and its Florida-based portfolio company are insufficient to subject BCIF to general jurisdiction in Florida. Indeed, Florida courts have squarely rejected attempts to derive jurisdiction from "periodic presence" consistent with a fund/portfolio-company relationship. *See Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1343 (S.D. Fla. 2002) (no general jurisdiction from "visits by a few employees"); *see also Gadea*, 949 So. 2d at 1145–46 (no jurisdiction from installation of Florida subsidiary's management and use of Florida subsidiary's headquarters).

Nor can Plaintiffs' conclusory allegations that BCIF "is engaged in substantial and not isolated activity" within Florida, Compl. ¶ 48 (citing Fla. Stat. 48.193(2)), carry their burden. *See, e.g.*, *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1142 (S.D. Fla. 2019); *Jessop v. Penn Nat'l Gaming, Inc.*, 2019 WL 5549143, at *5 (M.D. Fla. Oct. 28, 2019) (disregarding allegations of defendant's "ultimate oversight and control" as "conclusory allegations" in personal jurisdiction analysis).

### B.     Plaintiffs Fail To Establish Specific Jurisdiction

Plaintiffs also assert that the Court has specific jurisdiction over BCIF because, allegedly, BCIF "operates, conducts, engages in, or carries on a business or business venture in Florida" or

"committed one or more tortious acts within Florida." Compl. ¶ 47 (citing Fla. Stat. 48.193(1)(a)). However, for many of the same reasons, neither claim is true, and Plaintiffs fail to show otherwise.

First, Plaintiffs do not allege facts sufficient to demonstrate that BCIF operates, conducts, engages in, or carries on business in Florida. On this element, courts consider "the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (citations omitted). Although BCIF's portfolio company, Enhance, conducts business in Florida, BCIF is licensed and maintains its principal office in Massachusetts. Ex. A, Sun Decl. ¶ 3. And none of the six other portfolio companies that BCIF maintains operates an office or derives revenue principally in Florida. *Id.* ¶ 4.

Eager to manufacture jurisdiction, Plaintiffs make a series of vague and conclusory allegations designed to overstate BCIF's relationship to Enhance and, thereby, BCIF's connection to Florida—namely, that BCIF "owns" and "operates" Enhance, "funds" its "operations," and has employees who "work out of" Enhance's office. Compl. ¶ 47. Even setting aside the vagueness of Plaintiffs' allegations, they cannot support a prima facie case for jurisdiction. *Cf., e.g.*, *Suroor v. First Inv. Corp.*, 700 So. 2d 139, 141 (Fla. 5th DCA 1997) (no jurisdiction where defendant was sole shareholder of in-state company, visited Florida to inspect and evaluate the company's property, and made payments from his personal funds for improvement of the property).

But even if Plaintiffs have established that BCIF has some—albeit negligible—contacts with Florida, they have not met their burden of showing that their claims "relate to" BCIF's purported contacts. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation and internal quotation marks omitted). As detailed below, *infra* at 14–15, Plaintiffs do not

assert a vicarious liability claim against BCIF based on its purported "control" or "direct[ion]" of Enhance. Compl. ¶¶ 292, 299, 307. Rather, they seek to hold BCIF *directly* liable based on its own purported participation in the allegedly fraudulent scheme. To establish jurisdiction for those claims, Plaintiffs must draw a link between BCIF's garden-variety investment contacts with Florida and a cognizable RICO or common-law injury. *See Ford*, 592 U.S. at 59. They cannot do so.

Second, Plaintiffs fail to allege that BCIF engaged in any tortious conduct or communications within the state of Florida. Although Plaintiffs vaguely claim that BCIF "[s]tation[ed]" employees at Enhance's Florida office to "oversee" and "manage" the company, they do not allege that those employees participated in tortious conduct. Compl. ¶ 48. At most, Plaintiffs allege that BCIF's personnel "did not stop" Enhance from engaging in tortious conduct, without claiming that BCIF owed any duty to Plaintiffs to do so. *Id*. ¶ 304. There is no basis to find that BCIF "committed" a tortious "act" under such circumstances. *See* Fla. Stat. 48.193(1)(a). Nor do Plaintiffs state a plausible claim that BCIF made tortious communications directed at Florida, beyond bald allegations that BCIF "use[d] thousands of interstate mail, wire and email communications" to perpetuate the alleged RICO scheme. Compl. ¶ 530. That is insufficient. *See Diamond Resorts U.S. Collection Dev., LLC v. Neally*, 2022 WL 2056197, at *7 (M.D. Fla. Jan. 27, 2022) (finding no jurisdiction where plaintiff failed to specify tortious communications).

Because Plaintiffs fail to plead that BCIF committed a tort in Florida or made tortious communications directed at Florida, they necessarily cannot establish that their claims "arise from"

5

those acts. *Wiggins v. Tigrent, Inc.*, 147 So. 3d 76, 87 (Fla. 2d DCA 2014). Plaintiffs' failure to plead this "critical" jurisdictional hook, *id.*, requires dismissal of their claims against BCIF.[3]

## II.    PLAINTIFFS FAIL TO STATE A CLAIM AGAINST BCIF

To survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). Plaintiffs cannot rely on "formulaic recitation[s]," "speculative" allegations, or "wholly conclusory statement[s]" to meet their burden. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 561 (2007). BCIF joins Sections II through VII of its co-defendants' Joint Motion to Dismiss and Incorporated Memorandum of Law [ECF No. 100 §§ II–VII]. But even if the Court does not dismiss the Amended Complaint in its entirety, it should still dismiss Plaintiffs' claims against BCIF. Plaintiffs' allegations that BCIF ***directly*** participated in a RICO enterprise and/or common-law fraud or breach are so lacking in detail and substance that they fail to establish a colorable claim, much less a plausible one.

### A.    Plaintiffs' RICO Claims Against BCIF Fail

#### 1.    *Plaintiffs Fail To Plead The Alleged RICO Fraud With Particularity*

All three of Plaintiffs' RICO claims against BCIF fail to satisfy the heightened pleading standard imposed by Rule 9(b), which "applies to RICO fraud allegations." *Solomon v. Blue Cross & Blue Shield Ass'n*, 574 F. Supp. 2d 1288, 1293 (S.D. Fla. 2008). Under Rule 9(b), Plaintiffs

---

[3]    Plaintiffs do not allege that exercising personal jurisdiction over BCIF would comport with the 14th Amendment's Due Process Clause. *See generally* Compl. § B. It would not. The Due Process Clause is "more restrictive" than Florida's long-arm statute, *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So. 2d 582, 584 (Fla. 2000), and Plaintiffs' allegations concerning BCIF's ordinary investment activities with respect to Enhance show neither BCIF's "purposeful availment" of Florida nor "reasonable foreseeability" that BCIF could be haled into a Florida court, *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250–51 (11th Cir. 2000).

must plead, with particularity, "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled [Plaintiffs]; and (4) what [BCIF] gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citation and internal quotation marks omitted). Plaintiffs do not do so.

In *Koch v. Royal Wine Merchs*, 847 F. Supp. 2d 1370, 1377 (S.D. Fla. 2012), the court dismissed the plaintiff's RICO claims as inadequately pled under Rule 9(b), in part, because the complaint had "gaping holes in its description of the predicate acts of wire and mail fraud." So too here. Plaintiffs do not identify in their Amended Complaint a single, precise statement, document, or misrepresentation purportedly made by BCIF—an investment fund that does not conduct business in the Affordable Care Act ("ACA") insurance industry—to satisfy the alleged wire and mail fraud predicate acts, much less the time, place, and person responsible for making them or how Plaintiffs were purportedly misled by them while BCIF benefited. *See Am. Dental*, 605 F.3d at 1291–92; *see also Viridis Corp. v. TCA Glob. Credit Master Fund, LP*, 155 F. Supp. 3d 1344, 1362–63 (S.D. Fla. 2015). To the contrary, Plaintiffs simply lump BCIF together with the other defendants and assert—based on "formulaic recitation[s]" of the elements of a RICO claim and "wholly conclusory statement[s]," *Twombly*, 550 U.S. at 555, 561, concerning "hundreds of thousands" of acts of wire and mail fraud purportedly committed by the group—that BCIF violated RICO. Compl. ¶ 407. That is a far cry from what the law requires. *See Viridis*, 155 F. Supp. at 1362; *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007); *see also Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1217 (11th Cir. 2020) ("[E]xpecting [the Court] to read [corporate parent's] complicity into" allegations against its subsidiary "is precisely the kind

of vagueness in fraud pleadings Rule 9(b) was designed to prevent."). The Court should dismiss all of Plaintiffs' RICO counts against BCIF.

### 2.      *Plaintiffs Fail To Plead That BCIF Violated RICO*

Plaintiffs' RICO claim against BCIF under 18 U.S.C. § 1962(c) fails for the additional reason that Plaintiffs do not plausibly allege that BCIF participated in the "operat[ion] or manage[ment]" of a RICO "enterprise." *See Cisneros*, 972 F.3d at 1211. Plaintiffs ask this Court to infer, based solely on BCIF's investment relationship with ***one*** of the other purported RICO participants (its portfolio company, Enhance), that BCIF was not only associated-in-fact with a sprawling RICO enterprise (involving dozens of defendant-parties and nonparties, *see* Compl. ¶¶ 44–141), but went so far as to "direct[] the Enterprise's affairs" as a whole toward a purportedly shared illicit purpose of its members. Compl. ¶ 406(j). That is a massive inferential leap—one that courts across the country refuse to make when presented with similar allegations. *See, e.g.*, *Gomez v. Guthy-Renker, LLC*, 2015 WL 4270042, at *8 (C.D. Cal. July 13, 2015) ("Courts have overwhelmingly rejected attempts to characterize routine commercial relationships as RICO enterprises.") (collecting cases). There is no basis for the Court to do so here. *See id.* at *11 (plaintiff's counsel cannot use "artful pleading practices" to create RICO liability).

### 3.      *Plaintiffs Fail To Plead That BCIF Aided And Abetted A RICO Violation*

Plaintiffs' failure to allege a substantive RICO violation on the part of BCIF's co-defendants, *see* Joint Mot. to Dismiss and Inc. Mem. of Law [ECF No. 100 § II], dooms their aiding and abetting claim against BCIF. *See Am. Dental*, 605 F.3d at 1296 n.7. Moreover, to make out their aiding and abetting claim, Plaintiffs merely assert that BCIF "had knowledge of the [RICO] scheme," "provided substantial assistance toward its commission," and "substantially benefited from [its own] participation." Compl. ¶¶ 667–68. But "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice" to meet Rule 8's pleading standard. *See Iqbal*,

556 U.S. at 678; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) ("The mere use of the words . . . 'aiding and abetting' without any more explanation of the grounds of the plaintiffs' entitlement to relief is insufficient."). Plaintiffs do not allege facts establishing that BCIF aided and abetted a RICO violation. Finally, as discussed in more detail below, *infra* at 11–13, Plaintiffs fail to plausibly allege that BCIF either knew about or substantially assisted any of the co-defendants in wrongdoing, including RICO violations.

### 4. *Plaintiffs Fail To Plead That BCIF Participated In A RICO Conspiracy*

Plaintiffs also fail to plead a RICO conspiracy claim against BCIF because they do not plausibly allege that BCIF "agreed to the overall objective of the conspiracy" or "agreed to commit two predicate acts." *Republic of Pan. v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 950 (11th Cir. 1997). As Plaintiffs articulate it, the objective of the alleged conspiracy was to "artificially and exponentially grow" the ACA health insurance industry and "use fraudulent means to exploit and capture as much of that industry as possible, as quickly as possible, for monetary gain." Compl. ¶ 405. But Plaintiffs do not allege that BCIF agreed to "use fraudulent means" to "exploit" the ACA industry and "artificially" grow ACA enrollments "as quickly as possible." To the contrary, Plaintiffs make only the vague and conclusory allegation that BCIF agreed "with others within the Enterprise" to "at the very least facilitate" the conduct of the Enterprise, *id.* ¶ 607, supported by cursory allegations of legitimate investment activity, *id.* ¶ 406(j). If these allegations were deemed sufficient by a court to show an agreement to pursue a conspiratorial objective, "countless law-abiding companies" would face RICO liability on a daily basis. *See Cisneros*, 972 F.3d at 1212; *cf. also In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1175 (S.D. Cal. 2018) (dismissing conspiracy claim where plaintiffs' allegations merely "describe[d] rational, legitimate business activity typical of a private equity firm"). Neither RICO nor this Court's case law countenances such an outcome. *See, e.g.*, *Otto Candies, LLC v. Citigroup, Inc.*, 2023 WL 6418135,

at *5 (S.D. Fla. Aug. 25, 2023) (alleging "business relationship" and "mutual financial gain" insufficient to plead RICO conspiracy); *Cisneros*, 972 F.3d at 1211 (plaintiffs must allege that conspirators agreed to "enrich themselves through a particular criminal course of conduct.").

Further, because BCIF does not participate in the ACA industry, Plaintiffs do not, and cannot, allege that BCIF was directly involved in any purported "false advertisements, AOR Swaps, Twisting, and Dual Apps" that they rely on for their RICO claims. *See* Compl. ¶ 530. Nor do Plaintiffs plausibly allege that BCIF agreed to commit any predicate act of mail or wire fraud, *see supra* at 7, in furtherance of these activities. *See Solomon*, 574 F. Supp. 2d at 1292; *see also O'Malley v. O'Neill*, 887 F.2d 1557, 1560 (11th Cir. 1989).

### B.    Plaintiffs' Common Law Claims Against BCIF Fail

#### 1.    *Plaintiffs Fail To State A Claim For Aiding And Abetting Fraud*

Although courts are expressly undecided as to whether a cause of action for aiding and abetting fraud exists under Florida law, *see, e.g.*, *Tippens v. Round Island Plantation L.L.C.*, 2009 WL 2365347, at *5 & n.8 (S.D. Fla. July 31, 2009), assuming one does exist, Plaintiffs must plausibly allege three elements to plead it: "(1) the existence of an underlying violation; (2) knowledge of the violation by the alleged aider and abettor; and (3) the rendering of substantial assistance in committing the violation by the alleged aider and abettor." *Rosenfeld Gallery, LLC v. Truist Bank*, 2024 WL 836789, at *4 (S.D. Fla. Feb. 28, 2024) (citation omitted). Plaintiffs flounder on all three counts.

First, for the reasons set forth in BCIF's co-defendants' Joint Motion to Dismiss and Incorporated Memorandum of Law [ECF No. 100 §§ VI, VII], Plaintiffs fail to plead, with particularity, an underlying fraudulent scheme that BCIF could have aided and abetted.

Second, Plaintiffs fail to adequately allege that BCIF knew about any fraud. Under Florida law, Plaintiffs must detail in their Amended Complaint "specific facts that give rise to a strong

inference of [BCIF's] actual knowledge." *Lamm v. State St. Bank & Tr. Co.*, 889 F. Supp. 2d 1321, 1332 (S.D. Fla. 2012) (citation omitted). As discussed, however, the overwhelming majority of Plaintiffs' allegations related to BCIF describe only a textbook relationship between BCIF and its portfolio company, Enhance. *See* Compl. ¶¶ 298–99, 304–05. These allegations do not give rise to an inference that BCIF knew about fraud at Enhance, much less a strong inference that BCIF knew Enhance was at the center of a sprawling fraudulent enterprise.

Aware of this deficiency, Plaintiffs include two allegations in their Amended Complaint that purport to address it: that BCIF allegedly "received complaints from Enhance Health's managers, including a manager of the customer service department, about the high volume of consumer complaints resulting from the scheme" and "asked the former customer service manager to show them evidence of [the scheme], and she did." Compl. ¶¶ 301–02. Plaintiffs do not specify who these managers were, what "evidence" they showed, to whom at BCIF they shared the complaints, or when, where, or how any of this purportedly took place. Plaintiffs therefore fail again to meet the particularity requirement of Rule 9(b). Moreover, even accepting Plaintiffs' allegations as true, they do not give rise to a "strong inference" that BCIF had "actual knowledge" of fraud. *Rosenfeld Gallery*, 2024 WL 836789, at *4. At most, they suggest that someone at BCIF was made aware of customer complaints and was shown undisclosed evidence as to why those customers were complaining. That is not sufficient. Conclusory statements of a defendant's knowledge, supported by nothing more than two vague and threadbare allegations about the defendant's receipt of "evidence" concerning "complaints," cannot support an aiding and abetting fraud claim. *See, e.g.*, *Rusty115 Corp. v. Bank of Am.*, 2023 WL 6064518, at *6 (S.D. Fla. Sept. 18, 2023) (alleging defendant's awareness of "suspicious" activity and "red flags" of fraud is insufficient to establish actual knowledge); *Meridian Tr. Co. v. Batista,* 2018 WL 4693533, at *4

(S.D. Fla. Sept. 26, 2018) (observing that courts repeatedly dismiss cases where the allegations suggest only that the defendant "should have known" about the fraud).

Finally, Plaintiffs fail to plead that BCIF rendered substantial assistance in committing a fraud. While Plaintiffs assert BCIF's investment in Enhance and participation in C-Suite hiring through an executive's Board membership, Compl. ¶¶ 298–300, allegations of quintessential private investment activity cannot be considered "substantial assistance" to commit fraud, and Plaintiffs do not muster any additional allegations to meet their burden. *See id.* ¶¶ 745–46 (asserting, with no support, that BCIF "provid[ed] substantial and material assistance to the fraud"); *see In re Palm Beach Fin. Partners, L.P.*, 517 B.R. 310, 348 (Bankr. S.D. Fla. 2013) (commercial loan to party that participated in fraud and failure by lender to report the fraud insufficient to show "substantial assistance"). To the extent Plaintiffs rely on a theory that BCIF provided substantial assistance by failing to "stop" Enhance from committing fraud, *see id.* ¶ 304, "[m]ere inaction constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1098 (11th Cir. 2017) (citations omitted). Plaintiffs do not allege that BCIF owed such a duty to Plaintiffs (because it did not) and, therefore, Plaintiffs' claim fails.

### 2. *Plaintiffs Fail To State A Claim For Aiding And Abetting A Breach Of Fiduciary Duty.*

For substantially similar reasons, Plaintiffs likewise fail to state a claim for aiding and abetting a breach of fiduciary duty. To survive dismissal, Plaintiffs must establish: "1) a fiduciary duty on the part of a primary wrongdoer; 2) a breach of that fiduciary duty; 3) knowledge of the breach by the alleged aider and abettor; and 4) the aider and abettor's substantial assistance or encouragement of the wrongdoing." *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1343–44 (S.D. Fla. 2018). Plaintiffs again fail on each element.

First, for the reasons explained in BCIF's co-defendants' Joint Motion to Dismiss and Incorporated Memorandum of Law [ECF No. 100 § VII], Plaintiffs fail to plead that ***any*** of the defendants owed or breached a fiduciary duty to Plaintiffs that BCIF could have aided and abetted.

Second, as with their aiding and abetting fraud claim, Plaintiffs fail to plead that BCIF had actual knowledge of a breach of fiduciary duty. "Florida law requires that a defendant have actual 'knowledge of the underlying fraud or breach of fiduciary duty,' not merely that certain 'red flags' indicate a defendant 'should have known' of the breach." *Honig*, 339 F. Supp. 3d at 1343 (citation omitted). Here, Plaintiffs do not allege that BCIF was aware of any conduct on the part of Enhance's brokers that purportedly gave rise to a fiduciary duty owed by Enhance to Plaintiffs, such as actions showing that Enhance assumed a position of "trust and confidence" with Plaintiffs as their insurance broker or established a "special relationship" with Plaintiffs that arguably triggered a higher standard of care. *See* Joint. Mot. to Dismiss [ECF No. 100 § VII.A.] Further, as discussed *supra* at 11–12, Plaintiffs' two vague allegations concerning BCIF's purported receipt of "evidence" about "complaints" from unnamed Enhance managers are insufficient to show actual knowledge that Enhance breached a fiduciary duty. *See, e.g.*, *Anderson v. Branch Banking & Tr. Co.*, 2014 WL 11706453, at *7 (S.D. Fla. May 19, 2014).

Finally, as with their aiding and abetting fraud claim, Plaintiffs fail to plead that BCIF substantially assisted Enhance's breach of a fiduciary duty. Plaintiffs' allegations as to BCIF's industry-standard investment activities are insufficient and Plaintiffs do not make any claim— beyond a bald assertion that BCIF "substantially assisted in the breach of fiduciary duties," Compl. ¶ 826—that BCIF provided affirmative assistance to Enhance. Accordingly, the Court should dismiss this claim. *See Turnberry Vill. N. Tower Condo. Ass'n, Inc. v. Turnberry Vill. S. Tower Condo. Ass'n, Inc.*, 224 So. 3d 266, 267 (Fla. 3d DCA 2017).

**C.      Plaintiffs Do Not Assert Agency Or Veil Piercing Claims Against BCIF**

In their Amended Complaint, Plaintiffs lob the type of allegations at BCIF that plaintiffs assert when they need to establish derivative personal jurisdiction over an out-of-state corporate owner and hold the owner vicariously liable for the alleged misconduct of its in-state subsidiary— namely, that BCIF purportedly "control[s]" and "direct[s]" the "operations" of Enhance. *E.g.*, Compl. ¶¶ 292, 299, 307. However, despite making these bold—albeit vague—allegations, Plaintiffs ***do not*** bring claims of agency or veil piercing against BCIF in an effort to plead jurisdiction or liability. *See, e.g.*, *Gadea*, 949 So. 2d at 1147 (agency as a basis for personal jurisdiction); *MasTec Renewables P.R. LLC v. Mammoth Energy Servs., Inc.*, 2020 WL 6781823, at *5 (S.D. Fla. Nov. 18, 2020) (veil piercing as grounds to hold a parent liable for its subsidiary's actions). That is a remarkably telling choice on Plaintiffs' part that underscores two realities. First, Plaintiffs know they cannot satisfy the extraordinarily high burdens imposed by Florida law to hold BCIF vicariously liable, in a Florida court, for Enhance's alleged misconduct. Second, as a result, Plaintiffs seek to shirk those burdens, and eviscerate BCIF's legitimate use of its corporate form, by implausibly claiming that BCIF's purported "control" and "direct[ion]" of Enhance amounted to its ***direct participation*** in the alleged Florida RICO scheme and grounds to hold BCIF liable in this district of its own accord. The Court should not bless Plaintiffs' blatantly evasive tactics, which would eliminate essential corporate protections that are increasingly relied upon by investment funds and other corporate entities that do business in Florida.

Florida courts require a "high and very significant" demonstration of control before they will find agency for jurisdictional purposes. *E.g.*, *Gadea*, 949 So. 2d at 1147 (citation omitted). Further, Florida courts recognize the "deeply ingrained" principle "that a parent corporation . . . is not liable for the acts of its subsidiaries" and depart from that position "only in exceptional circumstances." *Molenda v. Hoechst Celanese Corp.*, 60 F. Supp. 2d 1294, 1300 (S.D. Fla. 1999),

*aff'd,* 212 F.3d 600 (11th Cir. 2000) (citation and internal quotation marks omitted). To establish that "exceptional circumstances" may exist at the motion to dismiss stage, a plaintiff must plausibly allege three elements: (1) the parent "dominated and controlled" its subsidiary to such an extent that the subsidiary's independence was "non-existent," (2) the parent abused the corporate form "fraudulently or for an improper purpose," and (3) the parent's misuse of the corporate form "caused injury" to the plaintiff. *E.g.*, *Virtus Pharms., LLC v. Woodfield Distrib., LLC*, 2022 WL 2829634, at *11 (M.D. Fla. July 20, 2022).

As explained, Plaintiffs muster only vague and conclusory allegations of "control" and "direction" of Enhance, supported by factual claims that reflect nothing more than BCIF's bona fide use of its corporate form to engage in industry-standard investment activities with respect to Enhance. These allegations do not even colorably suggest that BCIF dominates Enhance to the point that Enhance is a "sham," *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1486 (11th Cir. 1987), or that BCIF abused Enhance's corporate status to "perpetrate a fraud" with impunity, *Ocala Breeders' Sales Co. v. Hialeah, Inc.*, 735 So. 2d 542, 543 (Fla. 3d DCA 1999) (citation omitted). So, it is no wonder that Plaintiffs refrain from bringing vicarious liability claims against BCIF and, instead, assert meritless **direct** liability theories. That impermissible end-run around Plaintiffs' burdens, if accepted by the Court, would blow a hole in well-established corporate protections relied upon by the Florida business community.

## CONCLUSION

For the reasons stated herein, the Court should dismiss Plaintiffs' claims against BCIF with prejudice.

Dated: October 16, 2024

Respectfully submitted,

*/s/ Ariel Deitchman*
Ariel Deitchman
KIRKLAND & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
Telephone: +1 305 432 5600
Facsimile: + 1 305 432 5601

Jay P. Lefkowitz *pro hac vice*
Josh Greenblatt *pro hac vice*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: +1 212 446 4800
Facsimile: +1 212 446 4900

John M. Robinson *pro hac vice*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: +1 312 862 2000
Facsimile: +1 312 862 2200

*Attorneys for Defendant Bain Capital*
*Insurance Fund L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ECF on October 16, 2024 on all counsel or parties of record.

*/s/ Ariel Deitchman*

Ariel Deitchman