**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CONSWALLO TURNER, TIESHA FOREMAN, ANGELINA WELLS, PAULA LANGLEY, VERONICA KING, NAVAQUOTE, LLC and WINN INSURANCE AGENCY, LLC, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>ENHANCE HEALTH, LLC, TRUECOVERAGE, LLC, SPERIDIAN TECHNOLOGIES, LLC, BENEFITALIGN, LLC, NUMBER ONE PROSPECTING, LLC d/b/a MINERVA MARKETING, BAIN CAPITAL INSURANCE FUND L.P., DIGITAL MEDIA SOLUTIONS LLC, NET HEALTH AFFILIATES, INC., MATTHEW B. HERMAN, BRANDON BOWSKY, GIRISH PANICKER, AND MATTHEW GOLDFUSS.<br><br>     Defendants. | Case No.: 0:24-cv-60591-MD |

## JOINT MOTION TO STAY SCHEDULING ORDER DEADLINES OR, IN THE ALTERNATIVE, TO EXTEND DEADLINES

The parties[1] jointly and respectfully move to stay the deadlines within the Court's Order

Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to

---

[1] All parties to this matter join in this motion, specifically: Plaintiffs Conswallo Turner, Tiesha Foreman, Angelina Wells, Paula Langley, Veronica King, NavaQuote, LLC, and WINN Insurance Agency, LLC, and Defendants Enhance Health, LLC ("Enhance Health"); TrueCoverage, LLC ("TrueCoverage"); Speridian Technologies, LLC; Benefitalign LLC; Girish Panicker; Matthew Goldfuss; Number One Prospecting, LLC d/b/a Minerva Marketing; Net Health Affiliates, Inc.; Matthew B. Herman; Bain Capital Insurance Fund L.P., Brandon Bowsky, and Digital Media Solutions, LLC. A bankruptcy stay is in effect as to Defendant Digital Media Solutions, LLC.

Magistrate Judge ("Scheduling Order"), ECF No. 143, and, in support of this motion, state as follows:

1. This is primarily a fraud and civil Racketeer Influenced and Corrupt Organizations Act action. Plaintiffs, five individual consumers and two health insurance agencies, allege that Defendants, health insurance agencies (Enhance Health and TrueCoverage), their senior executives (Herman, Goldfuss), TrueCoverage's marketplace platform, its developer, and its senior executive (Benefitalign, Panicker, and Speridian), Enhance Health's downline (Net Health), Enhance Health's investor (Bain Capital), TrueCoverage's downline (Digital Media), and a lead generator firm and its CEO (Minerva and Bowsky) knowingly used false ads to market and enroll consumers into federally subsidized healthcare plans. *See* ECF Nos. 73, at 2-3; 100, at 12. Defendants deny Plaintiffs' allegations and have moved to dismiss. *See* ECF Nos. 100, 122.

2. On October 16, 2024, the Court held a status conference to determine how the parties should proceed on discovery matters. *See* ECF No. 123, at 1. On October 17, 2024, the Court issued an Omnibus Order Following Status Conference ("Omnibus Order"), ECF No. 123, in which it granted in part Defendants' Motion to Stay and confirmed its determination that discovery would commence "as to the named Plaintiffs only as further discussed on the record" at the Status Conference. ECF No. 123, at 2. The Court also directed the parties to confer regarding the scope of discovery and, by November 15, 2024, "submit a Joint Status Report informing the Court of the results of their meet and confer and their plan for proceeding with discovery pursuant to the limitations set by the Court." *Id.*

3. On November 15, 2024, the parties filed a Joint Status Report on Discovery ("Status Report"). ECF No. 140. Among other matters, the Status Report stated the parties agreed Plaintiffs may "propound discovery on Defendants and third parties relating to [named] Plaintiffs," as

2

directed in the Omnibus Order, and TrueCoverage and Enhance Health, "[i]n response to Plaintiffs' First Set of Requests for Production, as modified by the Court's Omnibus Order," would produce a list of Downlines and "preservation letters sent to Downlines on or about the commencement of this litigation." *Id.* at 2. The parties continued to meet and confer on the various issues in the case, and, on January 6, 2025, Defendants issued discovery requests on the named Plaintiffs to further ascertain their ability to state a claim. Discovery has therefore progressed consistent with the Court's vision and Omnibus Order.

4. With Defendants' motions to dismiss and the limited discovery still pending, on December 20, 2024, the Court issued a Scheduling Order, ECF No. 143, which sets near-term deadlines for class discovery, merits discovery, and trial, all to occur within the next thirteen months. For example, the Scheduling Order sets deadlines of February 28, 2025, and March 28, 2025, for the exchange of expert witness and rebuttal expert witness reports on class certification. *Id.* at 2. The Scheduling Order sets April 25, 2025, as the deadline for completion of discovery on class certification. *Id.* Finally, the Scheduling Order sets May 9, 2025, for "Plaintiffs' motion for class certification"; June 6, 2025, for "Defendants' opposition to the motion for class certification"; and July 7, 2025, for "Plaintiffs' reply in support of motion for class certification." *Id.* Similarly, the Scheduling Order states that by September 26, 2025, "[a]ll merits discovery, including expert discovery, shall be completed," and expert witness and rebuttal expert witness reports are due by August 12 and September 12, 2025. *Id.*

5. On January 17, 2025, pursuant to the deadline in the Scheduling Order, the parties filed a Notice of Selection of Mediator, ECF No. 144, and formally set mediation for April 9, 2025 with mediator Judge Michael Hanzman. To increase the likelihood of a successful mediation, the parties have also agreed that Plaintiffs will respond to Defendants' discovery by March 7, 2025.

3

6.      In light of the forthcoming mediation and the status of discovery, the parties have agreed to, and now respectfully move for, a stay of all deadlines set by the Scheduling Order pending the scheduled mediation on April 9, 2025. If mediation is unsuccessful, the parties would agree to submit a proposed Scheduling order by April 23, 2025.

7.      This Court has "broad discretion" to stay this case pending mediation "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F. 3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Courts may stay discovery upon a showing of "reasonableness and good cause," which can be shown if a stay would "simplify the issues in question and streamline the trial and reduce the burden of litigation on the parties and on the court." *Chico v. Dunbar Armored, Inc.*, No. 17-22701, 2017 WL 4476334, at *2 (S.D. Fla. Oct. 2, 3017) (granting motion to stay discovery to "allow for the parties to mediate this case and conserve expenses for the benefit of both parties").

8.      Here, good cause exists to stay the deadlines set within the Scheduling Order. The parties agree that a stay will allow the parties to focus their time, energy, and expenses on preparing for mediation—which could successfully resolve the case—as opposed to using resources to meet the current discovery deadlines. *Id.* For the same reason, a stay would also promote judicial economy. *See id.* The parties therefore respectfully request that the Court stay the deadlines within the Scheduling Order pending the outcome of the April 9 mediation.

9.      Should mediation result in an impasse, or, as an alternative to staying the deadlines, the parties respectfully request an extension of the deadlines in the Scheduling Order, as set out below, with each deadline following the date of the order on the pending motions to dismiss:

| Deadline (triggered by entry of an Order on Defendants' Motions to Dismiss) | Proposed Deadline |
|---|---|
| Joinder of any additional parties and filing of motions to amend the complaint by | 1 month |
| Initial Disclosures served by | 2 months |
| Plaintiffs shall file class certification expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2) by | 6 months |
| Defendants shall file class certification expert reports pursuant to Rule 26(a)(2) by | 7 months |
| Completion of class certification expert discovery by | 8 months |
| Plaintiffs shall file Motion for Class Certification by | 10 months |
| Defendants shall file their Opposition to Plaintiffs' Motion for Class Certification by | 11 months |
| Plaintiffs shall file their Reply in Support of Motion for Class Certification by | 12 months |
| Written lists containing the names and addresses of all fact witnesses intended to be called at trial by | 13 months |
| Parties shall disclose experts, expert witness summaries, and reports as required by Rule 26(a)(2) on subjects as to which the party bears the burden of proof by -- Rebuttal disclosures are permitted, and must conform to the deadline set forth in Rule 26(a)(2)(d)(ii). | 14 months |
| Exchange of rebuttal expert witness summaries and reports as required by Rule 26(a)(2) by | 15 months[2] |
| Fact discovery shall be completed by | 16 months |
| Expert discovery shall be completed by | 17 months |

---

[2] Or as otherwise required by Rule 26(a)(2)(d)(ii).

| | |
|---|---|
| Dispositive motions, including those regarding summary judgment and *Daubert*, and all motions *in limine*, shall be filed by | To be set at scheduling conference following ruling on Motion for Class Certification |
| All pretrial motions shall be resolved by | To be set at scheduling conference following ruling on Motion for Class Certification |
| All other pretrial motions and memoranda of law shall be filed by | To be set at scheduling conference following ruling on Motion for Class Certification |
| Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law shall be filed by | To be set at scheduling conference following ruling on Motion for Class Certification |

## **CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court stay discovery deadlines within the Scheduling Order pending mediation, or in the alternative, enter a scheduling order that sets dates as triggered by entry of an order on the motions to dismiss.

[*Remainder of page intentionally left blank.*]

Dated: January 28, 2025

By: /s/ *Jason K. Kellogg*
LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
Jason K. Kellogg, P.A.
Florida Bar No. 0578401
Primary email: jk@lklsg.com
Secondary email: ame@lklsg.com
Victoria J. Wilson
Florida Bar No. 92157
Primary email: vjw@lklsg.com
Secondary email: service@lklsg.com
Peter Sitaras
Florida Bar No. 1039141
Primary email: pjs@lklsg.com
Secondary email: acd@lklsg.com
100 Southeast Second Street
Miami Tower, 36th Floor
Miami, Florida 33131
Tel.: (305) 403-8788
Fax: (305) 403-8789

By: /s/ *Jason R. Doss*
THE DOSS FIRM, LLC
Jason R. Doss
Florida Bar No. 0569496
Primary email: jasondoss@dossfirm.com
1827 Powers Ferry Road Southeast
Atlanta, Georgia 30339
Tel.: (770) 578-1314
Fax: (770) 578-1302

*Attorneys for Plaintiffs*

Respectfully submitted,

By: /s/ *Olga M. Vieira*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Samuel G. Williamson (FBN: 1033817)
Olga M. Vieira (FBN: 29783)
Laura N. Ferguson (FBN: 1047701)
2601 South Bayshore Dr., Suite 1550
Miami, FL 33133
Tel.: (305) 496-2988
samwilliamson@quinnemanuel.com
olgavieira@quinnemanuel.com
lauraferguson@quinnemanuel.com

*Attorneys for Enhance Health LLC, and Matthew B. Heman*

By: /s/ *Guy A. Rasco*
DEVINE GOODMAN & RASCO, LLP
Guy A. Rasco, Esq. (FBN.: 727520)
2800 Ponce de Leon Blvd., Suite 1400
Coral Gables, FL 33134
Tel.: 305-374-8200
grasco@devinegoodman.com

HWG, LLP
Amy E. Richardson, Esq. *pro hac vice*
Primary: arichardson@hwglaw.com
Walter E. Anderson, Esq. *pro hac vice*
Primary: wanderson@hwglaw.com.
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601
Tel: (919) 504-9833

*Attorneys for TrueCoverage, LLC; Benefitalign, LLC; Speridian Technologies, LLC; Girish Panicker; and Matthew Goldfuss*

By: /s/  *Ryan Lehrer*
TRIPP SCOTT, P.A.
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500
Ryan Lehrer, Esq. (FBN: 084423)
Primary email: rhl@trippscott.com
Secondary email: sxc@trippscott.com;
cab@trippscott.com; eservice@trippscott.com
Seth J. Donahoe, Esq. (FBN: 1004133)
Primary email: sjd@trippscott.com
Secondary email: sgc@trippscott.com
Jennifer H. Wahba, Esq. (FBN: 1010093)
Primary email: jmh@trippscott.com
Secondary email: jam@trippscott.com
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, Florida  33301
Tel.: (954) 525-7500

*Attorneys for Defendants Number One Prospecting, LLC d/b/a Minerva Marketing, and Brandon Bowsky*

By: /s/  *Timothy A. Kolaya*
STUMPHAUZER KOLAYA
NADLER & SLOMAN, PLLC
2 South Biscayne Blvd., Suite 1600
Miami, Florida 33131
Tel.: (305) 614-1400
Timothy A. Kolaya, Esq. (FBN 056140)
tkolaya@sknlaw.com

*Attorneys for Net Health Affiliates, Inc.*

By: /s/  *Ariel Deitchman*
KIRKLAND & ELLIS LLP
Ariel Deitchman
Fla Bar No. 118163
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
Tel.: (305) 432-5600
Fax: (305) 432-5601
ariel.deitchman@kirkland.com

KIRKLAND & ELLIS LLP
Jay P. Lefkowitz *pro hac vice*
Josh Greenblatt *pro hac vice*
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446 4800
Fax: (212) 446 4900
lefkowitz@kirkland.com
josh.greenblatt@kirkland.com

KIRKLAND & ELLIS LLP
John M. Robinson *pro hac vice*
333 West Wolf Point Plaza
Chicago, IL 60654
Tel.: (312) 862 2000
Fax: (312) 862 2200
john.robinson@kirkland.com

*Attorneys for Defendant Bain Capital Insurance Fund L.P.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed by CM/ECF on January 28, 2025.

/s/  *Olga M. Vieira*
Olga M. Vieira (FBN: 29783)
olgavieira@quinnemanuel.com